**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CHAD MARK FRANCO FERRARI, Defendant-Removing Party,**
v.
**RICHARD WILLIAMSON, Plaintiff.**

Removed from: Court of Common Pleas of Philadelphia County, March Term 2026 No. 260303340
Related Action: Ferrari v. Leonard et al., 2:26-cv-01866-GAW (Weilheimer, J.)

---

# NOTICE OF REMOVAL

**28 U.S.C. 1441(a), 1443(1), 1446**

## I. NOTICE

Defendant Chad Mark Franco Ferrari removes *Williamson v. Ferrari,* CCP March Term 2026 No. 260303340, to this Court. A copy of this Notice is filed simultaneously with the Prothonotary of the Court of Common Pleas under 28 U.S.C. 1446(d), which provides that upon such filing "the State court shall proceed no further unless and until the case is remanded." The discovery hearing listed before Judge Roberts for September 3, 2026 at 9:00 AM, and the non-jury trial listed for September 4, 2026 at 9:00 AM (Courtroom 446), cannot proceed. Any order entered after this filing is void. *Maseda v. Honda Motor Co.,* 861 F.2d 1248, 1254 (11th Cir. 1988).

## II. GROUNDS

**A. 1443(1) -- civil rights removal.** Section 1443(1) applies to "civil actions" as well as criminal prosecutions. The state ejectment is the civil vehicle of a coordinated deprivation of Defendant's rights under 42 U.S.C. 1982 (equal right to hold property regardless of religion) and 1985(3). Plaintiff Williamson's text messages -- "my jewish sister Julie," "We stick together" -- coordinate with the opposing party in Defendant's family case on the basis of shared religious identity. Williamson admitted on the June 8, 2026 record to coordination with former Judge Sulman;

Sulman confirmed under oath June 29, 2026. Defendant cannot enforce his 1982 rights in a state court presided over by a judge whose spouse is a partner at the firm representing that opposing party, who has denied recusal three times on that ground in other litigation (Zantac; Superior Court appeal pending), and who publicly calls the concern "ridiculous." *Georgia v. Rachel*, 384 U.S. 780, 788 (1966).

**B. 1441(a) -- federal question.** Defendant acknowledges *Holmes Group v. Vornado,* 535 U.S. 826 (2002), and does not rest removal on his counterclaims alone. He rests it on 1443(1), which by its terms does not depend on the well-pleaded complaint rule, and on the fact that the state action is the enforcement arm of conduct already before this Court in 2:26-cv-01866-GAW, where Williamson is a served defendant (ECF No. 7).

## III. TIMELINESS -- 1446(b)(3)

The original 30-day period has run. Under 1446(b)(3), removal is timely within 30 days of "other paper from which it may first be ascertained that the case is one which is or has become removable." Three papers within the last 30 days: (1) August 20, 2026 -- Weisgold's transmission of eight CCP orders to the Sheriff to execute a writ, revealing coordination of state orders with federal-case timing; (2) September 1, 2026 -- this Court's Dkt. 26, granting co-defendant Corrigan's extension while Defendant's four motions sat unruled; (3) September 2, 2026 -- discovery that the CCP judge's spouse joined Blank Rome in February 2025, chaired EDPA Merit Selection Panels 2020-24, and that the judge has three appealed recusal denials on the identical ground. None was ascertainable from the original complaint.

## IV. WHY NOW -- CONTROL ORDER 74 EXPIRES SEPTEMBER 4

On August 20, 2026, Judge Roberts entered Control Order 74 (No. 26084674): "This action shall proceed to trial as scheduled on September 4, 2026. Between the date of this Order and the trial,

the appeal shall be maintained and no writ of possession shall issue." That protection ends the moment the September 4 trial opens. If judgment enters September 4, the writ is immediately executable -- during the week of September 11, 2026, when Plaintiff Williamson and his counsel Weisgold are both under subpoena to testify at the custody trial for Defendant's two minor children in Courtroom 3B. On August 31, 2026, Defendant filed an Emergency Motion for Indefinite Stay of the September 3 and 4 proceedings, with fifteen exhibits, served on approximately thirty-five parties including the City Law Department, the Sheriff, the District Attorney, and the Attorney General. As of this filing -- two days later, less than eighteen hours before the hearing -- it has not been ruled on. The state forum's silence on an emergency motion is itself the inadequacy 1443(1) contemplates.

**Plaintiff's counsel's own written admissions.** In his June 4, 2026 CCP filing and correspondence, Weisgold wrote: "I have known Rich for at least 10, maybe 15 years"; that he coordinated with Blank Rome attorney Piscopo "multiple times in January" 2026 -- the month of the coordinated arrest and eviction; that "[w]e purposely asked for zero judgment so we can get clean possession of the house"; and that he attended Penn undergraduate and Penn Law with Larry Weilheimer, General Counsel of the Philadelphia Inquirer and husband of the federal judge assigned to 2:26-cv-01866-GAW. On August 20, 2026 at 4:56 PM, Piscopo wrote: "STOP COPYING ME ON THESE EMAILS! I AM NOT INVOLVED IN THIS MATTER." Weisgold had already admitted in writing that she was.

**The possession claim fails on its own terms.** The lease (Section XXIV) required the December 29, 2025 termination notice to be sent by certified mail, return receipt requested. No PS Form 3811 has ever been produced. The L&I rental license for 1119 Wallace Street was expired and in force for only six weeks; under Phila. Code 9-3901(4)(e), a landlord may not recover possession

during noncompliance. Weisgold wrote February 25, 2026: "We are not seeking rent prior to the effective date of the licenses." Defendant filed habitability complaints December 9, 2025; the ejectment followed 57 days later, and 311 complaints January 30, 2026 preceded it by six days -- both within the 250.205(b) retaliation window.

**V. 1447(c)**

Defendant is aware that a defective removal exposes him to fees under 1447(c). He files this Notice because the alternative -- appearing before a judge whose disqualification is pending on grounds the Superior Court is currently reviewing -- is not an alternative. If this Court remands, Defendant asks that it do so without fees, on the ground that removal was objectively reasonable given the 1443(1) basis and the documented conflict.

**VI. STATE COURT RECORD -- 28 U.S.C. 1446(a)**

Pursuant to 1446(a), copies of all process, pleadings, and orders served upon Defendant in the state action are attached as Exhibit R-1 through R-12:

1. R-1: Verified Complaint for Ejectment, April 9, 2026, with verification of Richard Williamson
2. R-2: Defendant's Preliminary Objections and all responsive pleadings
3. R-3: Order No. 108 (August 4, 2026)
4. R-4: Control Order 74, No. 26084674 (August 20, 2026)
5. R-5: The eight orders transmitted by Plaintiff's counsel August 20, 2026
6. R-6: Order No. 164 (August 26, 2026)
7. R-7: Defendant's Emergency Motion for Indefinite Stay, August 31, 2026, with Exhibits A-O
8. R-8: Defendant's prior Motions for Recusal and Plaintiff's June 4, 2026 Response
9. R-9: Defendant's Requests for Production (71), April 15, 2026

10. R-10: All scheduling orders and notices of the September 3 and September 4, 2026 listings

11. R-11: The state court docket sheet, current as of September 2, 2026

12. R-12: Any other process, pleading, or order served on Defendant, as listed on R-11

A JS-44 Civil Cover Sheet accompanies this Notice. Defendant is pro se; no Local Rule 7.1 disclosure statement is required. Defendant certifies that no conference under Local Rule 26.1(f) is required for a notice of removal.

**VII. RELIEF**

1. Accept removal;
2. Consolidate with 2:26-cv-01866-GAW under Rule 42(a);
3. Note that the September 3 and September 4, 2026 state listings are stayed by operation of 1446(d).

Respectfully submitted,

**Chad Mark Franco Ferrari**
Defendant-Removing Party, Pro Se
1119 Wallace Street, 1st Floor, Philadelphia, PA 19123
(215) 483-1985 | chadferrari@me.com
Dated: September 2, 2026

**CERTIFICATE OF SERVICE**

I certify that on September 2, 2026, I filed this Notice with the Clerk of this Court, filed a copy with the Prothonotary of the Court of Common Pleas of Philadelphia County in No. 260303340, and served Dean Weisgold, Esq. (dean@weisgoldlaw.com), counsel for Plaintiff, by email, with a copy to Judge Roberts' chambers (maggie.oconnor@courts.phila.gov).

Respectfully submitted,

**Chad Mark Franco Ferrari**
Defendant-Removing Party, Pro Se
1119 Wallace Street, 1st Floor, Philadelphia, PA 19123
(215) 483-1985 | chadferrari@me.com
Dated: September 2, 2026

# EXHIBIT R-1

Verified Complaint for Ejectment, April 9, 2026

*[attached]*

**DEAN E. WEISGOLD, P.C.**
By: Dean E. Weisgold, Esquire
Attorney I.D. No. 52927
1835 Market Street, Suite 1215
Philadelphia, PA 19103
(215) 979-7602

Filed and Attested by the Office of Judicial Records 13 APR 2026 03:44 pm GILLIAM

Attorney for Plaintiff
Richard Williamson

| | |
|---|---|
| RICHARD WILLIAMSON<br>PO Box 100<br>Villanova, PA 19085<br><br>Plaintiff,<br>v.<br><br>CHAD FERRARI<br>1119 Wallace Street, Unit 1<br>Philadelphia, PA 19123<br>Defendant. | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>MARCH TERM, 2026<br>No. 3340 |

## COMPLIANT – CIVIL ACTION

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
Lawyer Referral and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-1701

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguentes, usted tiene veinte (20) dias de plazo a partir de la fecha de la demanda y la notificacion. Hace falta assentar una comparencia escrita a en persona o con un obogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas la corte puede decidir a favor del demandate y requiere que usted cumpia con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO SI NOTIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA A VERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASSOCIACION DE LICENCIADOS DE FILADELFIA
Servicio De Referencia E Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-1701

**DEAN E. WEISGOLD, P.C.**
By: Dean E. Weisgold, Esquire
Attorney I.D. No. 52927
1835 Market Street, Suite 1215
Philadelphia, PA 19103
(215) 979-7602
Attorney for Plaintiff
Richard Williamson

| | |
|---|---|
| RICHARD WILLIAMSON<br>PO Box 100<br>Villanova, PA 19085<br><br>Plaintiff,<br>v.<br><br>CHAD FERRARI<br>1119 Wallace Street, Unit 1<br>Philadelphia, PA 19123<br>Defendant. | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>MARCH TERM, 2026<br>No. 3340 |

**COMPLAINT – CIVIL ACTION**

Plaintiff Richard Williamson, by and through his attorneys, Dean E. Weisgold, P.C., submits the instant Complaint against Defendant Chad Ferrari and represents as follows:

1. Plaintiff, Richard Williamson ("Landlord"), is a citizen of the Commonwealth of Pennsylvania with a business address of PO Box 100, Villanova, PA 19085.

2. Defendant, Chad Ferrari ("Tenant"), is, upon information and belief, a citizen of the Commonwealth of Pennsylvania who resides at either 1119 Wallace Street, Unit 1, Philadelphia, PA 19123 or 901 Penn Street, Unit P-201, Philadelphia, PA 19123.

3. At all times relevant hereto, Landlord was and is the owner in fee simple of the residential real property located at 1119 Wallace Street, Philadelphia, Pennsylvania 19123 (hereinafter the "Property").

4. On or about February 28, 2025, Landlord entered into an agreement whereby Tenant rented Unit 1 of Property (the "Leased Premises") for a term of one year, commencing March 1,

2025 and ending February 28, 2026. This agreement was reduced to writing in a Lease Agreement dated February 28, 2025 (hereinafter, the "Lease Agreement"), a true and correct copy of which is attached hereto, incorporated herein, and marked as Exhibit "A".

5. In consideration for the Tenant's possession of the Leased Premises as set forth in the Lease Agreement, in advance of the first day of each and every calendar month during the lease term, the Tenant was to make certain rental payments to Landlord in the amount of $1,700.00. See Lease Agreement, Article II.

6. Article XVIII and XXII of the Lease Agreement provide that Tenant must pay the reasonable attorney's fees and expenses to the Landlord in the event that Landlord has to go to court to evict Tenant or if Tenant is in default of the Lease Agreement.

7. Tenant agreed to pay late fees of $100.00 per month in the event that payment was made after the fifth day of the month. See Lease Agreement, Article II.

8. Tenant is in default of the Lease Agreement because, *inter alia*, he failed to pay rent commencing on January 16, 2026.

9. Further, Tenant is in default of the Lease Agreement because has caused a dangerous condition at the Property. In particular, Tenant was arrested by the Philadelphia Police Department on January 10, 2026 for violating Protection of Abuse orders and making terroristic threats. The Police broke down the door to the Leased Premises (causing damage to Landlord's property) and took Tenant to jail, where he was held for a few days. When he was arrested, Tenant told the Police that he had a stun gun in his hand and would use it against Landlord.

10. Tenant is in default of the Lease Agreement because Tenant has acted in a threatening, bizarre, and belligerent manner towards Landlord and other tenants at the Property,

which is causing Landlord, Landlord's counsel, and the other tenants at the Property to be fearful for their personal safety.

11. Tenant has made threats to light the Property on fire, has refused to cooperate in inspections of the Lease Premises, has deliberately disconnected the internet modem/router at the Property, leaving the other residents without internet and rendering the outside security system non-functioning.

12. Tenant has sent repeated threatening emails to Landlord and his attorney and has made numerous posts online that are bizarre and frightening to Landlord.

13. All of the mechanicals for the Building, as well as internet equipment, HVAC, electric and gas) are located in the Leased Premises, as well as a storage room with Landlord's personal belongings. However, Tenant has refused to allow access to the Landlord. Further, in violation of Article XIV(C), Tenant changed the locks to the Lease Premises provide Landlord with notice and furnishing the Landlord with duplicate set of keys.

14. Tenant's conduct is becoming more and more irrational, and the threats to burn down the Property are being taken very seriously by Landlord and the other tenants and the Property.

15. Tenant's mother contacted Landlord and his counsel on January 12, 2026 and advised that she had power of attorney over Tenant. However, she has failed to respond to inquiries about her son since then.

16. On December 29, 2025, Landlord sent a default notice to Tenant.

**COUNT ONE**
**BREACH OF CONTRACT**
**(Against Chad Ferrari)**

17. Landlord incorporates by reference the paragraphs above as if set forth fully and at length herein.

18. Tenant's improper behavior as described above is a violation of the Lease Agreement, and Landlord and the other tenants are fearful that he will cause injury to them and/or the Property.

19. Tenant's refusal to vacate the Leased Premises despite the expiration of the Lease Agreement on February 28, 2026 is a violation of the Lease Agreement.

20. The Lease Agreement provides that failure to pay rent is a violation of the Lease Agreement by the Tenant.

21. The Lease Agreement provides that in the event of a default by the Tenant under the Lease Agreement, the Landlord is entitled to terminate the Lease Agreement and to evict the Tenant and to recover reasonable counsel fees and late fees.

WHEREFORE, Plaintiff Richard Williamson respectfully request that judgment be entered in their favor and against Defendant Chad Ferrari in an amount not in excess of $50,000.00 for rent, late fees, reasonable counsel fees and costs of suit.

**COUNT TWO**
**POSSESSION/EJECTMENT**
**(Against Chad Ferrari)**

22. Landlord incorporates by reference the paragraphs above as if set forth fully and at length herein.

23. Tenant is in default of the Lease Agreement because, *inter alia*, he failed to pay rent commencing on January 16, 2026.

24. Further, Tenant is in default of the Lease Agreement because has caused a dangerous condition at the Property. In particular, Tenant was arrested by the Philadelphia Police Department on January 10, 2026 for violating Protection of Abuse orders and making terroristic threats. The Police broke down the door to the Leased Premises (causing damage to Landlord's property) and

took Tenant to jail, where he was held for a few days. When he was arrested, Tenant told the Police that he had a stun gun in his hand and would use it against Landlord.

25. Tenant is in default of the Lease Agreement because Tenant has acted in a threatening, bizarre, and belligerent manner towards Landlord and other tenants at the Property, which is causing Landlord, Landlord's counsel, and the other tenants at the Property to be fearful for their personal safety.

26. Tenant has made threats to light the Property on fire, has refused to cooperate in inspections of the Lease Premises, has deliberately disconnected the internet modem/router at the Property, leaving the other residents without internet and rendering the outside security system non-functioning.

27. Tenant has sent repeated threatening emails to Landlord and his attorney and has made numerous posts online that are bizarre and frightening to Landlord.

28. All of the mechanicals for the Building, as well as internet equipment, HVAC, electric and gas) are located in the Leased Premises, as well as a storage room with Landlord's personal belongings. However, Tenant has refused to allow access to the Landlord. Further, in violation of Article XIV(C), Tenant changed the locks to the Lease Premises provide Landlord with notice and furnishing the Landlord with duplicate set of keys.

29. Tenant's conduct is becoming more and more irrational, and the threats to burn down the Property are being taken very seriously by Landlord and the other tenants and the Property.

30. Tenant's mother contacted Landlord and his counsel on January 12, 2026 and advised that she had power of attorney over Tenant. However, she has failed to respond to inquiries about her son since then.

31. Article XXVII of the Lease Agreement allows the remedy of ejectment in the event of

a default by Tenant and termination of the Lease Agreement.

WHEREFORE, Plaintiff Richard Williamson respectfully requests that judgment be entered in its favor and against Defendant Chad Ferrari, for ejectment and the possession at the premises located at 1119 Wallace Street, Unit 1, Philadelphia, PA 19123, plus such other relief as this Court deems equitable and just, including reasonable counsel fees and costs.

Respectfully submitted,
**DEAN E. WEISGOLD, P.C.**

By: Dean W
Dean E. Weisgold
Attorney for Plaintiff Richard Williamson

Dated: 4/13/26

**VERIFICATION**

I hereby state that the facts contained in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief.

I understand that the statements made therein are made subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

Richard Williamson

Dated: 4/9/2026

**DEAN E. WEISGOLD, P.C.**
By: Dean E. Weisgold, Esquire
Attorney I.D. No. 52927
1835 Market Street, Suite 1215
Philadelphia, PA 19103
(215) 979-7602

Attorney for Plaintiff
Richard Williamson

| | |
|---|---|
| RICHARD WILLIAMSON<br>PO Box 100<br>Villanova, PA 19085<br><br>Plaintiff,<br>v.<br><br>CHAD FERRARI<br>1119 Wallace Street, Unit 1<br>Philadelphia, PA 19123<br>Defendant. | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>MARCH TERM, 2026<br>No. 3340 |

## CERTIFICATION OF SERVICE

I, Dean E. Weisgold, Esquire, attorney for the Plaintiff Richard Williamson, hereby certify that I served a true and correct copy of the Civil Action Complaint via email and first class mail, postage prepaid, and by email on April 13, 2026 upon the following:

Chad Ferrari
1119 Wallace Street, Unit 1 :
Philadelphia, PA 19123
(email: chadferrrari@me.com)

**DEAN E. WEISGOLD, P.C.**

By: [signature]
Dean E. Weisgold, Esquire
Attorney for Plaintiff
Richard Williamson

# EXHIBIT "A"

# RESIDENTIAL LEASE

This lease agreement is made this 2/28/2025 | 9:29 PM EST, by and between **Richard Williamson**, ("Landlord") and **Chad Ferrari**, (collectively, "Tenant") . The Landlord hereby agrees to lease to the Tenant, and the Tenant hereby agrees to lease from the Landlord, the unit (1st floor, basement and backyard) known as 1119 Wallace Street, UNIT 1, Philadelphia, PA 19123 (the "Premises").

I. Term of Lease.

A. The term of this Lease will be for a period beginning on March 1, 2025, and ending on February 28, 2026. Upon the expiration of this period, the Lease will renew on a month to month basis, unless agreed to otherwise by Landlord and Tenant. On or after June 1, 2025, the Tenant may terminate this Lease by providing the Landlord with written notice of their intent to vacate the premises. Such notice must be given at least thirty (30) days prior to the intended move-out date.

II. Rent and Late Charges.

The rent is payable in monthly payments of $1700 in advance on the first day of each and every month during the term of this Lease. Payments to be made via cash or Landlord approved electronic method (Zelle, Venmo, Cashapp). Landlord shall require, as additional rent, the payment of a late charge for any monthly payment not received as of the fifth day of the month. This late fee shall be $100.00. **The initial payment consists of First month ($1700.00), Last month ($1700.00), and Security Deposit ($1700.00) for a total of $5100.00.**

III. Security Deposit.

A. Tenant will pay to Landlord a security deposit of $1700. This amount shall be held in trust by Landlord as security for Tenant's performance of each and every term and condition of this Lease. Tenant may not apply the security deposit to any rental payment for any reason, except as permitted by law.

B. Within thirty days after the end of this Lease, Landlord will return to Tenant the security deposit and Tenant's portion of the interest, less any deductions made under this Lease. Landlord is authorized to deduct from the security deposit the full amount of any reasonable cost incurred as a result of Tenant's breach of any term or condition of this Lease, including payment of any utility charges. Landlord shall provide Tenant with a statement itemizing the interest and any deduction within thirty days after the termination of the tenancy. Tenant shall provide Landlord a correct forwarding address at least two weeks before the end of the tenancy.

C. If Landlord's interest in the Premises is transferred, the Landlord shall turn over the security deposit plus Tenant's portion of the interest to the new landlord. Landlord shall additionally notify Tenant of the name and address of new landlord. Notice shall be given within five days after the transfer, by registered or certified mail. On providing notice, Landlord shall then no longer have any obligation to Tenant for the return of the security deposit and accrued interest or earnings. The Tenant hereby acknowledges that the Tenant may not utilize the security deposit for the last or any other month's rent.

IV. Utilities and Services. Landlord is responsible for payment of charges for cold water service, heat (gas), cooking gas and hot water (gas) service to the Property. Tenant is responsible for electric (PECO- 1-800-494-4000) and any other utility bills (e.g., cable, internet, etc). WIFI included. Landlord agrees to supply a refrigerator and gas oven, both of which Tenant agrees to maintain pursuant to this lease and Tenant will replace if such items are damaged / not functional at any time.

V. Interruption in Utilities and Services. Landlord is not liable for any stoppage or reduction of services caused by factors or forces beyond Landlord's control. If there is such an interruption, Landlord shall reasonably promptly after receiving notice of such interruption take steps within his control to restore the service. Tenant agrees that if Landlord takes reasonable steps to restore the service, Landlord will not be liable

to Tenant for the interruption. Nothing in this Paragraph shall be construed to waive Landlord's warranty of habitability, or to limit Tenant's remedies in the event of a breach of that warranty.

VI. **Use of Premises.** Tenant shall possess and use the Premises only as a private residence for Tenant. Tenant will comply with all legal requirements for the use of the Premises, and will not use the Premises for unlawful purposes.

VII. **Tenant's Maintenance of Premises.**

A. Tenant shall take good care of the Premises. At Lease end, Tenant shall vacate the Premises, leaving them in as good a condition as existed at the beginning of the term, except for reasonable wear and tear. If the Premises are not left in such condition, Tenant will be responsible to pay Landlord for all cleaning costs and other costs for repairing damage to the Premises or to any fixtures. Tenant shall pay the cost of repair for any damage or breakage caused by Tenant, Tenant's family, visitors, or any other persons on the Premises with Tenant's permission. Tenant shall do nothing to destroy, deface, damage, or remove any part of the Premises, including the plumbing and electrical fixtures, doors, windows, fences, shrubs, lawns, and common facilities. Damage for which Tenant may be liable includes all replacement costs. Tenant is permitted to paint the premises, provided that the premises is returned to the same color and finish as existed at the beginning of the term of the lease.

B. Tenant shall promptly notify Landlord of any condition that requires repair. If Tenant does not provide prompt notice, Tenant is liable for any damage that occurs because of the delay. Any payment due under this Paragraph shall be treated as additional rent and shall be paid with the first monthly rental payment following presentation of an invoice from Landlord to Tenant.

C. The Tenant hereby covenants to leave the Premises in "broom clean" condition upon the expiration of this Lease.

VIII. **Delivery of Possession and Tenant's Right to Quiet Enjoyment.** Landlord shall make the Premises available to Tenant on the first day of the initial term of this Lease, unless possession is not possible due to the holdover of a prior Tenant or other condition beyond Landlord's reasonable control. Landlord is not liable to Tenant for a delay in delivering use of the Premises, but Landlord shall deliver possession as soon as reasonable possible. The obligations of the Landlord and Tenant under this Paragraph 8 are not excused because of any such delay, but Tenant's obligation to pay rent will begin on the date that Landlord actually gives possession of the Premises, and rent of any partial month of possession at the beginning of the term shall be prorated under the formula set forth in Paragraph 2 of this Lease. Tenant shall be entitled to the quiet enjoyment of the Premises, free from any interference from Landlord or any person under Landlord's control, during the term of the Lease as long as Tenant is not in default of any obligation under this Lease.

IX. **Liability of Landlord and Tenant.** Tenant agrees that the Landlord shall not be liable for any damages, losses, injuries, or expenses incurred by the Tenant, its employees, agents, contractors, or invitees, arising from or related to the Tenant's use or occupancy of the leased premises, except for damages resulting from the Landlord's gross negligence or willful misconduct. In no event shall the Landlord be liable for any indirect, consequential, incidental, or punitive damages. The Tenant agrees to indemnify, defend, and hold harmless the Landlord and its officers, directors, employees, agents, and representatives from and against any and all claims, actions, liabilities, losses, damages, penalties, fines, costs, and expenses, including attorneys' fees, arising out of or related to (a) the Tenant's use, occupancy, or maintenance of the leased premises, (b) any act, omission, or negligence of the Tenant, its agents, employees, contractors, or invitees, or (c) any breach of the Tenant's obligations under this lease. This indemnity shall apply whether the claim arises during the term of this lease or thereafter. The Landlord shall not be responsible for any damage or loss to the Tenant's property or the property of the Tenant's agents, employees, contractors, or invitees, including but not limited to damages resulting from theft, vandalism, fire, water, or other natural causes, unless caused by the Landlord's gross negligence or willful misconduct.

Tenant must give prompt written notice to Landlord of any condition or defect affecting the Premises that Tenant could reasonably foresee resulting in liability or loss. This notice must be given within twenty-four (24) after

Docusign Envelope ID: A65E0436-41DC-4AE3-BE16-42E48C1ED1C9

Tenant knows of the condition or defect affecting the Premises. Any payment due under this Paragraph shall be treated as additional rent and shall be paid with the first monthly rental payment following presentation of an invoice from Landlord to Tenant.

X. **Conduct of Tenant.** Tenant will be responsible for the acts and conduct of Tenant's family, visitors, and any other persons on the Premises with Tenant's permission. Tenant agrees to comply with any rules and regulations which are incorporated as terms and conditions of this Lease. Tenant is also responsible to insure that Tenant's family, visitors, and any other persons on the Premises with Tenant's permission, shall comply with the rules and regulations. During the term of the Lease, Landlord may propose reasonable changes or amendments to the rules and regulations. Tenant agrees to accept any reasonable changes and amendments that Landlord may make to the rules and regulations at the beginning of any renewal term of the Lease. Failure to abide by the rules and regulations is a breach of this Lease.

XI. **Fire Hazards and Insurance.** Tenant agrees to use every reasonable precaution against fire and to promptly notify Landlord of any fire hazard, fire or other accident on the Premises. Tenant shall not use the Premises or permit them to be used in such a manner which would cause fire insurance or other insurance placed on the Premises to be cancelled, suspended, or rated a more hazardous risk than at the date of the execution of this Lease. On Tenant's breach of this obligation, Landlord may, in addition to other remedies provided by the Lease or by law, collect from Tenant as additional rent any increase in premiums or insurance carried on the Premises.

XII. **Insurance on Tenant's Belongings and Crime Insurance.** Landlord carries no insurance covering loss to any of Tenant's belongings, whether located or stored inside or outside the Premises. Tenant has total responsibility for securing insurance protection against loss by fire or other cause to Tenant's property or belongings.

XIII. **Alterations and Repairs.** Tenant agrees not to attach or install awnings, television or radio aerials, screens, signs or anything else to the Premises. Tenant agrees not to paint, wallpaper, or make any other alterations, improvements, changes, or additions to the Premises without the prior written consent of the Landlord, which consent may be withheld by Landlord in its sole discretion. Tenant shall remove any attachments, installations, alterations, improvements, or additions at the end of the Lease term and shall restore the Premises to the same condition as existed at the beginning of the term, reasonable wear and tear excepted. All costs of removal and restoration shall be at Tenant's expense. If Tenant fails to restore the Premises as required, Landlord may do so and assess the cost as damages to the Premises.

XIV. **Landlord's Right of Entry.**

A. Landlord shall have access to the Premises at all reasonable times to make ordinary or emergency repairs and maintenance or for inspection to determine whether Tenant is complying with provisions of this Lease that protect Landlord against liability and casualty. Tenant also understands that Landlord has property and supplies in the basement storage room and except in the case of an emergency, Landlord will provide Tenant with 12 hours notice to retrieve any such property.

B. Landlord may show the Premises to rental applicants at reasonable hours, on advance notice to Tenant at any time (a) after Tenant has given notice terminating the tenancy, or (b) whenever Tenant is in default under this Lease or subject to eviction for good cause.

C. Tenant may not change the locks or install additional locks on the Premises without first notifying Landlord in writing and furnishing Landlord with a duplicate set of keys for the new locks. Any changed or additional locks that Tenant installs shall become the property of Landlord and shall remain on the Premises at the termination date of this Lease. All keys that are given to Tenant at the beginning of the Lease term shall be returned to Landlord at the termination of the Lease. If Tenant fails to return any key to the Premises, Landlord may replace the lock and the unreturned key at Tenant's expense, payable immediately on demand. Landlord is not liable for any damages that may occur because Landlord is unable to gain access to the premises because of inability to gain entry as permitted by this Paragraph 14.

XV. **Assignment and Subletting.** Tenant may not do any of the following without the Landlord's prior written consent, which consent the Landlord may withhold in its sole discretion: (1) assign this Lease; (2) sublet all or any part of the Premises; (3) permit any person to use the Premises other than those specified in Paragraph 6 of this Lease. Unless Tenant has obtained Landlord's written consent, any assignment or subletting may be disregarded by Landlord as if it had not occurred, and Tenant shall continue to remain responsible for the performance of all terms and conditions of this Lease.

XVI. **Tenant's Default.** Tenant shall be considered in default under this Lease under any of the following circumstances: (1) Tenant fails to pay rent due and owing under this Lease within fifteen (15) days of the date said rent is due; (2) Tenant, after written notice to cease, continues to be so disorderly as to destroy the peace and quiet of the Premises; (3) Tenant willfully or by negligence causes or allows destruction, damage, or injury to Premises; (4) Tenant, immediately after written notice to cease, continues to substantially violate or breach any of the rules and regulations; (5) Tenant, immediately after written notice to cease, continues to substantially violate or breach any of the covenants contained in this Lease; (6) Tenant fails to immediately vacate the Premises upon the expiration of this Lease; or (7) Tenant fails to satisfy any other provision under this Lease.

XVII. **Right of Reentry.** Landlord shall be entitled to reenter the Premises by means of summary dispossession proceedings or any other method permitted by law, and to remove all persons from possession for any cause permitted by law, whenever Tenant is in default under this Lease.

XVIII. **Landlord's Remedies on Default.**

A. On Tenant's default, Landlord may terminate this Lease and may also take any other action or seek any other remedy permitted by law. Tenant shall immediately quit and surrender the Premises to Landlord. In the case of any default and reentry, whether by summary dispossession proceeding or otherwise, all unpaid rent for the remaining term of this Lease shall become immediately due, together with all expenses that Landlord may incur for attorneys' fees, court costs, brokerage fees, costs of repair, administrative fees, advertising fees, and other costs of preparing the Premises for re-rental, subject to Landlord's duty to mitigate damages. If Landlord re-rents the Premises for less than the Tenant's rent, Tenant shall pay the difference until the end of this Lease term. Tenant shall not be entitled to any rebate if the Premises are re-rented for an amount greater than the rent established by this Lease or by any lawful rent increase. Any sums owed to Landlord under this Paragraph shall be considered additional rent.

B. Neither the voluntary surrender of the Premises by Tenant nor the taking of possession of the Premises by Landlord pursuant to a Judgment for Summary Dispossession shall relieve Tenant of the obligation to pay rent and other costs and damages as set forth in this Paragraph. If Tenant vacates the Premises while still owing any rent or other payments, Tenant authorizes Landlord to obtain all necessary reports and information for the purposes of learning Tenant's forwarding address or whereabouts.

C. Landlord's remedies for Tenant's default shall be cumulative and concurrent, and the use of one remedy shall not bar or prevent Landlord from using any other right, remedy or power conferred upon Landlord by law. Landlord's acceptance of rent after a violation by Tenant of any agreement in this Lease or Landlord's failure to enforce any term or condition in this Lease shall not prevent Landlord from enforcing the provision or any other term or condition at a later time.

XIX. **Kerosene Heaters / Space Heaters.** The use or storage of any kerosene heater or any other heater that uses combustible materials or fluids is absolutely prohibited at all times in the Premises. Further, the use of any type of portable space heater is also hereby prohibited. There shall be no exceptions of any kind to this prohibition.

XX. **Destruction by Fire or Casualty.**

A. Tenant shall give Landlord immediate notice of any fire or casualty on the Premises. Provided that any damages due to fire or due to other casualty are not the fault of Tenant, Tenant's family, visitors, or other persons who are on the Premises with the permission of Tenant, the following shall apply:

Docusign Envelope ID: A65E0436-41DC-4AE3-BE16-42E48C1ED1C9

1. If the Premises are so damaged by fire or other casualty that they cannot be repaired and restored to their former condition within sixty (60) days, this Lease shall be rescinded and all parties released from all duties and obligations under it.

2. If the Premises are partially damaged by fire or other casualty and may be repaired and restored to their former condition within sixty days, Landlord shall make restore the Premises as soon as reasonably possible. Landlord may reenter to take possession of the Premises for the purpose of such repairs and restoration, but this Lease shall remain in effect. If the Premises are entirely uninhabitable during the period when repairs are in progress, Tenant shall temporarily vacate the Premises and the duty to pay rent shall entirely abate during the period of temporary vacation. If the Premises are partially habitable during the period of repair, Tenant may remain in possession, but the monthly rent shall be apportioned to reflect the portion of Premises that are uninhabitable. Landlord shall have no duty to compensate Tenant for the cost of any alternate housing procured during a period of repair, other than by means of a rent abatement or apportionment.

B. In case of any dispute between Landlord and Tenant concerning the amount of rent due in the event of partial destruction, Tenant agrees to pay the amount claimed by Landlord without prejudice to Tenant's right to recover any excess through appropriate legal proceedings.

C. If Landlord is obligated to make repairs and restoration, Landlord shall be obligated only to repair the damaged structural parts of the Premises and any fixtures installed by Landlord. Landlord is not required to repair or replace any improvement, addition, or fixture installed by Tenant.

D. Despite any other provision in this Lease, if a fire or other casualty is caused by the act or neglect of Tenant, Tenant's family, visitors or other persons who are on the Premises with permission of Tenant, the Tenant must pay for all repairs and other damages to the Premises and must continue to pay full rent for the balance of the Lease term.

E. No penalty shall accrue against Landlord for any reasonable delay in repairing the Premises by reason of adjustment of insurance proceeds or other cause beyond Landlord's reasonable control.

XXI. **Abandoned Property**. On termination of the Lease term, whether by operation of this Lease, by entry of Judgment for possession in favor of Landlord or by Tenant's vacation of the Premises, Tenant shall be responsible for the removal of all Tenant-owned property. If Tenant fails to remove any such property, on reentry by the Landlord it shall be deemed abandoned and ownership shall transfer to Landlord. Landlord shall then be entitled to dispose of the property without liability to Tenant.

XXII. **Costs and Attorneys' Fees**. If any judicial action is brought by Landlord to enforce or interpret any provision of this Lease, the prevailing party shall at the discretion of the court, recover from the other all costs of action and reasonable attorneys' fees.

XXIII. **Saving and Severability Clause**. If any provision of this Lease is contrary to Law, whether by statute or final court decision, the provision shall be considered amended as necessary to conform to legal requirements. The rest of the Lease shall remain in full force and effect and unaffected by any such amendment.

XXIV. **Notices**. All notices that must be given in accordance with a statute or regulation shall be given as provided by law. All other notices given under this Lease must be in writing. Notice may be given by personal delivery to the other party or by certified mail, return receipt requested. Notices shall be addressed to Landlord at the address written at the beginning of this Lease and to Tenant at the Premises.

XXV. **Entire Agreement**. This lease is the entire agreement of Landlord and tenant. Tenant has read this Lease before signing. Any changes or modifications of this Lease, must be in writing and signed by both parties.

XXVI. **Joint and Several Liability of Tenant**. The Tenant hereby acknowledges and agrees that the liability of each individual Tenant under this Lease is joint and several liability, which means that the

ocusign Envelope ID: A65E0436-41DC-4AE3-BE16-42E48C1ED1C9

Landlord has the legal right to pursue all remedies under this Lease against each and every Tenant individually and that Landlord is not required to apportion or divide said liability amongst the various individual Tenants.

XXVII. **Right to Show Premises.** The Landlord may employ a Realtor to either sell or rent the Premises no more than ninety (90) days prior to the expiration of this Lease. The Tenant agrees to allow the Premises to be shown to prospects between the hours of 10:00 a.m. and 8:00 p.m. either by appointment or by use of the key. The Tenant will permit a key box to be used by all appropriate realtors.

XXVIII. **Binding.** This Lease is binding on the Landlord and the Tenant and all parties who lawfully succeed to their rights or take their places.

XXIX. **Full Agreement.** The parties have read this Lease. It contains their full agreement. It may not be changed except in writing signed by Landlord and Tenant.

**IN WITNESS WHEREOF,** the Landlord and each of the individual Tenants has executed this Lease on the day and year first above written.

Richard Williamson
Richard Williamson — 2/28/2025 | 9:29 PM EST
Date

Chad Ferrari — 3/1/2025 | 8:59 AM EST
Date

# EXHIBIT R-2

Defendant's Preliminary Objections

*[on docket, R-11; to be supplemented within 3 business days]*

# EXHIBIT R-3

Order No. 108, August 4, 2026

*[on docket, R-11; to be supplemented within 3 business days]*

# EXHIBIT R-4

Control Order 74, No. 26084674, August 20, 2026

*[attached]*

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION – CIVIL

| | |
|---|---|
| WILLIAMSON | : |
| | : March Term 2026 |
| v. | : |
| | : No. 3340 |
| FERRARI | : |
| | : Control No. 26084674 |
| | : |

**ORDER**

**AND NOW**, this **20th day of August, 2026**, upon consideration of the Emergency Motion to Stay, it is **ORDERED** the Motion is **GRANTED IN PART** as follows:

1. This action shall proceed to trial as scheduled on September 4, 2026. Between the date of this Order and the trial, the appeal shall be maintained and no writ of possession shall issue.

2. In all other respects, the Motion is **DENIED**.

ORDER-Williamson Vs Ferrari [LKO]
26030334000162

BY THE COURT:

J.

# EXHIBIT R-5

Eight Orders Transmitted by Plaintiff's Counsel, August 20, 2026

*[on docket, R-11; to be supplemented within 3 business days]*

# EXHIBIT R-6

Order No. 164, August 26, 2026

*[on docket, R-11; to be supplemented within 3 business days]*

# EXHIBIT R-7

Defendant's Emergency Motion for Indefinite Stay, August 31, 2026, with Exhibits A-O (unruled)

*[attached]*

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**

**TRIAL DIVISION — CIVIL**

| | |
|---|---|
| **RICHARD WILLIAMSON, Plaintiff,** | **Docket: 260303340** |
| **v.**<br>**CHAD MARK FRANCO FERRARI, Defendant.** | **March Term, 2026, No. 3340** |

# **DEFENDANT'S EMERGENCY MOTION FOR INDEFINITE STAY OF THE SEPTEMBER 3 AND SEPTEMBER 4, 2026 PROCEEDINGS PENDING EVIDENTIARY HEARING ON COORDINATED JUDICIAL AND LANDLORD FRAUD, EXPUNGEMENT OF BOTH EVICTION PROCEEDINGS, AND PA AG OBSERVER REQUEST**

Pa.R.C.P. 3121, 3132 | Pa.R.C.P. 1531 | Court's Inherent Equitable Authority

Philadelphia Code §9-804(2) | §9-3901(4)(e)

**Anchored to: Control No. 26084674 — EXPIRES SEPTEMBER 4, 2026**

**Filed by: Chad Mark Franco Ferrari, Defendant Pro Se**

1119 Wallace Street, 1st Floor, Philadelphia, PA 19123

chadferrari@me.com Date: August 31, 2026

## I. THE WEB IS CLOSED — EVERY ACTOR HAS CONFESSED ON THE CERTIFIED RECORD

This motion presents a documented, coordinated campaign by a landlord, his longtime personal counsel, a conflicted presiding judge, a recused family court judge, and the family court's opposing counsel — all working in concert to strip Defendant of his housing, his possessions, his children, and his legal standing across multiple dockets simultaneously. Every actor has now made admissions on the certified record. The web is documented. This Court must hold an evidentiary hearing before any trial proceeds.

**THE DOCUMENTED ADMISSIONS — ALL ON CERTIFIED RECORDS:• Williamson admitted coordinating with Julie Ferrari on January 8, 2026 — two days before the coordinated attack — June 8, 2026 certified record.• Weisgold admitted in writing: "I have known Rich for at least 10, maybe 15 years." June 4, 2026 authenticated email — in direct response to the prior recusal motion.• Sulman admitted under oath on June 29, 2026 to contact with both Williamson (Plaintiff) AND Weisgold (Plaintiff's counsel). The coordinating judge confessed the coordination on the witness stand.• Piscopo (Blank Rome LLP) disclaimed involvement at 10:24 AM on August 11, 2026. Fourteen minutes later she deployed a mental health characterization inside THIS docket's email chain. Mailbox-locked in UTC.• Roberts's wife Shannon McClure Roberts is a Blank Rome LLP partner. Sworn testimony: June 4, 2026 Wahl Custody Hearing Transcript (certified, CRS ID: 26080330), p.41.• Weisgold himself attended Penn undergraduate and Penn Law School with Larry Weilheimer — General Counsel of the Philadelphia Inquirer and husband of the Honorable Gail A. Weilheimer, the federal judge re-assigned to Ferrari v. Leonard et al., 2:26-cv-01866-GAW, where Williamson and ADA Corrigan are named defendants. (Weisgold's own June 4, 2026 CCP filing — his own words.)• Williamson admitted via text message that he planned to contact Sulman AND to recruit Julie Ferrari as a character witness in Defendant's custody case.• Weisgold admitted in writing that he coordinated with Michelle Piscopo (Blank Rome) via phone and email "multiple times in January" — while planning the Forced eviction / wrongful arrest.• Weisgold later admitted in writing: "We purposely asked for zero judgment so we can get clean possession of the house." He never stated this strategy on the record in front of DiCicco.**

## II. CONTROL 74 EXPIRES SEPTEMBER 4 — THE TRIAL DATE ITSELF

**Control No. 26084674 — VERBATIM:"AND NOW, this 20th day of August, 2026, upon consideration of the Emergency Motion to Stay, it is ORDERED the Motion is GRANTED IN PART as follows:This action shall proceed to trial as scheduled on September 4, 2026. Between the date of this Order and the trial, the appeal shall be maintained and no writ of possession shall issue.In all other respects, the Motion is DENIED."Control 74 EXPIRES the moment the September 4 trial opens before Hon. Yorgey-Girdy.THE SEPTEMBER 11 DOUBLE-SUBPOENA: BOTH Williamson AND Weisgold are subpoenaed to testify at the September 11, 2026 Wahl custody trial (OC-24-002084, Courtroom 3B). Williamson must bring all communications with Sulman, Janice Sulman, Julie Ferrari, Weisgold, Piscopo, and Vidas concerning Defendant from November 1, 2025 to present. Weisgold must bring ALL**

communications with Williamson, Piscopo, Vidas, Sulman, and Janice Sulman — PLUS his complete billing record. If execution proceeds September 4-10, the Plaintiff and his counsel would be executing a writ against a custody trial witness — in a trial where they themselves are required witnesses — using documents being demanded to expose the coordination they have been concealing. (Exhibits A, N, O.)

## III. NINE REASONS TO INDEFINITELY STAY SEPTEMBER 3 AND SEPTEMBER 4

### REASON 1 — ROBERTS TIMED HIS SUPERSEDEAS DENIAL TO BLOCK JUDGE HALL

**Roberts entered ORDER_108 in CCP-260303340 on August 4, 2026 — the afternoon BEFORE Judge Hall's scheduled August 5, 2026 hearing on the related matter. The supersedeas had been pending for twelve days. Roberts denied it late afternoon before Hall could address it. Deliberate. Hall heard Defendant's full evidence on August 5 — cochlear implant theft, property removals, political connections bragging — and issued no protective order, in zero of the three hearing with Judge Hall. ORDER_108, entered the afternoon before, may explain why Roberts also scheduled a Zoom hearing in one of Defendant's civil cases the very day after Defendant's June 4 Wahl custody trial, and an in-person hearing the very next Monday after. The September 4 trial scheduled one week before the September 11 custody trial is the same pattern of guilt of consciousness.**

### REASON 2 — THE 8-ORDER MAGIC TRICK + 90-MINUTE CITY LAW REVERSAL

**August 20, 2026, 1:10:33 PM EDT: Weisgold emails Sheriff, City Law (Ryan.Smith@phila.gov), and ~40 recipients with eight prior civil denial orders attached: "There is no stay of execution." Gmail ID: 1a02026f6916ee58. (Exhibit B.)Eight denials materialized simultaneously — like a rabbit pulled from a hat. Approximately 90 minutes later: Roberts enters Control 74 — staying the writ. Zero chance Roberts does that on his own cognizance given every prior move he made. City Law — counsel for named federal defendants in Ferrari v. Leonard et al., 2:26-cv-01866-GAW — received Weisgold's email. Institutional pressure reversed Roberts. He does not act on law. He acts on pressure.**

### REASON 3 — THE PFA HEIST: BLANK ROME + DEAN + RICH + SULMAN COORDINATED THE ATTACK

**November 2025: PFA3 was filed against Defendant in family court. December 11, 2025: Process server Gary DeFinis served the PFA affidavit of service NOT on Defendant — but on his 78-year-old mother, Patricia Ferrari. Blank Rome held the PFA from December 11, 2025 through January 8, 2026 — 28 days — coordinating its deployment with Dean Weisgold, Richard Williamson, and Michelle Piscopo. THE MANUFACTURED PRETEXT: On December 23, 2025, Defendant served his family court adversaries with a motion to depose 14 people — a protected legal filing. On December 24, 2025 (Christmas Eve), Defendant sent a custody email to his wife regarding his own children — a protected act.These two acts were reframed as "PFA violations" and weaponized as the trigger. January 8, 2026: Blank Rome released the held PFA. Same day: Williamson emailed: "We are coming in 24-48 hours. There's nothing you can do about it." Same**

**day: Williamson coordinated with Julie Ferrari (admitted June 8, 2026 certified record). January 10, 2026 — THE COORDINATED ATTACK:Williamson premeditated: slept over the night before; stole Defendant's keys to prevent escape. Placed NE Philly Sulman adjacent, Officers Killman and Davis in the building hallway. Door kicked in. Defendant choke-slammed. Head bashed against the wall. Three days incarcerated, timed perfectly to Saturday AM. Williamson entered and stripped the home of approximately $10,000 in personal property. Davis asked at the scene: "When did you last pay your rent?" — only Williamson could have supplied this. Killman: "I've been waiting to get my hands on you." Both pre-briefed by Williamson. Weisgold pre-tipped Defendant's mother in writing about the removal before it occurred.January 11-13: Defendant's team began posting publicly about Williamson and Sulman's conduct. Two days later — January 13, 2026 — the DA filed paperwork naming Sulman a material witness AND retaliating against Defendant with felony charges via Double Jeopardy, for the same Christmas Eve email, now elevated. January 21, 2026: Final PFA service was executed upon Defendant at the first Garcia civil hearing — coordinated with Roberts, Weisgold, and Piscopo, affidavit filed the very next day. January 29, 2026 — THE SECOND ATTEMPT:Sulman, through Family Judge Walter Olszewski, attempted reinsertion as "Family Division Administrative Judge" — a position Sulman has never held and has never been scheduled in Thursday PFA Court 6G except for Defendant on January 29. Olszewski created a new administrative SKU for Sulman to circumvent the October 30, 2025 recusal. Defender Barbara Flandez identified this and got Sulman to recuse. Williamson was on video threatening: "cops are coming in again, for my protection." The warrant for Defendant's third arrest was filed the next day — January 30. The Philadelphia DA has concealed all three arrest warrants from Defendant to this date. Piscopo (Blank Rome) drafted and held PFA3 for 28 days. Roberts's wife is a Blank Rome partner. Weisgold timed the release with Rich's ultimatum. Sulman coordinated with both Rich AND Dean (admitted June 29, 2026 under oath). A Christmas Eve custody email and a December 23 motion to depose 14 people — both protected legal acts — were weaponized to enable a door kick, choke slam, and three-day incarceration, and unlawful forcible eviction, while the home was stripped. (Exhibits H, I, J, N.)**

## REASON 4 — SULMAN CONFESSED UNDER OATH + OLSZEWSKI MANUFACTURED A NEW SKU

**On June 29, 2026, Defendant cross-examined the Honorable Daniel R. Sulman on the witness stand at the CR3 preliminary hearing at the CJC. Sulman — recused October 30, 2025; named material witness by the DA's own January 13, 2026 motion — admitted under oath to contact with both Williamson AND Weisgold. The Honorable Walter J. Olszewski then created a second administrative position SKU for Sulman — "Family Division - Administrative Judge" — a designation formerly held by Olszewski, position vacant since Jan 1 2025, never before used, specifically designed to re-insert Sulman into Defendant's proceedings while circumventing the October 30 recusal order. Sulman has never presided in Thursday PFA Court 6G for any other litigant, and his name was left out of the PFA docket leading up to Jan 29. Williamson admitted via text that he planned to contact Sulman. He also planned to team up with Julie Ferrari as a character witness in Defendant's custody case. Rich — a licensed attorney and licensed realtor — knew at inception that the unit was not properly zoned and filed a false rental license certificate. He knew Defendant was following every proper Philadelphia landlord-tenant procedure and could not be removed easily. He assembled this network to forcibly remove Defendant the hard way.**

## REASON 5 — THE WEISGOLD-WEILHEIMER PENN CONNECTION

In Weisgold's own June 4, 2026 CCP filing (Control 26057643):"Ferrari has also filed a motion... questioning the fact that the husband of the Honorable Gail Weilheimer went to college almost 40 years ago with the undersigned."Dean Weisgold attended Penn undergraduate and Penn Law School with Larry Weilheimer — General Counsel of the Philadelphia Inquirer and husband of the Honorable Gail A. Weilheimer, the federal judge assigned to Ferrari v. Leonard et al., 2:26-cv-01866-GAW. Neither Williamson nor ADA Corrigan has filed an answer to the federal summons — both appear to believe they are protected by the Weilheimer-Weisgold-Inquirer-Shapiro-Measles network. Roberts's wife Shannon McClure Roberts is a Blank Rome partner, head of Health Care Law. Shannon's year-end partnership bonus is directly affected by Defendant's pending multi-million dollar claims against Blank Rome. Roberts cannot impartially preside. Roberts graduated from Temple Law School with Sulman, Williamson, and Piscopo. Roberts coordinated with Blank Rome on Defendant's two previous civil cases, scheduling a Zoom hearing the very day after the June 4 custody trial, and an in-person hearing the very next Monday. This September 4 trial — one week before the September 11 custody trial — is the same guilt of consciousness pattern.

## REASON 6 — DiCICCO FRAUD: $50K DEMANDED, $0 DELIVERED, COORDINATION ADMITTED

Weisgold's motion sought $50,000 in damages. DiCicco awarded $0.00.Weisgold later admitted in writing: "We purposely asked for zero judgment so we can get clean possession of the house." He never stated this on the record. How would DiCicco know? DiCicco's clerk told Defendant to shut up and stop rambling approximately three sentences into his opening statement.The week after Defendant filed four JCB complaints against DiCicco, DiCicco deleted his LinkedIn connections — consciousness of guilt, precisely documented, with reason to believe Dicicco was financially compensated via longtime acquaintance Mary Vidas of Blank Rome's daughter Lauren Vidas. CONSCIOUSNESS OF GUILT SEQUENCE: March 11, 2026: Garcia grants TRO (Case 260101880) — "reenter and remain."March 11, 2026 (SAME DAY): Weisgold files Praecipe to Discontinue.March 12, 2026 (NEXT DAY): DiCicco enters $0.00 rent / "termination of term."Garcia found sufficient cause → counsel discontinued the same day → DiCicco entered the opposite the next day through a different judge. $0.00 rent owed. Zero monetary default. No green certified mail receipt. Ever. (Exhibit K.)

## REASON 7 — THE LEASE NEVER TERMINATED: NO GREEN CERTIFIED MAIL RECEIPT

SECTION I(A): "the Lease will renew on a month to month basis, unless agreed to otherwise by Landlord and Tenant."SECTION XXIV: "certified mail, return receipt requested" OR personal delivery. Certified mail, return receipt requested = PS Form 3811 — the green delivery receipt card. NO GREEN RECEIPT EXISTS. NO CERTIFIED LETTER. NO PERSONAL DELIVERY. NO MUTUAL AGREEMENT. THE LEASE AUTO-RENEWED MARCH 1, 2026. Defendant remains in current lawful possession. ESTOPPEL: August 7, 2026 — Rich texted: "Can you pay the supersedeas?" — asking a tenant to make monthly payments on a lease he says expired. July 13, 2026 — Rich: "Don't forget rent on 7/22." June 20 — Rich: "deposit another $1700."March 31 — Weisgold threatened "legal fees and rent owed... increasing" at the appeal trial — after asking for $0 at DiCicco. (Gmail: 19d404af06f1e255.)A trial on "termination of term" when termination was contractually impossible is a trial on a false premise. (Exhibits C, E, F, H.)

**REASON 8 — KHOURY L&I COVER-UP + RETALIATORY FILING + BAD FAITH MEDIATION**

**January 30, 2026: Four 311 fire-safety complaints filed (Cases 19688862, 19688874).February 4, 2026: Eviction Diversion Program mediation (Collins/Dow/TURN).February 5, 2026 (NEXT DAY): Eviction complaint filed. Six days after 311s. Philadelphia Code §9-804(2) burden shift has never been addressed. L&I Inspector Marty Khoury, operating out of the heart of Temple's Campus — assigned to process Defendant's complaints — failed to act on any of them for four months, including Williamson stealing the basement bedroom heater in the middle of January. On information and belief, Khoury's failure was coordinated with Williamson, Weisgold, Blank Rome, and Sulman to suppress the §9-3901(4)(e) possession bar (expired license) and the §9-804(2) retaliation presumption. Defendant personally appeared before Supervisor Williams, who filed all eight outstanding violations. Plaintiff's rental license for 1119 Wallace Street has EXPIRED and was only in place for six weeks. Under §9-3901(4)(e), a landlord may not recover possession during noncompliance. (Exhibits D, G, L.)**

**REASON 9 — NO EVIDENTIARY HEARING HAS EVER BEEN HELD ON ANY THRESHOLD ISSUE**

**Roberts denied EVERY motion in this docket without scheduling a single hearing. Not one. NEVER ADJUDICATED: (a) Lease auto-renewal under Section I(A);(b) DiCicco's coordination with Weisgold on the "$50K to $0 clean possession" strategy; (c) Sulman's contact with Williamson and Weisgold during the eviction period; (d) The December 11 PFA served on Patricia Ferrari by Gary DeFinis — held 28 days; (e) Inspector Khoury's failure to process Defendant's 311 complaints; (f) Rich's false rental license certificate and improper zoning;(g) Roberts's spousal conflict with Blank Rome LLP;(h) Weisgold's coordination with Piscopo via phone and email in January 2026; (i) Olszewski's creation of a manufactured administrative position for Sulman with second SKU; (j) The DA's concealment of all three arrest warrants from Defendant. A trial without these threshold issues adjudicated is a trial on a manufactured premise. The adversarial law and neutrality of this court must be cleared in full before any proceeding occurs.**

**<u>IV. TO THE CITY OF PHILADELPHIA LAW DEPARTMENT — RYAN SMITH, EMILY BLEY, RENEE GARCIA, AND INCOMING MONIQUE GALLOWAY</u>**

**You intervened once — on August 20, 2026. Control 74 followed approximately 90 minutes after your office received Weisgold's "no stay" announcement. Control 74 EXPIRES SEPTEMBER 4 — the trial date itself. (1) Sheriff Bilal — your client, a named individual §1983 defendant — would execute a writ at Williamson's direction against the §1983 plaintiff. Every step expands Bilal's individual liability. Qualified immunity does not protect officials who proceed with actual notice. (2) Williamson and Weisgold are SUBPOENAED to the September 11 Wahl custody trial — they cannot simultaneously evict Defendant and appear as witnesses at the trial exposing their coordination. (3) Weisgold's own filing confirms his Penn Law classmate is Judge Weilheimer's husband — the federal judge assigned to the case naming your clients. (4) On August 27, 2026 — last Thursday — the Honorable Paul S. Diamond of this same federal court stated from the bench regarding DA Larry Krasner's conduct: "If what they say is true, potential wrongdoing abounds. There's a question of whether perjury was committed, subornation of perjury was committed,**

**criminal conspiracy was committed, and obstruction of justice was committed." Krasner — a named defendant in Ferrari v. Leonard et al. — coordinated with Williamson on the January 10, 2026 arrest that produced this entire eviction track. Federal Judge Diamond's words about Krasner's pattern of misconduct apply with equal force here. (5) This motion requests that neither Kiselewski, Roberts, nor Hall be permitted to deny this motion without first scheduling an evidentiary hearing on the threshold issues. (6) Defendant requests that the Pennsylvania Attorney General's Office (AG David W. Sunday, Jr. and/or Eric L Gibson) be invited to attend all future civil hearings in this matter as an observer — consistent with the AG's existing oversight role in Krasner innocence project matters and Sheriff Bilal's deed tracking proceedings.The holding cost: zero. The liability cost of being wrong: you already know. The window closes September 3 at 9:00 AM.**

## V. ESCROW — FULL CANDOR ON THE RECORD

Defendant deposited three escrow payments of $1,700 each ($5,100 total) on April 30, May 22, and June 23, 2026 under Hall Order 57. Defendant discontinued deposits after Roberts refused to recuse despite the documented Blank Rome conflict, after Hall failed three separate times to issue protective orders via TRO, and after Williamson gloated openly that he was "in with the system" and Defendant had no chance of prevailing. Defendant had to force the issue on the fraud. The July 22, 2026 payment was not deposited. Defendant disputes that supersedeas was properly terminated under Philadelphia Civil Rule *1008 — or by Weisgold's email alone. (Exhibit H.)

## VI. RELIEF REQUESTED

(1) INDEFINITE STAY of the September 3, 2026 discovery hearing (Roberts, Courtroom 602) and the September 4, 2026 non-jury trial (Hon. Yorgey-Girdy, Courtroom 446) until an evidentiary hearing is held and the adversarial law and neutrality of this court are restored;

(2) EXTENSION and ENFORCEMENT of Control No. 26084674 indefinitely until the evidentiary hearing is completed;

(3) EVIDENTIARY HEARING before a conflict-free judge on all threshold issues identified in Section III;

(4) EXPUNGEMENT of the original Municipal Court DiCicco proceeding and EXPUNGEMENT of this de novo appeals proceeding — both tainted by fraud and judicial conflict;

(5) DiCicco and Roberts to publicly acknowledge the procedural deficiencies in their respective proceedings and clear Defendant's name;

(6) Pennsylvania Attorney General personnel to be present as an observer at all future civil hearings for integrity and neutrality; ADA testimony from last Thursday stated Krasner often referred to PA AG office as "Nazis and Paraguay"

(7) Neither the Honorable Kiselewski, the Honorable Roberts, nor the Honorable Hall shall deny this motion without first scheduling the evidentiary hearing, or without proper consent from the City of Philadelphia Law Department;

(8) Weisgold's complete billing record for Williamson's representation shall be produced; Williamson told the defendant June 9th he only pays Weisgold via Cash Payments. Of course he does.

(9) Plaintiff and counsel shall give Defendant 72 hours' written notice before any future posting or execution;

(10) Such other equitable relief as required. This motion does not waive any defense or pending request.

Respectfully submitted,

**Chad Mark Franco Ferrari, Defendant Pro Se**

1119 Wallace Street, 1st Floor, Philadelphia, PA 19123

chadferrari@me.com | (215) 483-1985

Date: August 31, 2026

# PROPOSED ORDER

*Williamson v. Ferrari | March Term, 2026, No. 3340 | Docket: 260303340*

AND NOW, this _____ day of _____________, 2026:

1. The September 3, 2026 discovery hearing (Roberts, Courtroom 602) is INDEFINITELY STAYED.

2. The September 4, 2026 non-jury trial (Hon. Yorgey-Girdy, Courtroom 446) is INDEFINITELY STAYED.

3. No writ of possession shall be executed pending the evidentiary hearing.

4. Control No. 26084674 is EXTENDED indefinitely until the evidentiary hearing is completed.

5. An EVIDENTIARY HEARING on the threshold issues is scheduled for _____________, 2026 before a conflict-free judge.

6. The PA Attorney General's Office is invited as an observer at all future civil hearings.

7. Neither the Honorable Kiselewski, Roberts, nor Hall shall deny this motion without first scheduling the evidentiary hearing.

8. Plaintiff and counsel shall give 72 hours' written notice before any future posting or execution.

9. Upon completion of the evidentiary hearing, this Court will consider EXPUNGEMENT of both proceedings.

10. This Order does not waive any defense or pending motion.

BY THE COURT:

__________________________________

J.

# RULE TO SHOW CAUSE

*Williamson v. Ferrari | March Term, 2026, No. 3340 | Docket: 260303340*

AND NOW, a RULE is entered upon Plaintiff Richard Williamson to show cause why:

(a) The September 3 and September 4 proceedings should not be indefinitely stayed pending evidentiary hearing;

(b) The lease did not auto-renew March 1, 2026 given that no certified mail (PS Form 3811 green receipt) or personal delivery notice was provided under Section XXIV;

(c) The DiCicco judgment should not be vacated given the "$50K to $0 clean possession" strategy admitted by counsel, the clerk's mid-opening interruption, and DiCicco's LinkedIn deletion the week after JCB complaints;

(d) Weisgold's admitted phone and email coordination with Piscopo in January 2026 does not require examination;

(e) The December 11 PFA served on Patricia Ferrari by Gary DeFinis, held 28 days, deployed as a pretext for coordinated attack, does not demonstrate cross-track coordination;

(f) Sulman's June 29, 2026 under-oath admission and Olszewski's manufactured administrative SKU do not require examination;

(g) Williamson's and Weisgold's subpoenas to the September 11 custody trial do not make execution of the eviction the preceding week an obstruction of that proceeding.

Response within ten (10) days. Hearing proceeds as scheduled.

**BY THE COURT:**

______________________________________

J.

# VERIFICATION

I, Chad Mark Franco Ferrari, verify the foregoing is true and correct to the best of my knowledge, information, and belief. My lease auto-renewed March 1, 2026. No certified mail notice or green return receipt (PS Form 3811) was ever produced. No personal delivery notice occurred. The DiCicco judgment reflects $0.00 rent owed. Weisgold admitted in writing that he purposely sought zero monetary judgment to obtain clean possession, and that he coordinated with Michelle Piscopo via phone and email multiple times in January 2026. DiCicco's clerk stopped my opening statement approximately three sentences in. DiCicco deleted his LinkedIn connections the week after I filed 4 "highly sophisticated" JCB complaints. Roberts denied every motion without a single hearing, timed his supersedeas denial to block Hall's August 5 hearing, and reversed himself under institutional pressure 90 minutes after City Law received Weisgold's "no stay" announcement. Gary DeFinis served the PFA affidavit on my mother Patricia Ferrari on December 11, 2025, not on me. Blank Rome held it for 28 days. My December 23 motion to depose 14 people and my December 24 Christmas Eve custody email — both protected legal acts — were weaponized as the pretext. Sulman admitted under oath on June 29, 2026 to contact with both Williamson and Weisgold. Both Williamson and Weisgold are subpoenaed to appear at the September 11 Wahl custody trial. I deposited escrow three times ($5,100) and stopped when Williamson gloated that he was in with the system. Rich texted me on August 7 asking me to pay the supersedeas — on a lease he says expired. I have pending multi-million dollar civil and federal claims against Blank Rome that directly affect Roberts's wife Shannon McClure's year-end partnership compensation. I am in current lawful possession of 1119 Wallace Street, 1st Floor, Philadelphia, PA 19123. I am subject to 18 Pa.C.S. § 4904.

**Chad Mark Franco Ferrari, Defendant Pro Se**

1119 Wallace Street, 1st Floor, Philadelphia, PA 19123

Date: August 31, 2026

# CERTIFICATE OF SERVICE

I certify that on August 31, 2026, true and correct copies including all exhibits were served by electronic mail upon:

Dean E. Weisgold, Esq. — dean@weisgoldlaw.com

Richard Williamson — richard_williamson03@yahoo.com

Sheriff Real Estate — sheriffrealestate@phila.gov

Sheriff Rochelle Bilal — rochelle.bilal@phila.gov

City of Philadelphia Law Department — law.department@phila.gov

Ryan Smith, Esq. — Ryan.Smith@phila.gov

Emily Bley, Esq. — emily.bley@phila.gov

Renee Garcia, Esq. — renee.garcia@phila.gov

Monique Galloway (incoming) — monique.galloway@phila.gov

Office of Attorney General David W. Sunday, Jr. — info@attorneygeneral.gov (courtesy copy)

**Chad Mark Franco Ferrari**

Date: August 31, 2026

# EXHIBIT APPENDIX

## DEFENDANT'S EMERGENCY MOTION FOR INDEFINITE STAY OF THE SEPTEMBER 3 AND SEPTEMBER 4, 2026 PROCEEDINGS

## EXHIBITS A THROUGH O

*Williamson v. Ferrari*
Court of Common Pleas of Philadelphia County · Trial Division — Civil
March Term, 2026, No. 3340 | Docket: 260303340

**Chad Mark Franco Ferrari, Defendant Pro Se**
1119 Wallace Street, 1st Floor, Philadelphia, PA 19123
chadferrari@me.com | (215) 483-1985

August 31, 2026

# EXHIBIT A

**STAMPED ORDER — CONTROL NO. 26084674 — AUGUST 20, 2026EXPIRES SEPTEMBER 4, 2026 — THE TRIAL DATE ITSELF**

*Williamson v. Ferrari | March Term, 2026, No. 3340 | Docket: 260303340*

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**TRIAL DIVISION – CIVIL**

| | | |
|---|---|---|
| WILLIAMSON | : | |
| | : | March Term 2026 |
| v. | : | |
| | : | No. 3340 |
| FERRARI | : | |
| | : | Control No. 26084674 |
| | : | |

**ORDER**

**AND NOW, this 20th day of August, 2026,** upon consideration of the Emergency Motion to Stay, it is **ORDERED** the Motion is **GRANTED IN PART** as follows:

1. This action shall proceed to trial as scheduled on September 4, 2026. Between the date of this Order and the trial, the appeal shall be maintained and no writ of possession shall issue.

2. In all other respects, the Motion is **DENIED.**

ORDER-Williamson Vs Ferrari [LKO]
26030334000162

BY THE COURT:

_____________________
J.

AND NOW, this 20th day of August, 2026, upon consideration of theEmergency Motion to Stay, it is ORDERED the Motion is GRANTED INPART as follows: 1. This action shall proceed to trial as scheduled on September 4, 2026. Between the date of this Order and the trial, the appeal shall be maintained and no writ of possession shall issue. 2. In all other respects, the Motion is DENIED. ORDER-Williamson Vs Ferrari [LKO] BY THE COURT: 26030334000162

*The protection in this Order terminates the moment the September 4 trial opens. If judgment enters that day, the writ becomes immediately executable — during the week of the September 11, 2026 custody trial for C.R.F. and C.J.F.*

# EXHIBIT B

**WEISGOLD AUGUST 20, 2026 EMAIL — 1:10:33 PM EDT"THERE IS NO STAY OF EXECUTION"**

*Williamson v. Ferrari | March Term, 2026, No. 3340 | Docket: 260303340*

**AUTHENTICATED EMAIL RECORD — Gmail Message ID: 1a02026f6916ee58**

```
From: dean@weisgoldlaw.com Dean E. Weisgold, Esquire 1835 Market Street, Suite
1215, Philadelphia, PA 19103Date: August 20, 2026 at 1:10:33 PM EDTTo: CHAD FERRARI
<chadferrari@me.com>Cc: Ryan.Smith@phila.gov [CITY LAW DEPARTMENT]
emily.bley@phila.gov [CITY LAW DEPARTMENT] renee.garcia@phila.gov [CITY
LAW DEPARTMENT] monique.galloway@phila.gov [CITY LAW DEPARTMENT]
law.department@phila.gov rochelle.bilal@phila.gov [NAMED FEDERAL DEFENDANT]
larry.krasner@phila.gov [NAMED FEDERAL DEFENDANT] vincent.corrigan@phila.gov
[NAMED FEDERAL DEFENDANT] brett.zakeosian@phila.gov [NAMED FEDERAL DEFENDANT]
michelle.piscopo@blankrome.com [BLANK ROME LLP] mary.vidas@blankrome.com [BLANK
ROME LLP] alan.hoffman@blankrome.com [BLANK ROME LLP]
deborah.nicosia@blankrome.com [BLANK ROME LLP] cathy.vanarsdale@blankrome.com [BLANK
ROME LLP] sheriffrealestate@phila.gov ; sheriffmortgage@phila.gov
ra-aggeneral@pa.gov ; info@attorneygeneral.gov usapa.edpa@usdoj.gov ;
odiscipline@pacourts.us cherelle.parker@phila.gov ; oig@phila.gov ; controller@phila.gov
lauren.marshall@courts.phila.gov ; aneesha.shabazz@courts.phila.gov (approximately 35
recipients)Attach: Ferrari orders.pdf------------------------- MESSAGE BODY
-------------------------Mr. Ferrari:Attached are eight (8) orders entered in the Court of Common
Pleasof Philadelphia denying various motions filed by you. There is nostay of execution.Thank you
for your attention to this matter.----------------------------------------------------------------
```

*This email reached the City of Philadelphia Law Department at 1:10:33 PM EDT. Approximately ninety minutes later the Honorable Joshua H. Roberts entered Control No. 26084674 staying the writ (Exhibit A). Nothing in the law or the record changed in that interval. What changed is that City Law — counsel for Sheriff Bilal and other City employees named as defendants in Ferrari v. Leonard et al., 2:26-cv-01866-GAW — learned in writing that their clients were about to execute a writ against the plaintiff in that federal action.*

# EXHIBIT C

## EXECUTED LEASE — 1119 WALLACE STREET, UNIT 1SECTION I(A) AUTO-RENEWAL · SECTION XXIV CERTIFIED MAIL

*Williamson v. Ferrari | March Term, 2026, No. 3340 | Docket: 260303340*

DocuSign Envelope ID: A65E0436-41DC-4AE3-BE16-42E48C1ED1C9

**RESIDENTIAL LEASE**

This lease agreement is made this 2/28/2025 | 9:29 PM EST, by and between **Richard Williamson**, ("Landlord") and **Chad Ferrari**, (collectively, "Tenant"). The Landlord hereby agrees to lease to the Tenant, and the Tenant hereby agrees to lease from the Landlord, the unit (1st floor, basement and backyard) known as 1119 Wallace Street, UNIT 1, Philadelphia, PA 19123 (the "Premises").

I. **Term of Lease.**

A. The term of this Lease will be for a period beginning on March 1, 2025, and ending on February 28, 2026. Upon the expiration of this period, the Lease will renew on a month to month basis, unless agreed to otherwise by Landlord and Tenant. On or after June 1, 2025, the Tenant may terminate this Lease by providing the Landlord with written notice of their intent to vacate the premises. Such notice must be given at least thirty (30) days prior to the intended move-out date.

II. **Rent and Late Charges.**

The rent is payable in monthly payments of $1700 in advance on the first day of each and every month during the term of this Lease. Payments to be made via cash or Landlord approved electronic method (Zelle, Venmo, Cashapp). Landlord shall require, as additional rent, the payment of a late charge for any monthly payment not received as of the fifth day of the month. This late fee shall be $100.00. **The initial payment consists of First month ($1700.00), Last month ($1700.00), and Security Deposit ($1700.00) for a total of $5100.00.**

III. **Security Deposit.**

A. Tenant will pay to Landlord a security deposit of $1700. This amount shall be held in trust by Landlord as security for Tenant's performance of each and every term and condition of this Lease. Tenant may not apply the security deposit to any rental payment for any reason, except as permitted by law.

B. Within thirty days after the end of this Lease, Landlord will return to Tenant the security deposit and Tenant's portion of the interest, less any deductions made under this Lease. Landlord is authorized to deduct from the security deposit the full amount of any reasonable cost incurred as a result of Tenant's breach of any term or condition of this Lease, including payment of any utility charges. Landlord shall provide Tenant with a statement itemizing the interest and any deduction within thirty days after the termination of the tenancy. Tenant shall provide Landlord a correct forwarding address at least two weeks before the end of the tenancy.

C. If Landlord's interest in the Premises is transferred, the Landlord shall turn over the security deposit plus Tenant's portion of the interest to the new landlord. Landlord shall additionally notify Tenant of the name and address of new landlord. Notice shall be given within five days after the transfer, by registered or certified mail. On providing notice, Landlord shall then no longer have any obligation to Tenant for the return of the security deposit and accrued interest or earnings. The Tenant hereby acknowledges that the Tenant may not utilize the security deposit for the last or any other month's rent.

IV. **Utilities and Services.** Landlord is responsible for payment of charges for cold water service, heat (gas), cooking gas and hot water (gas) service to the Property. Tenant is responsible for electric (PECO- 1-800-494-4000) and any other utility bills (e.g., cable, internet, etc). WIFI included. Landlord agrees to supply a refrigerator and gas oven, both of which Tenant agrees to maintain pursuant to this lease and Tenant will replace if such items are damaged / not functional at any time.

V. **Interruption in Utilities and Services.** Landlord is not liable for any stoppage or reduction of services caused by factors or forces beyond Landlord's control. If there is such an interruption, Landlord shall reasonably promptly after receiving notice of such interruption take steps within his control to restore the service. Tenant agrees that if Landlord takes reasonable steps to restore the service, Landlord will not be liable

to Tenant for the interruption. Nothing in this Paragraph shall be construed to waive Landlord's warranty of habitability, or to limit Tenant's remedies in the event of a breach of that warranty.

VI. **Use of Premises.** Tenant shall possess and use the Premises only as a private residence for Tenant. Tenant will comply with all legal requirements for the use of the Premises, and will not use the Premises for unlawful purposes.

VII. **Tenant's Maintenance of Premises.**

A. Tenant shall take good care of the Premises. At Lease end, Tenant shall vacate the Premises, leaving them in as good a condition as existed at the beginning of the term, except for reasonable wear and tear. If the Premises are not left in such condition, Tenant will be responsible to pay Landlord for all cleaning costs and other costs for repairing damage to the Premises or to any fixtures. Tenant shall pay the cost of repair for any damage or breakage caused by Tenant, Tenant's family, visitors, or any other persons on the Premises with Tenant's permission. Tenant shall do nothing to destroy, deface, damage, or remove any part of the Premises, including the plumbing and electrical fixtures, doors, windows, fences, shrubs, lawns, and common facilities. Damage for which Tenant may be liable includes all replacement costs. Tenant is permitted to paint the premises, provided that the premises is returned to the same color and finish as existed at the beginning of the term of the lease.

B. Tenant shall promptly notify Landlord of any condition that requires repair. If Tenant does not provide prompt notice, Tenant is liable for any damage that occurs because of the delay. Any payment due under this Paragraph shall be treated as additional rent and shall be paid with the first monthly rental payment following presentation of an invoice from Landlord to Tenant.

C. The Tenant hereby covenants to leave the Premises in "broom clean" condition upon the expiration of this Lease.

VIII. **Delivery of Possession and Tenant's Right to Quiet Enjoyment.** Landlord shall make the Premises available to Tenant on the first day of the initial term of this Lease, unless possession is not possible due to the holdover of a prior Tenant or other condition beyond Landlord's reasonable control. Landlord is not liable to Tenant for a delay in delivering use of the Premises, but Landlord shall deliver possession as soon as reasonable possible. The obligations of the Landlord and Tenant under this Paragraph 8 are not excused because of any such delay, but Tenant's obligation to pay rent will begin on the date that Landlord actually gives possession of the Premises, and rent of any partial month of possession at the beginning of the term shall be prorated under the formula set forth in Paragraph 2 of this Lease. Tenant shall be entitled to the quiet enjoyment of the Premises, free from any interference from Landlord or any person under Landlord's control, during the term of the Lease as long as Tenant is not in default of any obligation under this Lease.

IX. **Liability of Landlord and Tenant.** Tenant agrees that the Landlord shall not be liable for any damages, losses, injuries, or expenses incurred by the Tenant, its employees, agents, contractors, or invitees, arising from or related to the Tenant's use or occupancy of the leased premises, except for damages resulting from the Landlord's gross negligence or willful misconduct. In no event shall the Landlord be liable for any indirect, consequential, incidental, or punitive damages. The Tenant agrees to indemnify, defend, and hold harmless the Landlord and its officers, directors, employees, agents, and representatives from and against any and all claims, actions, liabilities, losses, damages, penalties, fines, costs, and expenses, including attorneys' fees, arising out of or related to (a) the Tenant's use, occupancy, or maintenance of the leased premises, (b) any act, omission, or negligence of the Tenant, its agents, employees, contractors, or invitees, or (c) any breach of the Tenant's obligations under this lease. This indemnity shall apply whether the claim arises during the term of this lease or thereafter. The Landlord shall not be responsible for any damage or loss to the Tenant's property or the property of the Tenant's agents, employees, contractors, or invitees, including but not limited to damages resulting from theft, vandalism, fire, water, or other natural causes, unless caused by the Landlord's gross negligence or willful misconduct.

Tenant must give prompt written notice to Landlord of any condition or defect affecting the Premises that Tenant could reasonably foresee resulting in liability or loss. This notice must be given within twenty-four (24) after

Landlord has the legal right to pursue all remedies under this Lease against each and every Tenant individually and that Landlord is not required to apportion or divide said liability amongst the various individual Tenants.

XXVII. **Right to Show Premises.** The Landlord may employ a Realtor to either sell or rent the Premises no more than ninety (90) days prior to the expiration of this Lease. The Tenant agrees to allow the Premises to be shown to prospects between the hours of 10:00 a.m. and 8:00 p.m. either by appointment or by use of the key. The Tenant will permit a key box to be used by all appropriate realtors.

XXVIII. **Binding.** This Lease is binding on the Landlord and the Tenant and all parties who lawfully succeed to their rights or take their places.

XXIX. **Full Agreement.** The parties have read this Lease. It contains their full agreement. It may not be changed except in writing signed by Landlord and Tenant.

**IN WITNESS WHEREOF,** the Landlord and each of the individual Tenants has executed this Lease on the day and year first above written.

Richard Williamson ______ 2/28/2025 | 9:29 PM EST
Richard Williamson — Date

______ 3/1/2025 | 8:59 AM EST
Chad Ferrari — Date



SECTION I(A) – VERBATIM: "The term of this Lease will be for a period beginning on March 1, 2025, and ending on February 28, 2026. Upon the expiration of this period, the Lease will renew on a month to month basis, unless agreed to otherwise by Landlord and Tenant."SECTION XXIV – VERBATIM: "Notice may be given by personal delivery to the other party or by certified mail, return receipt requested."CERTIFIED MAIL, RETURN RECEIPT REQUESTED = PS FORM 3811 –the green delivery receipt card proving delivery to the tenant. No PS Form 3811 green receipt has ever been produced. No certified letter was ever mailed. No personal delivery ever occurred. No mutual agreement to terminate was ever reached.THE LEASE AUTO-RENEWED ON MARCH 1, 2026.Defendant is a month-to-month tenant in lawful possession.DocuSign Envelope ID: A65E0436-41DC-4AE3-BE16-42E48C1ED1C9Executed 2/28/2025 at 9:29 PM EST

# EXHIBIT D

**FOUR CITY OF PHILADELPHIA 311 COMPLAINTSEVICTION COMPLAINT FILED SIX DAYS LATER**

*Williamson v. Ferrari | March Term, 2026, No. 3340 | Docket: 260303340*

**SELF-AUTHENTICATING GOVERNMENT RECORDS — Pa.R.E. 902(5)**

From: Philly 311 <philly311@phila.gov>To: "chadferrari@me.com" <chadferrari@me.com>Date: Tue, 20 Jan 2026 19:52:48 +0000 (GMT)Subject: Confirmation of Your Case # 19470166, 1119 WALLACE ST,Dear Customer,Thank you for submitting your request through the City ofPhiladelphia's 311 Contact Center. This email serves asconfirmation that we have received your request with casedetails below: Service Request Number: 19470166 Subject: Fire Safety Complaint Location: 1119 WALLACE STSincerely,Philly311 Customer Support

From: Philly 311 <philly311@phila.gov>To: "chadferrari@me.com" <chadferrari@me.com>Date: Tue, 20 Jan 2026 19:50:59 +0000 (GMT)Subject: Confirmation of Your Case # 19470153, 1119 WALLACE ST, Service Request Number: 19470153 Subject: Maintenance Complaint Location: 1119 WALLACE ST

ALL FOUR 311 SERVICE REQUESTS — 1119 WALLACE STREET: # 19470153 Maintenance Complaint # 19470157 Maintenance Complaint # 19470161 Shoveling # 19470166 Fire Safety Complaint Filed by: Chad M. Ferrari Source: City of Philadelphia 311 Contact CenterTHE SEQUENCE: Feb 4, 2026 Eviction Diversion Program mediation Mediator: Sandra Collins, Esq. Housing Counselor: Kenya Dow, TURN Philadelphia Feb 5, 2026 Plaintiff files eviction complaint LT-26-02-05-3592 — THE NEXT DAY

*68 Pa.C.S. §250.205 creates a rebuttable presumption of retaliatory eviction where the proceeding follows a tenant's good-faith complaint to a governmental authority. Philadelphia Code §9-804(2) shifts the burden to the landlord to prove non-retaliatory motive. That burden has never been addressed by any court in this proceeding.*

# EXHIBIT E

**WILLIAMSON TEXT MESSAGES — TWO SCREENSHOTSSUPERSEDEAS DEMAND · CHARACTER-WITNESS ADMISSION**

*Williamson v. Ferrari | March Term, 2026, No. 3340 | Docket: 260303340*




TEXT MESSAGE ONE — Rich Williamson (215-669-7205) Fri, Aug 7 at 6:54 PM "Can you pay the supersedeas asap?" Tue, Aug 11 at 11:58 AM "When you going back to public on the gram?" 12:09 PM "Good afternoon Chad. Have you taken your belongings out of the apartment? You have been using it as a storage facility man!" 3:36 PM "Just missed ya yesterday. How is it going?" 1:13 PM "Chad you're crashing out man" "Gonna be in and out of my storage room late this week and weekend. How is moving your stuff you have been storing in the

apartment? PECO said they cut you off for nonpayment."ESTOPPEL: A landlord who demands that a tenant pay supersedeascannot simultaneously maintain that the tenancy ended.




TEXT MESSAGE TWO — Rich Williamson Williamson: "I may testify as a character witness for my jewish sister Julie" Ferrari: "You are a temple law grad!" Williamson: "We stick together" Williamson: "She is a saint for dealing with you as long as she did"Plaintiff — a licensed attorney and a Temple Law graduate —stated in writing that he intended to appear as a characterwitness for Defendant's estranged spouse in the custody matter,while simultaneously prosecuting this eviction against Defendant.

# EXHIBIT F

**DiCICCO MUNICIPAL COURT ORDER — MARCH 12, 2026$0.00 RENT · EIGHT-MINUTE HEARING · TERMINATION OF TERM**

*Williamson v. Ferrari | March Term, 2026, No. 3340 | Docket: 260303340*

**CERTIFIED COURT RECORD — LT-26-02-05-3592**

PHILADELPHIA MUNICIPAL COURT FIRST JUDICIAL DISTRICT OF PENNSYLVANIA 1339 Chestnut Street, 10th Floor, Philadelphia, PA 19107 T. Francis Shields, President Judge John J. Joyce, Deputy Court Administrator # LT-26-02-05-3592 Richard Williamson c/o Dean Weisgold, Esquire 1835 Market Street, Suite 1215 Philadelphia, PA 19103 Plaintiff Chad Ferrari 1119 Wallace Street Unit 1 Philadelphia, PA 19123 Defendant O R D E R AND NOW, to wit this 12th day of March, 2026, upon consideration of the above captioned complaint, it is hereby ordered and decreed that the above captioned case be marked as follows: TapeID: 3 Start Position: 10:18 End Position: 10:26 Judgment for Plaintiff. Judgment in the amount of $0.00 Rent and/or Utilities, plus $0.00 Attorney fees, plus $0.00 Other fees, plus $122.75 Costs for a Total Amount due of $122.75, plus Interest from n/a. Judgment for possession from 03/12/2026. Possession granted on the basis of termination of the term. BY THE COURT:
Christian A. DiCicco (M. Mackner) DEAN E WEISGOLD
Attorney # 052927 1835 MARKET STREET SUITE 1215 PHILADELPHIA, PA 19103
215-599-0327

*FOUR FACTS ON THE FACE OF THIS ORDER: (1) $0.00 in rent was awarded — there is no monetary default of any kind. (2) The tape positions show the entire hearing lasted eight minutes, from 10:18 to 10:26. (3) Possession rests solely on "termination of the term" — a premise Section I(A) of the lease forecloses, because the lease renews month-to-month absent mutual agreement and no Section XXIV certified-mail notice was ever sent. (4) On March 11, 2026 — the day before this judgment — the Honorable Damaris Garcia entered a TRO in Case 260101880 permitting Defendant to reenter and remain; Plaintiff's counsel filed a Praecipe to Discontinue that same day, and obtained this judgment from a different judge the next.*

# EXHIBIT G

## RENTAL LICENSE NONCOMPLIANCE AT LEASE INCEPTIONADMITTED IN WRITING BY PLAINTIFF'S OWN COUNSEL

*Williamson v. Ferrari | March Term, 2026, No. 3340 | Docket: 260303340*

**AUTHENTICATED EMAIL — Gmail Thread ID: 19c967e201e919dd**

From: dean@weisgoldlaw.comDate: February 25, 2026 at 3:32:58 PM ESTTo: CHAD FERRARI <chadferrari@me.com>Cc: ferraritribunal@gmail.com ; patferrari@me.comSubject: Re: 1119 Wallace - License & Certificate Inquiry------------------------- MESSAGE BODY -------------------------We are not seeking rent prior to the effective date of thelicenses. Your lease is over on Saturday. There is no excusenot to vacate by then. The eviction diversion process is over,and trial is [set].------------------------------------------------------------

THE LEGAL CONSEQUENCE OF THAT ADMISSION: Lease executed: February 28, 2025 Lease term commenced: March 1, 2025 Counsel's admission: Plaintiff was not licensed prior to "the effective date of the licenses" Phila. Code §9-3902(1)(a) Rental license required to lease residential property. Phila. Code §9-3901(4)(e) No recovery of possession during any period of licensing noncompliance. City of Philadelphia v. Frempong, 865 A.2d 314 (Pa. Commw. Ct. 2005) Frempong v. Richardson, 2019 PA Super 129 Noncompliance bars BOTH rent AND possession during the period of noncompliance.A license obtained after February 28, 2025 does not cure theunlicensed inception of this tenancy.EIGHT OUTSTANDING L&I VIOLATIONS were filed at 1119 WallaceStreet by L&I Supervisor Williams after Inspector Marty Khouryfailed to process the 311 complaints at Exhibit D.

# EXHIBIT H

## PISCOPO — AUGUST 11, 2026 — THE FOURTEEN-MINUTE FLIPTWO AUTHENTICATED EMAILS, FOURTEEN MINUTES APART

*Williamson v. Ferrari | March Term, 2026, No. 3340 | Docket: 260303340*

**EMAIL ONE — Gmail Thread ID: 19ff135fe7e85cac**

From: Michelle Piscopo <michelle.piscopo@blankrome.com> BLANK ROME LLP One Logan Square | 130 North 18th Street Philadelphia, PA 19103 direct: +1.215.569.5392 | mobile: +1.215.490.7598Date: Tuesday, August 11, 2026 10:24:30 AM EDT (14:24:30 UTC – mailbox timestamp)To: dean@weisgoldlaw.com ; chadferrari@me.comCc: rochelle.bilal@phila.gov ; sheriffrealestate@phila.gov mary.vidas@blankrome.com ; renee.garcia@phila.gov emily.bley@phila.gov ; jacqueline.crowell@phila.gov sheriffmortgage@phila.gov ; ferraritribunal@gmail.com------------------------- MESSAGE BODY -------------------------Ms. Vidas and I are not involved in this matter. Please do notcopy us on emails related to it.--------------------------------------------------------------

**EMAIL TWO — Gmail Thread ID: 19ff142ccdeb2995 — FOURTEEN MINUTES LATER**

From: Michelle Piscopo <michelle.piscopo@blankrome.com> BLANK ROME LLPDate: Tuesday, August 11, 2026 10:38:21 AM EDT (14:38:21 UTC – mailbox timestamp)To: chadferrari@icloud.com ; dean@weisgoldlaw.comCc: rochelle.bilal@phila.gov ; sheriffrealestate@phila.gov mary.vidas@blankrome.com ; renee.garcia@phila.gov emily.bley@phila.gov ; jacqueline.crowell@phila.gov sheriffmortgage@phila.gov ; ferraritribunal@gmail.com info@attorneygeneral.gov ; deborah.nicosia@blankrome.com brett.ward@blankrome.com------------------------- MESSAGE BODY -------------------------Please get help for your mental health issues.-------------------------------------------------------------

THE FOURTEEN MINUTES – MAILBOX-LOCKED IN UTC: 10:24:30 AM Piscopo: "not involved in this matter" 10:38:21 AM Piscopo: "get help for your mental health issues" addressed to Weisgold AND Ferrari, inside THIS docket's email chain 10:42 AM Weisgold: "We do not agree to any stay." 10:49 AM ORDER_153 entered – Roberts recusal DENIED 11:03:39 AM Weisgold: "We are moving forward with the writ of possession notwithstanding your threats."Michelle Piscopo is a partner at Blank Rome LLP. Shannon McClureRoberts – wife of the Honorable Joshua H. Roberts, the judgepresiding over this docket – is also a partner at Blank Rome LLP.(Certified transcript, June 4, 2026 Wahl custody hearing,CRS ID 26080330, p.41 – sworn testimony.)Counsel who disclaims involvement in a matter and then, fourteenminutes later, injects a characterization of the opposing party'smental health into that same matter's email chain, is involved inthe matter.

**ADDITIONAL PISCOPO CORRESPONDENCE — AUGUST 7, 2026, 9:57 AM EDT**

**EMAIL — Michelle Piscopo to Chad Ferrari · Aug 7, 2026 9:57 AM EDT**

---

Begin forwarded message:
From: "Piscopo, Michelle" <michelle.piscopo@blankrome.com>
Subject: Order re Motions 7-31-26(158956777.1).pdf
Date: August 7, 2026 at 9:57:20 AM EDT
To: CHAD FERRARI <chadferrari@me.com>

Mr. Ferrari –

Please see attached Order. I note that you have not served me with either Motion referenced in the Order. Please comply with PA Rule of Civil Procedure 440.

Michelle Piscopo
BLANK ROME
One Logan Square | 130 North 18th Street | Philadelphia, PA 19103
direct: +1.215.569.5392
mobile: +1.215.490.7598
michelle.piscopo@blankrome.com

*Exhibit generated from email as forwarded by Plaintiff - full headers as available - not retyped paraphrasing*

# EXHIBIT I

**SULMAN LISTED AS "ADMINISTRATIVE JUDGE - FAMILY DIVISION"A POSITION HE HAS NEVER HELD**

*Williamson v. Ferrari | March Term, 2026, No. 3340 | Docket: 260303340*

## MUNICIPAL COURT OF PHILADELPHIA COUNTY

**DOCKET**

**Docket Number: MC-51-CR-0000640-2026**

**CRIMINAL DOCKET**

**Court Case**

Commonwealth of Pennsylvania
v.
Chad Ferrari

Page 1 of 3

**CASE INFORMATION**

Judge Assigned: 
Date Filed: 01/11/2026 Initiation Date: 01/11/2026
OTN: U 349998-5 LOTN:
Originating Docket No: MC-51-CR-0000640-2026
Initial Issuing Authority:
Final Issuing Authority:
Arresting Agency: Philadelphia Pd
Arresting Officer: Killman, Robert A.
Complaint/Citation No.: 2526068366-0000640
Incident Number: 2526068366
County: Philadelphia
Township: Philadelphia City

| Case Local Number Type(s) | Case Local Number(s) |
|---|---|
| Originating Docket Number | MC-51-CR-0000640-2026 |
| District Control Number | 2526068366 |
| Originating Document Number | 2526068366-0000640 |

**RELATED CASES**

| Related Docket No | Related Case Caption | Related Court | Association Reason |
|---|---|---|---|
| **Related** | | | |
| MC-51-CR-0015343-2025 | Comm. v. Ferrari, Chad | MC-01-51-Crim | |
| MC-51-CR-0001972-2026 | Comm. v. Ferrari, Chad | MC-01-51-Crim | |

**STATUS INFORMATION**

Case Status: Active

| Status Date | Processing Status |
|---|---|
| 01/11/2026 | Awaiting Trial |
| 01/11/2026 | Awaiting Status Hearing |

Arrest Date: 01/10/2026

Complaint Date: 01/11/2026

**CALENDAR EVENTS**

| Case Calendar Event Type | Schedule Start Date | Start Time | Room | Judge Name | Schedule Status |
|---|---|---|---|---|---|
| Preliminary Arraignment | 01/11/2026 | 2:35 am | B08 | | Scheduled |
| Trial | 01/29/2026 | 9:00 am | Courtroom 6G | ?? Administrative Judge - Family Division Daniel Sulman | Scheduled |
| Waiver Trial | 04/02/2026 | 9:00 am | Courtroom 6G | Judge Tiffany Palmer | Scheduled |

**DEFENDANT INFORMATION**

Date Of Birth: 02/17/1981 City/State/Zip: Philadelphia, PA 19123

**CASE PARTICIPANTS**

| Participant Type | Name |
|---|---|
| Defendant | Ferrari, Chad |

CPCMS 9082 Printed: 02/20/2026

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

CRIMINAL DOCKET – CASE CALENDAR EVENTS – VERBATIM: Event Type Start Date Time Room ---------- ---------- ---- ---- Preliminary Arraignment 01/11/2026 2:35 am B08 Trial 01/29/2026 9:00 am Courtroom 6G Judge Name: "Administrative Judge - Family Division Daniel Sulman" Status: Scheduled Waiver Trial 04/02/2026 9:00 am Courtroom 6G Judge Name: Judge Tiffany Palmer Status: ScheduledDaniel Sulman has never held the position of Administrative Judgeof the Family Division. He was recused from all matters involvingthese parties on October 30, 2025 – see the following page.

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FAMILY COURT DIVISION**
**DOMESTIC RELATIONS BRANCH**

| | | |
|---|---|---|
| JULIE B. FERRARI | : | CASE No. ●C24●2●84 |
| vs. | : | |
| CHAD M. FERRARI | : | IN CUSTODY |

**ORDER**

**AND NOW**, this 3●th day of October, 2●25, whereas:

1. The parties to this matter are Julie Ferrari ("Mother") and Chad Ferrari ("Father").

2. Father has engaged in a deliberate course of conduct in contravening and undermining this Court's orders, including being held in willful civil contempt of a custody order dated February 2●, 2●25, and by intentionally undermining this Court's March 26, 2●25 order for an independent mental health assessment and risk assessment to the extent that said assessments could not be conducted.

3. Father has also disrupted court proceedings in the instant matter to the extent that he presently faces a misdemeanor criminal charge for one count of the alleged unlawful use of an audio or video device in court under 18 Pa.C.S. § 51●3.1 (Case Number MC-51-CR-●●15343-2●25).

4. Father has further engaged in a deliberate course of conduct, without any regard whatsoever for veracity in both court filings and sworn testimony, in which he, *inter alia*: (1) falsely alleged the existence of disqualifying relationships between the undersigned Judge and Mother's counsel and/or her law firm; (2) falsely alleged the existence of disqualifying relationships between a family member of the undersigned Judge and Mother's counsel and/or her law firm; (3) falsely alleged a disqualifying relationship between a family member of the undersigned Judge and Father's former counsel; (4) falsely alleged the existence of a conspiracy

*The October 30, 2025 order recused Judge Sulman from all matters pertaining to the above-captioned parties. Three months later he appears on this criminal docket under a Family Division administrative designation he has never held, scheduled into Courtroom 6G for January 29, 2026. Defender Barbara Flandez identified the irregularity and obtained his recusal before that hearing went forward.*

# EXHIBIT J

## WEISGOLD'S OWN CCP FILING — JUNE 4, 2026HIS OWN WORDS ON THE WEILHEIMER CONNECTION

*Williamson v. Ferrari | March Term, 2026, No. 3340 | Docket: 260303340*

order barring Ferrari from any contact with his ex-wife and children. Ferrari has also been arrested at least three times in the past year for various crimes and is currently out on bail. The police have physically removed Ferrari from the Property at least once by breaking down his door and taking him to jail.

This is not the first time that Ferrari has sought to challenge a judge's impartiality. He has questioned Judge Damaris Garcia's presiding over one of the numerous emergency motions filed by him by noting that she was an attendee with the undersigned at the same bar association event some time ago (the undersigned has never met Judge Garcia although he has appeared before her). Ferrari also filed a motion in the United States District Court for the Eastern District of Pennsylvania in a lawsuit he filed against Larry Krasner, the Philadelphia Police Department and Williamson based on one of his arrests by the Philadelphia Police Department questioning the fact that the husband of the Honorable Gail Weilhimer (assigned to the case) went to college almost 40 years ago with the undersigned (the undersigned has bever appeared before Judge Weilheimer and has no recollection of ever meeting her husband at college). Ferrari has also filed suit against the Honorable Daniel Sulman in the United States District Court for the Eastern District of Pennsylvania in connection with Ferrari's divorce/custody matters that at one time he had some involvement in.

Simply stated, the instant motion is another attempt to delay disposition of the eviction case against Ferrari and should be denied.

DEAN E. WEISGOLD, P.C.

By: [signature]
Dean E. Weisgold, Esquire
Attorney for Plaintiff

Case ID: 260303340
Control No.: 26057643

FROM PLAINTIFF'S COUNSEL'S OWN FILING (Control No. 26057643, p.3): "...the husband of the Honorable Gail Weilheimer went to college almost 40 years ago with the undersigned..."Larry Weilheimer is General Counsel of the Philadelphia Inquirerand the husband of the Honorable Gail A. Weilheimer, the UnitedStates District Judge assigned to Ferrari v. Leonard et al.,No. 2:26-cv-01866-GAW (E.D. Pa.).Richard Williamson and ADA Vincent Corrigan are both nameddefendants in that federal action. Neither has filed an answerto the summons.

# EXHIBIT K

## PFA FILING + CONSCIOUSNESS-OF-GUILT SEQUENCEGARCIA TRO → DISCONTINUE SAME DAY → DiCICCO $0 NEXT DAY

*Williamson v. Ferrari | March Term, 2026, No. 3340 | Docket: 260303340*

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

| | |
|---|---|
| JULIE B. FERRARI<br>PETITIONER<br>VS.<br>CHAD M. FERRARI<br>RESPONDENT | DATE: 24-DEC-24<br>CASE NO. 2412V7349<br>PROTECTION FROM ABUSE<br>ORIGINAL |

Julie F Ferrari Vs Chad Mark Francis Ferrari (BEST)

2412V7349_002

NOTICE OF HEARING AND ORDER

YOU HAVE BEEN SUED IN COURT.

If you wish to defend against the claims set forth in the following papers, you must appear at the hearing scheduled herein. If you fail to do so, the case may proceed against you and a Final Order may be entered against you granting the relief requested in the Petition. In particular, you may be evicted from your residence, prohibited from possessing any firearm, other weapon, ammunition, or any firearm license, and lose other important rights, including custody of your children. A protection order granted by a court may be considered in subsequent proceedings under Title 23(Domestic Relations) of the Pennsylvania Consolidated Statutes, including child custody proceedings under Chapter 53 (relating to custody) and Child Protective Services Law proceedings under Chapter 63(related to juvenile matters).

You must appear at the hearing on DECEMBER 30TH, 2024 at 09:00 AM before HONORABLE MICHAEL FANNING in:

COURTROOM 4F - 4TH FLOOR
1501 ARCH STREET
PHILADELPHIA, PA 19102

If an order of protection has been entered, you MUST obey the Order until it is modified or terminated by the Court after notice and hearing. If you disobey this Order, the police or sheriff may arrest you. Violation of this Order may subject you to a charge of indirect criminal contempt under 23 PA C.S. §6114. Violation may also subject you to prosecution and criminal penalties under the Pennsylvania Crimes Code. Under federal law, 18 U.S.C. §2265, this Order is enforceable anywhere in the United States, tribal lands, U.S. territories, and the Commonwealth of Puerto Rico. If you travel outside of the state and intentionally violate this Order, you may be subject to federal criminal proceedings under the Violence Against Women Act, 18 U.S.C. §§ 2261-2262.

If this Order directs you to relinquish any firearm, other weapon, ammunition, or any firearm license to the sheriff or the appropriate law enforcement agency, you may do so upon service of this Order. As an alternative, you may relinquish any firearm, other weapon, or ammunition listed herein to a third party provided you and the third party first comply with all requirements to obtain a safekeeping permit. 23 Pa. C.S. §6108.3. You must relinquish any firearm, other weapon, ammunition, or any

DV912 REV 03/2022
BE566786

THE THREE-DAY SEQUENCE: March 11, 2026 Hon. Damaris Garcia enters a TRO in Case No. 260101880, Control No. 26037230, finding no final judgment or writ of possession on the record and ordering that Defendant may reenter and remain at 1119 Wallace Street, Unit 1. March 11, 2026 SAME DAY - Plaintiff's counsel files a Praecipe to Discontinue. March 12, 2026 NEXT DAY - Judge DiCicco enters the $0.00 judgment with possession, in a separate proceeding before a different judge. (Exhibit F.)Counsel discontinued on the day one judge ruled against hisclient, and obtained the opposite result from another judge thefollowing day.

# EXHIBIT L

## BAD FAITH PARTICIPATION IN THE EVICTION DIVERSION PROGRAMPHILA. CODE §9-811 — OUTCOME ISSUED 10:35 AM, COMPLAINT FILED SAME DAY

*Williamson v. Ferrari | March Term, 2026, No. 3340 | Docket: 260303340*

### SELF-AUTHENTICATING GOVERNMENT RECORDS — Pa.R.E. 902(5)

From: PHLEvictionDiversion@phila.govTo: chadferrari@me.comDate: Tue, 6 Jan 2026 04:52:46 +0000Subject: City of Philadelphia - Eviction Diversion Program Application Approved------------------------- MESSAGE BODY -------------------------Dear Chad Ferrari and/or remaining occupants at 1119 WALLACE ST,You are invited to participate in the City's free EvictionDiversion Program. Call the Eviction Diversion Program Tenanthotline Monday-Friday 9AM-4PM at 215-523-9501.The Program is an opportunity to stop eviction. You may bescheduled to meet with a City-funded housing counselor if one isavailable. The housing counselor will help you navigate availableresources, develop an action plan and negotiate with yourlandlord. All services are free....provide the following ID: EVP-q6c8fc2dd.-------------------------------------------------------------

### CITY OF PHILADELPHIA — DEPARTMENT OF PLANNING AND DEVELOPMENT — PROGRAM NOTICE

DEPARTMENT OF PLANNING AND DEVELOPMENT CITY OF PHILADELPHIA Division of Housing and Community Development 1234 Market Street, 17th Floor, Philadelphia, PA 19107 Chad Ferrari Property Management Representative: 1119 WALLACE ST Dean Weisgold Unit 1 Landlord (or representative): Philadelphia, PA 19123 Richard Williamson THIS IS NOT AN EVICTION LETTER. PLEASE READ ON. 3. Participate in mediation if scheduled. Mediation is an opportunity to work out disputes facilitated by a neutral mediator... Call the Eviction Diversion Program Tenant Hotline... immediately to participate. If you do not, your landlord may be able to file an eviction case against you in court.

### THE OUTCOME DOCUMENT — ISSUED FEBRUARY 5, 2026 AT 10:35 AM

From: PHLEvictionDiversion@phila.govTo: chadferrari@me.comDate: Thu, 5 Feb 2026 15:35:44 +0000 (10:35 AM EST)Subject: City of Philadelphia - Eviction Diversion Program - Participation Outcome Status------------------------- MESSAGE BODY ------------------------- EVICTION DIVERSION PROGRAM OUTCOME Attention: Please keep this form for your records. If seeking to file an eviction in court, landlord must present this document to court staff. Eviction Diversion ID#: EVP-q6c8fc2dd Date of Program Outcome: 02-05-2026 10:35 AM Property Address: 1119 WALLACE ST Tenant Name: Chad Ferrari Landlord Name: Richard Williamson Application approved on: 01-05-2026 Outcome for this case [marked in red, bold and underlined]: >> "Participation in the Eviction Diversion Program is complete. Thirty (30) days has passed since the application was approved and the landlord has participated in reasonable good faith." [Option 1 - "Agreement reached by parties" - NOT selected] [Option 3 - "Participation is NOT complete" - NOT selected]------------------------------------------------------------

THE SEQUENCE — HOURS, NOT DAYS: Jan 5, 2026 Eviction Diversion application approved. Thirty-day clock begins. ID EVP-q6c8fc2dd. Jan 10, 2026 City notice issued. Dean Weisgold already listed as Property Management Representative. Jan 20, 2026 Four 311 complaints filed at 1119 Wallace Street. (Exhibit D.) Feb 4, 2026 Mediation session. Sandra Collins, Esq. as neutral mediator; Kenya Dow of TURN as housing counselor. Feb 5, 10:35 AM Outcome document generated. Program deemed complete because THIRTY DAYS ELAPSED - not because any agreement was reached. Feb 5, 2026 Plaintiff files the eviction complaint, LT-26-02-05-3592 - THE SAME DAY, using the outcome document the City generated that morning.Philadelphia Code §9-811 requires a landlord to participate inreasonable good faith in the Eviction Diversion Program beforeseeking to evict a tenant in court. Plaintiff attended onesession, reached no agreement, waited out the thirty-day clock,and filed within hours of the moment the clock expired.

***The outcome document was not a finding that Plaintiff resolved anything. It was a finding that thirty days had passed. Plaintiff took the document generated at 10:35 AM and filed the eviction complaint the same day — six days after Defendant's four 311 complaints, and one day after a mediation session at which nothing was agreed.***

# EXHIBIT M

## FEDERAL DOCKET — FERRARI v. LEONARD et al.2:26-cv-01866-GAW (E.D. Pa.) — HON. GAIL A. WEILHEIMER

*Williamson v. Ferrari | March Term, 2026, No. 3340 | Docket: 260303340*

**United States District Court**
**Eastern District of Pennsylvania (Philadelphia)**
**CIVIL DOCKET FOR CASE #: 2:26-cv-01866-GAW**

Ferrari v. Leonard et al
Assigned to: DISTRICT JUDGE GAIL A WEILHEIMER
Cause: 42:1983 Civil Rights Act

Date Filed: 03/23/2026
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**
**Chad Mark Franco Ferrari** — represented by **Chad Mark Franco Ferrari**
1119 Wallace Street
1st Floor
Philadelphia, PA 19123
Email: [illegible]
PRO SE

V.

**Defendant**
**Detective Daniel Leonard**
*individually and in official capacity*

**Defendant**
**Officer Robert James Killman, Jr.**
*individually and in official capacity*

**Defendant**
**Detective Davis**
*(full name TBD), individually and in official capacity*

**Defendant**
**Detective Chad Jeter**
*individually and in investigative capacity*

**Defendant**
**Officer Gonzalez**
*(Badge 5047), individually and in official capacity;*

**Defendant**
**Lt. Sheriff Barry Johnson**
*(Badge 105), individually and in official capacity*

**Defendant**
**Sheriff Rochelle Bilal**
*in her official capacity as Sheriff policy-maker*

**Defendant**
**ADA Brett Zakeosian**
*investigative and supervisory capacity;*

**Defendant**
**ADA Vincent Corrigan**
*investigative and supervisory capacity*

**Defendant**
**DA Larry Krasner**
*official capacity/policy-maker*

**Defendant**
**Richard Williamson**
*private actor conspiring under color of state law* — represented by **DEAN E. WEISGOLD**
DEAN WEISGOLD, PC
1835 MARKET ST.
STE. 1215
PHILADELPHIA, PA 19103
215-599-0327
Fax: 215-599-0322
Email: dean@weisgoldlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**
**City of Philadelphia**

**Defendant**
**Does 1-25**

```
NAMED DEFENDANTS RELEVANT TO THIS MOTION:   Richard Williamson    - Plaintiff in this CCP action
Sheriff Rochelle Bilal    City of Philadelphia    District Attorney Larry Krasner    ADA Vincent
Corrigan    ADA Brett ZakeosianCounsel for Williamson in both the federal and CCP actions:   Dean E.
Weisgold, Esq. - dean@weisgoldlaw.comNeither Williamson nor Corrigan has filed an answer to
thefederal summons.OFFERED AS NOTICE ONLY. Defendant does not invoke federalpreemption and does not
ask this Court to defer to the federalaction.
```

# EXHIBIT N

## WILLIAMSON SUBPOENA — SEPTEMBER 11, 2026WAHL CUSTODY TRIAL, COURTROOM 3B, 1501 ARCH STREET

*Williamson v. Ferrari | March Term, 2026, No. 3340 | Docket: 260303340*

**Commonwealth of Pennsylvania**
**County of Philadelphia**

In the matter of: COURT OF COMMON PLEAS

Julie B. Ferrari
*(Plaintiff)* *(Demandante)*

Fao il{ Term, 2026

vs.

No. QC/44/224284

Chad Mark Franco Ferrari
*(Defendant)* *(Demandado)*

# Subpoena

To: Richard Williamson
*(Name of Witness)* *(Nombre del Testigo)*

1. YOU ARE ORDERED BY THE COURT TO COME TO *(El tribunal le ordena que vengo a)* Courtroom 3B of the Family Division, 1501 Arch Street, AT PHILADELPHIA, PENNSYLVANIA ON *(en Filadelfia, Pennsylvania el)* September 11, 2026 AT *(a las)* 10:22 O'CLOCK A .M., TO TESTIFY ON BEHALF OF *(para atestiguar a favor de)* Chad Mark Franco Ferrari IN THE ABOVE CASE, AND TO REMAIN UNTIL EXCUSED *(en el caso arriba mencionado y permanecer hasta que le autoricen irse).*

2. AND BRING WITH YOU THE FOLLOWING *(Y traer con usted lo siguiente)*:

All communications with Hon. Daniel Sulman, Janice Sulman, Julie B. Ferrari, Dean E. Weisgold, Esq., Mary T. Vidas, Esq., or Michelle Piscopo, Esq. concerning Chad Mark Franco Ferrari from November 1, 2025 to present; all text messages, emails, and ~~recordings concerning the residence at 1119 Wallace Street, 1st Floor; all documents reflecting any landlord-tenant proceeding~~ involving Chad Ferrari.

**NOTICE**

**If you fail to attend or to produce the documents or things required by this subpoena, you may be subject to the sanctions authorized by Rule 234.5 of the Pennsylvania Rules of Civil Procedure, including but not limited to costs, attorney fees and imprisonment.**

**AVISO**

**Si usted falla en comparecer o producir los documentos o cosas requeridas por esta cita, usted estara sujeto a las sanciones autorizadas por la regla 234.5 de las reglas de procedimiento civil de Pensilvania, incluyendo pero no limitado a los costos, remuneracion de abogados y encarcelamiento.**

INQUIRIES CONCERNING THIS SUBPOENA SHOULD BE ADDRESSED TO
*(Las preguntas que tenga acerca de esta Citacion deben ser dirigidas a)*:
ISSUED BY:

Chad Mark Franco Ferrari. Rrq ưe
(Attorney) *(Abogado/Abogada)*

ADDRESS *(Direccion)* 1119 Wallace Street, 3uv'Hqqt, Philadelphia, PA 19123

TELEPHONE NO. *(No. de Telefono)* *437+6: 5/3; : 7

ATTORNEY *(Abogado ID #)* Pro se

BY THE COURT *(Por El Tribunal)*
ERIC FEDER
OFFICE OF JUDICIAL RECORDS *(Oficina de Registros Judiciales)*

PRO
(Clerk) *(Escribano)*

10-200 (Rev. 8/14)

SUBPOENA ISSUED BY THE COURT OF COMMON PLEAS To: Richard Williamson Appear at: Courtroom 3B, Family Division 1501 Arch Street, Philadelphia Date/Time: September 11, 2026 at 10:00 AM On behalf of: Chad Mark Franco Ferrari Issued by: Eric Feder, Office of Judicial RecordsAND BRING WITH YOU THE FOLLOWING — VERBATIM: "All communications with Hon. Daniel Sulman, Janice Sulman, Julie B. Ferrari, Dean E. Weisgold, Esq., Mary T. Vidas, Esq., or Michelle Piscopo, Esq. concerning Chad Mark Franco Ferrari from November 1, 2025 to present; all text messages, emails, and recordings concerning the residence at 1119 Wallace Street, 1st Floor; all documents reflecting any landlord-tenant proceeding involving Chad Ferrari."Plaintiff is a required witness at the September 11 trial.

# EXHIBIT O

## WEISGOLD SUBPOENA — SEPTEMBER 11, 2026DEC 29 NOTICE AND COMPLETE BILLING RECORD DEMANDED

*Williamson v. Ferrari | March Term, 2026, No. 3340 | Docket: 260303340*

Commonwealth of Pennsylvania
County of Philadelphia

In the matter of: COURT OF COMMON PLEAS

Julie B. Ferrari
*(Plaintiff)* *(Demandante)*

Fao il{ Term, 2026

*vs.*

No. QC/44/224284

Chad Mark Franco Ferrari
*(Defendant)* *(Demandado)*

# Subpoena

To: Dean Weisgold, Esq.
*(Name of Witness)* *(Nombre del Testigo)*

1. YOU ARE ORDERED BY THE COURT TO COME TO *(El tribunal le ordena que venga a)* Courtroom 3B of the Family Division, 1501 Arch Street, AT PHILADELPHIA, PENNSYLVANIA ON *(en Filadelfia, Pennsylvaniael)* September 11, 2026 AT *(a las)* 10:22 O'CLOCK A M., TO TESTIFY ON BEHALF OF *(para atestiguar a favor de)* Chad Mark Franco Ferrari IN THE ABOVE CASE, AND TO REMAIN UNTIL EXCUSED *(en el caso arriba mencionado y permanecer hasta que le autoricen irse).*

2. AND BRING WITH YOU THE FOLLOWING *(Y traer con usted lo siguiente)*:

All communications between Weisgold and Richard Williamson, Mary T. Vidas, Esq., Michelle Piscopo, Esq., Hon. Daniel Sulman, Janice Sulman, or any other person concerning Chad Mark Franco Ferrari from November 1, 2025 to present; the December 29, 2025 written notice referenced in Paragraph 16 of the verified complaint in Williamson v. Ferrari, CCP March Term 2026 No. 260303340; the verification page for that complaint; the complete billing record for Weisgold's representation of Williamson.

**NOTICE**

**If you fail to attend or to produce the documents or things required by this subpoena, you may be subject to the sanctions authorized by Rule 234.5 of the Pennsylvania Rules of Civil Procedure, including but not limited to costs, attorney fees and imprisonment.**

**AVISO**

**Si usted falla en comparecer o producir los documentos o cosas requeridas por esta cita, usted estara sujeto a las sanciones autorizadas por la regla 234.5 de las reglas de procedimiento civil de Pensilvania, incluyendo pero no limitado a los costos, remuneracion de abogados y encarcelamiento.**

INQUIRIES CONCERNING THIS SUBPOENA SHOULD BE ADDRESSED TO
*(Las preguntas que tenga acerca de esta Citacion deben ser dirigidas a):*
ISSUED BY:

Chad Mark Franco Ferrari, Rrq ue
(Attorney) *(Abogado/Abogada)*

ADDRESS *(Direccion)* 1119 Wallace Street, 3uvHqqt, Philadelphia, PA 19123

TELEPHONE NO. *(No. de Telefono)* *437+6: 5/3; : 7

ATTORNEY *(Abogado ID #)* Pro se

BY THE COURT *(Por El Tribunal)*
ERIC FEDER
OFFICE OF JUDICIAL RECORDS *(Oficina de Registros Judiciales)*

PRO
(Clerk) *(Escribano)*

10-200 (Rev. 8/14)

SUBPOENA ISSUED BY THE COURT OF COMMON PLEAS To: Dean Weisgold, Esq. Appear at: Courtroom 3B, Family Division 1501 Arch Street, Philadelphia Date/Time: September 11, 2026 at 10:00 AM On behalf of: Chad Mark Franco Ferrari Issued by: Eric Feder, Office of Judicial RecordsAND BRING WITH YOU THE FOLLOWING — VERBATIM: "All communications between Weisgold and Richard Williamson, Mary T. Vidas, Esq., Michelle Piscopo, Esq., Hon. Daniel Sulman, Janice Sulman, or any other person concerning Chad Mark Franco Ferrari from November 1, 2025 to present; the December 29, 2025 written notice referenced in Paragraph 16 of the verified complaint in Williamson v. Ferrari, CCP March Term 2026 No. 260303340; the verification page for that complaint; the complete billing record for Weisgold's representation of Williamson."The December 29, 2025 notice is the document on which the entiretermination-of-term theory rests. Lease Section XXIV required itto be sent by certified mail, return receipt requested. No PSForm 3811 green receipt has ever been produced. (Exhibit C.)

# EXHIBIT R-8

Plaintiff's Response to Motion for Recusal, June 4, 2026 (Weisgold)

*[attached]*

04 JUN 2026 03:26 pm
Civil Administration
J. BOYD

| | |
|---|---|
| RICHARD WILLIAMSON<br>Plaintiff<br><br>v.<br><br>CHAD FERRARI<br>Defendant | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>MARCH TERM, 2026<br>No. 3340 |

**ORDER**

AND NOW, this ____ day of _____________, 2026, upon consideration of Defendant's Motion for Recusal and Disqualification of the Honorable Joshua H. Roberts, and Plaintiff's response thereto, it is hereby ORDERED that the Motion is DENIED.

BY THE COURT:

_________________________
J.

Case ID: 260303340
Control No.: 26057643

**DEAN E. WEISGOLD, P.C.**
By: Dean E. Weisgold, Esquire
Attorney I.D. No. 52927
1835 Market Street, Suite 1215
Philadelphia, PA 19103
(215) 979-7602

Attorney for Plaintiff
Richard Williamson

| | |
|---|---|
| RICHARD WILLIAMSON<br>Plaintiff<br><br>v.<br><br>CHAD FERRARI<br>Defendant | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>MARCH TERM, 2026<br>No. 3340 |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR RECUSAL AND DISQUALIFICATION OF THE HONORABLE JOSHUA H. ROBERTS**

Plaintiff Richard Williamson ("Williamson"), by and through his attorneys, hereby responds to Defendant's Motion for Recusal and Disqualification of the Honorable Joshua H. Roberts as follows:

This is a residential landlord action filed by Williamson against defendant Chad Ferrari ("Ferrari") relating to an apartment at 1119 Wallace Street, Philadelphia, PA (the "Property"). Ferrari has failed to pay rent since November 2025, and the lease ended by its own terms on February 28, 2026. On March 12, 2026, after trial, the Honorable Christian DiCicco of the Philadelphia Municipal Court entered a judgment for possession against Ferrari as the lease had ended. No request for money damages was made at trial. Ferrari appealed. Ferrari refuses to vacate the Property despite the lease having ended, refuses to pay rent, and refuses to allow access to the Property to address an insect infestation reported by another tenant in the building.

Ferrari's divorce and family court proceedings, where his former spouse is apparently represented by Blank Rome, have absolutely nothing to do with the instant case. His former spouse and children have never lived at the Property. Upon information and belief, there is a protective

order barring Ferrari from any contact with his ex-wife and children. Ferrari has also been arrested at least three times in the past year for various crimes and is currently out on bail. The police have physically removed Ferrari from the Property at least once by breaking down his door and taking him to jail.

This is not the first time that Ferrari has sought to challenge a judge's impartiality. He has questioned Judge Damaris Garcia's presiding over one of the numerous emergency motions filed by him by noting that she was an attendee with the undersigned at the same bar association event some time ago (the undersigned has never met Judge Garcia although he has appeared before her). Ferrari also filed a motion in the United States District Court for the Eastern District of Pennsylvania in a lawsuit he filed against Larry Krasner, the Philadelphia Police Department and Williamson based on one of his arrests by the Philadelphia Police Department questioning the fact that the husband of the Honorable Gail Weilhimer (assigned to the case) went to college almost 40 years ago with the undersigned (the undersigned has bever appeared before Judge Weilheimer and has no recollection of ever meeting her husband at college). Ferrari has also filed suit against the Honorable Daniel Sulman in the United States District Court for the Eastern District of Pennsylvania in connection with Ferrari's divorce/custody matters that at one time he had some involvement in.

Simply stated, the instant motion is another attempt to delay disposition of the eviction case against Ferrari and should be denied.

**DEAN E. WEISGOLD, P.C.**

By: ______________________________
Dean E. Weisgold, Esquire
Attorney for Plaintiff

**DEAN E. WEISGOLD, P.C.**
By: Dean E. Weisgold, Esquire
Attorney I.D. No. 52927
1835 Market Street, Suite 1215
Philadelphia, PA 19103
(215) 979-7602

Attorney for Plaintiff
Richard Williamson

| | |
|---|---|
| RICHARD WILLIAMSON<br>Plaintiff<br><br>v.<br><br>CHAD FERRARI<br>Defendant | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>MARCH TERM, 2026<br>No. 3340 |

**CERTIFICATE OF SERVICE**

I, Dean E. Weisgold, Esquire, hereby certify that a true and correct copy of the foregoing Plaintiff's Response to Defendant's Motion for Recusal, and Disqualification of the Honorable Joshua H. Roberts was served via email and first-class mail on the 4th day of June, 2026, upon the following:

Chad Ferrari
1119 Wallace Street, Unit 1
Philadelphia, PA 19123

**DEAN E. WEISGOLD, P.C.**

By: [signature]
Dean E. Weisgold, Esquire
Attorney for Plaintiff Richard Williamson

# EXHIBIT R-9

Defendant's Requests for Production (71), April 14, 2026

*[attached]*

**CHAD MARK FRANCO FERRARI, Pro Se**
1119 Wallace Street, 1st Floor
Philadelphia, PA 19123
(215) 483-1985 | chadferrari@me.com

**RICHARD WILLIAMSON,** : COURT OF COMMON PLEAS
Plaintiff, : PHILADELPHIA COUNTY
: JANUARY TERM, 2026
**v.** : No. 1880

**CHAD MARK FRANCO FERRARI,** : DE NOVO APPEAL — LT-26-02-05-3592
Defendant. :
____________________________________: Before: To Be Assigned

**DEFENDANT CHAD MARK FRANCO FERRARI'S**
**FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**
**ADDRESSED TO PLAINTIFF RICHARD WILLIAMSON**

April 14, 2026

Pursuant to Pa.R.C.P. 4003.1 and 4009.1, Defendant Chad Mark Franco Ferrari hereby requests Plaintiff Richard Williamson to produce for Defendant's inspection and copying, within thirty (30) days of service hereof, all documents, electronically stored information, communications, recordings, and tangible things specified below that are within the possession, custody, or control of Plaintiff, his agents, his attorneys, or any person acting on his behalf. Each request is to be answered separately and fully.

## I. INSTRUCTIONS

**A.** Documents shall be produced as kept in the ordinary course of business, or organized to correspond to the numbered requests.

**B.** For any document withheld on privilege grounds, provide a privilege log identifying: (i) date; (ii) author; (iii) all recipients; (iv) subject matter; (v) basis of privilege; and (vi) whether any non-privileged portion can be produced.

**C.** Electronic documents shall be produced in native electronic format with all associated metadata, audit logs, access logs, and edit history intact, including full email headers disclosing all To, CC, and BCC recipients. Production in static image format (PDF, printout, or screenshot) shall not satisfy this Request where a native electronic version exists.

**D.** If any responsive document has been lost, deleted, or destroyed, identify it by date, author, recipient, and subject matter, and describe all steps taken to preserve or recover it.

**E.** This Request is continuing in nature. Supplemental production is required promptly upon discovery of additional responsive documents.

## II. DEFINITIONS

**A.** "You," "Your," and "Plaintiff" mean Richard Williamson and any agent, employee, representative, or person acting in concert with him in connection with the subject tenancy or the events of March 3, 2026, including without limitation Leonnie Williamson, Courtnee Williamson, Chad Johnson (based on his documented participation in the March 3, 2026 entry upon the Property and the removal and handling of Defendant's personal property), and Dean E. Weisgold, Esq.

**B.** "Property" means 1119 Wallace Street, Apartment 1, Philadelphia, PA 19123, including all common areas, the basement, and the building exterior.

**C.** "Lease" means the lease agreement dated February 28, 2025, executed on or about March 1, 2025, and all addenda and amendments.

**D.** "Communication" means any exchange of information by any means — email, text, iMessage, WhatsApp, Signal, social media message, voicemail, phone call notes, or letter.

**E.** "The Diversion Session" means the February 4, 2026 Philadelphia Eviction Diversion Program mediation, facilitated by Sandra Collins, Esq. as neutral mediator, with Kenya Dow of TURN as housing counselor.

**F.** "Neighbor Witnesses" means Varvara Lazarides, Jason Stone, and any other resident at or adjacent to 1119 Wallace Street.

**G.** "January 10 Lockout" means any lock change, battery removal, or access restriction at the Property on or about January 10, 2026, including removal of batteries from any alarm, smoke detector, or access-control device.

**H.** "March 3 Lockout" means the formal lock change and access restriction at the Property on or about March 3, 2026, as confirmed in Plaintiff's written communications.

**I.** "The 311 Complaints" means the four (4) fire safety and housing code complaints filed with the City of Philadelphia on or about January 30, 2026.

**J.** "Momjian Firm" means Momjian & Anderer, including Mark B. Momjian, Esq. and Carolyn M. Zack, Esq.

**K.** "Stubits Number" means the cellular telephone number (215) 669-7205, which appears in public records as the primary cell number associated with Plaintiff's communications but is registered under the name of a person other than Richard Williamson.

**L.** "January 8 Warrant" means any arrest warrant, bench warrant, capias, or order for Defendant's apprehension issued on or about January 8, 2026 — two days before Defendant's January 10, 2026 arrest — including any warrant that was not formally served on Defendant prior to the arrest.

**M.** "TRO Sequence" means: (i) Plaintiff's filing of a temporary restraining order against Defendant, which was denied by this Court; (ii) Defendant's subsequent cross-TRO, which this Court granted on March 11, 2026 (Case 260101880); and (iii) Plaintiff's withdrawal or rescission of any outstanding TRO claims on or about March 12–13, 2026 — the same day as the Municipal Court eviction trial and the filing of the Praecipe to Discontinue.

## III. REQUESTS FOR PRODUCTION

### CATEGORY A — LEASE ORIGINATION AND PROPERTY LISTING MISREPRESENTATION

**1.** All documents and communications reflecting how, when, and through whom the February 28, 2025 Lease was originated, including: (a) the identity of any real estate agent, property manager, attorney, or third party who referred, introduced, or recommended Defendant as a prospective tenant; and (b) any online listing, advertisement, or posting for the Property published before the Lease's execution — specifically including any listing representing the Property as a two-bedroom unit or representing the carpeted basement as a habitable bedroom — and the platform on which such listing appeared.

**2.** All documents reflecting the identity of any person who referred Plaintiff to Dean E. Weisgold, Esq., or referred Dean E. Weisgold, Esq. to Plaintiff, in connection with any matter involving Chad Ferrari, the Property, or this litigation.

**3.** All documents reflecting the physical dimensions, square footage, number of bedrooms, and habitability classification of the Property, including any inspection record, appraisal, certificate of rental suitability, or municipal record reflecting the actual configuration of the Property at the time the Lease was executed — specifically whether the basement was represented to Defendant as a sleeping space or habitable bedroom.

### CATEGORY B — THE MOMJIAN FIRM CONNECTION

**4.** All documents and communications between Plaintiff (or Weisgold) and any attorney, employee, or representative of Momjian & Anderer — including Mark B. Momjian, Esq. (mmomjian@momjiananderer.com) and Carolyn M. Zack, Esq.

(czack@momjiananderer.com) — from January 1, 2025, to the present, concerning: (a) Chad Ferrari; (b) the Property or the Lease; (c) any legal proceeding in which Chad Ferrari is a party; or (d) any coordination between this L&T matter and any family court, divorce, or custody proceeding involving Chad Ferrari. This request is specifically grounded in the January 14, 2026 email in which Dean E. Weisgold CC'd both Momjian & Anderer attorneys on L&T communications addressed to Defendant.

**5.** All documents reflecting the nature, purpose, and origin of the relationship between Plaintiff, Weisgold, and Momjian & Anderer in connection with any matter involving Chad Ferrari — including the basis on which Momjian & Anderer was copied on L&T communications on January 14, 2026, and whether that inclusion was initiated by Plaintiff, Weisgold, or a third party.

**CATEGORY C — THE ARREST-AS-LEVERAGE SEQUENCE**

**6.** All documents and communications in which Plaintiff or Weisgold referenced, relied upon, or transmitted information about Defendant's January 10, 2026 arrest in connection with any L&T proceeding, eviction proceeding, mediation, or court hearing — including: (a) Weisgold's January 26, 2026 email stating Defendant "created a dangerous condition by being arrested" and that "the mediator will be advised of your criminal violations"; and (b) any communication in which any person provided Plaintiff or Weisgold with information about the arrest before Defendant disclosed it himself.

**7.** All documents sufficient to identify: (a) the first date on which Plaintiff became aware of Defendant's January 10, 2026 arrest; (b) the identity of every person who communicated that information to Plaintiff or Weisgold; (c) the method and timing of that communication; and (d) any third party connected to any other proceeding involving Defendant who participated in transmitting that information.

**8.** All communications between Plaintiff (or Weisgold) and any law enforcement officer, detective, Philadelphia Police Department employee, Sheriff's Office employee, or Philadelphia District Attorney's Office employee relating to Defendant's arrest, criminal charges, or criminal proceedings, from January 1, 2026, to the present — including any communication occurring before, during, or within 24 hours after Defendant's arrest on January 10, 2026.

**9.** All documents and communications in which Plaintiff or Weisgold threatened, stated, or implied that Defendant's criminal arrest, charges, or mental health evaluation would be presented to any court, mediator, or agency in connection with the L&T proceedings — specifically including Weisgold's January 26, 2026 written statements and any statements made during the February 4, 2026 Eviction Diversion Program session.

**CATEGORY D — COMMUNICATIONS WITH JULIE FERRARI, BLANK ROME LLP, AND THIRD PARTIES**

**10.** All communications between Plaintiff and Julie B. Ferrari, or any member of Julie Ferrari's immediate family, from February 28, 2025, to the present, concerning any of: Chad Ferrari; the Property; the Lease; rent; any lockout; eviction; or any criminal charge, court order, custody matter, PFA order, or family court proceeding involving Chad Ferrari.

**11.** All communications between Plaintiff (or Weisgold) and any attorney, employee, or representative of Blank Rome LLP — including Mary T. Vidas, Esq. and Michelle Piscopo, Esq. — from February 28, 2025, to the present, concerning Chad Ferrari, the Property, the Lease, or any legal proceeding involving Chad Ferrari.

**12.** All documents and communications in which Plaintiff received or transmitted information about Chad Ferrari's family court proceedings, divorce, custody orders, PFA orders, criminal charges, mental health evaluation, or any other legal proceeding outside this L&T matter, from any source.

**13.** All text messages or electronic communications in which Plaintiff stated, implied, or threatened to contact Julie Ferrari, any attorney for Julie Ferrari, or any judicial officer in connection with Chad Ferrari's tenancy, conduct, or legal proceedings — specifically including any communication referencing "contact Julie," "contact Sulman," or any response in the same communication chain.

**14.** All communications between Plaintiff and Varvara Lazarides, Jason Stone, or any other occupant or neighbor at or adjacent to 1119 Wallace Street concerning: (a) Chad Ferrari; (b) events at or near the Property; (c) any request to share, withhold, or not disclose video footage, camera recordings, or other evidence; or (d) any characterization of Defendant or Defendant's conduct.

**<u>CATEGORY E — PATRICIA FERRARI AND THE JANUARY 10–12 SEQUENCE</u>**

**15.** All communications between Plaintiff (or Weisgold) and Patricia Ferrari from January 10, 2026, through January 15, 2026, including any communications in which Plaintiff confronted, threatened, refused entry to, or demanded rent from Patricia Ferrari, or referenced any of Defendant's legal proceedings.

**16.** All communications between Plaintiff (or Weisgold) and Patricia Ferrari in which Plaintiff or Weisgold communicated, previewed, or implied the potential removal, storage, disposition, or destruction of Defendant's personal property at the Property — specifically including any written communication from Weisgold to Patricia Ferrari in which such consequences were discussed prior to any court authorization.

**17.** All documents reflecting Weisgold's January 12, 2026 communications challenging the validity, enforceability, or scope of Patricia Ferrari's Power of Attorney for Chad Ferrari.

**18.** All photos, videos, notes, messages, receipts, or records reflecting the personal property present at the Property on or about January 10, 2026, and the full disposition of each such item — including any item removed, stored, discarded, or retained by Plaintiff, his agents, or any law enforcement officer, from January 10, 2026, through the present.

## CATEGORY F — 311 COMPLAINTS, RENTAL LICENSE, AND HABITABILITY

**19.** All documents relating to the 311 complaints filed against the Property on or about January 30, 2026, including: (a) any notice from the City of Philadelphia; (b) any response by Plaintiff; (c) any inspection report or citation; and (d) all communications between Plaintiff, Weisgold, or any agent and any City of Philadelphia agency official or municipal employee relating to the 311 complaints or any L&I inspection of the Property, including any communication outside the formal 311 submission process.

**20.** All documents and communications reflecting Plaintiff's or Weisgold's knowledge of the 311 complaints at any time prior to the filing of the eviction complaint in this action.

**21.** All documents relating to the rental license, certificate of rental suitability, and certificate of occupancy for the Property, including: (a) the effective date of any rental license; (b) the basis for Weisgold's February 25, 2026 statement that Plaintiff was "not seeking rent prior to the effective date of the licenses"; and (c) any period during which the Property was rented without a valid license.

**22.** All documents reflecting the history of any noise complaint, habitability issue, structural complaint, or L&I complaint at the Property from January 1, 2023, to the present, including: (a) the recurring loud alarm documented by Defendant between 5:00 AM and 6:15 AM and communicated to Plaintiff on multiple occasions; (b) any complaint about stair safety, handrails, or fall hazards; and (c) any outstanding L&I violation, notice of violation, or stop-work order.

## CATEGORY G — THE LOCKOUTS, PROPERTY ACCESS, AND ACCESS-CONTROL ARTIFACTS

**23.** All documents reflecting any remediation performed by Plaintiff in response to any complaint, citation, inspection, or order concerning the Property, including: (a) whether Plaintiff's sole remediation offer for any stair-related condition was limited to placement of carpet on interior stairs; (b) whether that remedy was reviewed or approved by any City of Philadelphia agency; and (c) all communications with any City of Philadelphia inspector or official regarding the Property's habitability status.

**24.** All documents and communications relating to the January 10 Lockout and the March 3 Lockout, including: (a) any authorization from any court, attorney, or third party for either lockout; (b) any notice provided to Defendant prior to either event; (c) the identity of every person present at the Property during either lockout; (d) all correspondence with any locksmith or contractor; (e) all documents, photos, videos, messages, receipts, or notes reflecting removal, replacement, purchase, or discussion of batteries, alarm devices, smoke detectors, locks, keypads, or access-control equipment during January 9–12, 2026, and March 1–4, 2026; and (f) all Ring camera footage, doorbell camera footage, security camera footage, or any other visual recording depicting the Property on January 10, 2026, and March 3, 2026.

**25.** All documents and communications reflecting the factual basis on which Plaintiff first concluded, stated, or asserted that Defendant's property was "abandoned" — including the date of that conclusion and every person consulted before the abandonment claim was first made in Plaintiff's communications beginning March 11, 2026.

**26.** All communications between Plaintiff, Weisgold, or anyone acting on their behalf and Patricia Ferrari (or any representative of Defendant) concerning the disposition, storage, removal, or potential destruction of Defendant's personal property at the Property.

**27.** All documents reflecting the identity and status of the prospective tenant referenced in Weisgold's February 25, 2026 communication that Defendant was "preventing someone else from moving in" — including any lease, listing, or correspondence with any such prospective tenant.

**28.** All documents sufficient to identify whether any smart lock, electronic keypad, key fob system, or app-based access-control device was installed or in use at the Property during Defendant's tenancy — including: (a) all vendor invoices, installation records, and model or serial numbers for any such device; (b) all app logs, code-change notifications, access-event logs, or push notifications reflecting any access to or lock change at the Property on January 9–10, 2026, and March 3, 2026; (c) all communications concerning any change to access codes, fobs, or credentials at any time from January 1, 2026, to March 31, 2026; and (d) all communications with any vendor or support service concerning any such device during that period.

**29.** All documents and communications reflecting any plan, intent, statement, or representation by Plaintiff, his wife Leonnie Williamson, or any family member to personally occupy the Property at any time during or after Defendant's tenancy — including: (a) any statement made during or in connection with the February 4, 2026 Eviction Diversion Program session that Plaintiff's wife or family intended to move into the Property on or about March 1, 2026, or February 1, 2026; and (b) any document reflecting whether any family member actually occupied the Property after Defendant's displacement.

## CATEGORY H — PLAINTIFF'S PLAN FOR PERSONAL OCCUPANCY AND PRETEXT

**30.** All documents and communications reflecting any plan, intent, or representation that the eviction of Defendant was motivated by Plaintiff's desire to personally occupy or re-let the Property — distinguishing any such representation from Plaintiff's simultaneous litigation positions that rent arrears and lease violations were the basis for eviction.

**31.** All documents and communications generated by or relating to the February 4, 2026 Philadelphia Eviction Diversion Program mediation session, including: (a) the post-mediation report prepared by mediator Sandra Collins, Esq., which was to be distributed to all parties; (b) any notes or written summaries prepared by Plaintiff or Weisgold before, during, or after the session; (c) all pre-session and post-session communications between Plaintiff or Weisgold and the Eviction Diversion Program, Sandra Collins, Esq., or Kenya Dow of TURN; and (d) any communications between Plaintiff or Weisgold and the mediator

or program administrator from January 1, 2026, to February 15, 2026, in connection with the February 4 session.

**CATEGORY I — THE FEBRUARY 4, 2026 EVICTION DIVERSION PROGRAM SESSION**

**32.** All documents reflecting the positions taken by Plaintiff or Weisgold during the February 4, 2026 Diversion Session, including: (a) any statement that Plaintiff's wife or family intended to occupy the Property; (b) any stated willingness to waive all rent arrears and legal fees in exchange for possession; (c) any reference to Defendant's criminal charges or mental health evaluation as a basis for seeking possession; and (d) any communications between Plaintiff and Weisgold before or after the session that are inconsistent with Plaintiff's litigation positions in this de novo appeal.

**33.** All communications between Plaintiff or Weisgold and the Eviction Diversion Program, Sandra Collins, Esq., or Kenya Dow of TURN after February 4, 2026, concerning: (a) the post-mediation report and its distribution to the parties; (b) any follow-up action arising from the session; and (c) any request by Plaintiff or Weisgold to limit, delay, or modify the distribution of that report.

**34.** All documents sufficient to show whether the post-mediation report prepared by Sandra Collins, Esq. was ever distributed to the parties following the February 4, 2026 Eviction Diversion Session, and all communications between Plaintiff or Weisgold and the Eviction Diversion Program, Sandra Collins, Esq., or Kenya Dow of TURN concerning any delay, modification, or withholding of that report.

**35.** All communications between Plaintiff and Varvara Lazarides from January 1, 2025, to the present, concerning: (a) Chad Ferrari; (b) events at or near the Property; (c) any request to share, withhold, or not disclose video footage, camera recordings, or other evidence; or (d) any characterization of Defendant or Defendant's conduct.

**CATEGORY J — NEIGHBOR WITNESSES AND WITNESS COORDINATION**

**36.** All communications between Plaintiff and Jason Stone from January 1, 2025, to the present, concerning: (a) Chad Ferrari; (b) events at or near the Property; (c) the habitability conditions at the Property including the recurring early-morning alarm; (d) any request to share, withhold, or not disclose video footage or evidence; or (e) any characterization of Defendant or Defendant's conduct.

**37.** All communications between Plaintiff and any other occupant or neighbor at or adjacent to 1119 Wallace Street in which Plaintiff discouraged any person from sharing video footage or evidence with Defendant, made any statement about Defendant's legal status or conduct, or requested that any person contact law enforcement or any agency regarding Defendant.

**38.** All documents sufficient to identify whether any Tesla vehicle owned, operated, or controlled by Plaintiff or any household member was present and recording during the

January 10 Lockout, March 3 Lockout, or October 2025 vehicle incident at or near the Property — including all exported, retained, or shared Tesla footage or clips from those dates.

**39.** All Ring camera footage, security camera footage, doorbell camera footage, or any other visual recording in Plaintiff's possession, custody, or control depicting: (a) the October 2025 vehicle incident in which a vehicle struck Defendant's parked vehicle at or near the Property; (b) the January 10 Lockout; (c) the March 3 Lockout; or (d) the Gym Incident on March 16, 2026.

**40.** All documents sufficient to identify whether any smart lock, electronic keypad, key fob, or app-based access-control device installed at the Property was accessed, modified, or reset on January 9–10, 2026, or March 3, 2026 — including all vendor invoices, installation records, app logs, code-change notifications, access-event logs, or push notifications reflecting any access or lock status during those periods.

## CATEGORY K — MARCH 12 PRAECIPE, MUNICIPAL COURT PROCEEDING, AND 'INSTRUCTIONS FROM THE COURT'

**41.** All documents and communications relating to the decision to file the Praecipe to Discontinue on March 12, 2026, including: (a) all communications between Plaintiff and Weisgold on March 12, 2026; (b) the precise sequence of events between the Praecipe filing and the physical return of the key to Defendant; and (c) any instruction, suggestion, or communication from any court officer, judicial officer, or third party contributing to that decision.

**42.** All documents reflecting Weisgold's March 31, 2026 statement that Plaintiff chose not to seek rent at trial "to give you an incentive to gracefully vacate" — including all communications preceding that decision and any communications addressing whether this position is consistent with the rent-waiver position communicated during the February 4, 2026 Diversion Session.

**43.** All documents reflecting the "instructions from the Court" referenced in Weisgold's March 22, 2026 email, including: (a) the source of those instructions; (b) the date and method of communication; (c) the full substance of any instruction received; and (d) the identity of every judicial officer, clerk, or court administrator involved in communicating any such instruction.

**44.** All pre-trial communications between Plaintiff's counsel and any Municipal Court judge, judicial officer, clerk, or court administrator relating to the March 12, 2026 trial or the Praecipe filing that reference or relate to any "instructions from the Court" as stated in Weisgold's March 22, 2026 email.

## CATEGORY L — THE GYM INCIDENT AND SPORTING CLUB

**45.** All documents and communications relating to the Gym Incident on or about March 16, 2026, including: (a) all security camera footage from the Sporting Club at the Bellevue or adjacent areas; (b) any incident report; (c) all communications between Plaintiff and Robert Kram, President of the Sporting Club, from March 14, 2026, to the present; and (d) all communications between Plaintiff and any Sporting Club member in which Plaintiff made any statement concerning Defendant.

## CATEGORY M — FOREKNOWLEDGE OF DEFENDANT'S OUTSIDE PROCEEDINGS

**46.** All documents sufficient to identify: (a) the first date on which Plaintiff became aware of any court-ordered mental health evaluation of Defendant; (b) the source of that knowledge; (c) every person who communicated that information to Plaintiff or Weisgold; and (d) the method of communication — grounded specifically in Plaintiff's March 11, 2026 email referencing Defendant's "court ordered Mental Health Evaluation next month."

**47.** All documents and communications between Plaintiff (or Weisgold) and any third party in which information about Defendant's criminal proceedings, mental health evaluation, family court proceedings, or custody matters was transmitted to Plaintiff.

**48.** All documents reflecting any tip, complaint, or information provided by Plaintiff or anyone acting on his behalf to any police, municipal, or court agency concerning Defendant, Patricia Ferrari, or the Property, that was not part of a formal 311 complaint.

## CATEGORY N — FINANCIAL RECORDS

**49.** All rent ledgers, receipts, and payment records reflecting all rent payments made by Defendant or Patricia Ferrari in connection with the Lease, and all claimed rent arrears or late fees.

**50.** All documents reflecting Plaintiff's claimed costs for locksmith services, lock changes, battery removal and replacement, smart-lock code resets, removal or storage of Defendant's personal property, and any alleged property damage at the Property attributable to Defendant.

**51.** All invoices, receipts, or records reflecting any costs incurred by Plaintiff for battery removal, battery replacement, smoke-detector maintenance, or access-control equipment servicing during January 9–12, 2026, and March 1–4, 2026.

**52.** All insurance policies held by Plaintiff providing coverage for any claim arising from Plaintiff's conduct as a landlord, including the lockouts, the Gym Incident, or any retaliatory conduct alleged in this action or in Ferrari v. Leonard et al., 2:26-cv-01866-KSM (E.D.Pa.), and all documents reflecting whether Plaintiff has tendered notice of any such claim.

## CATEGORY O — LEGAL FEES AND THIRD-PARTY FUNDING

**53.** All documents reflecting the identity of every person or entity who has paid, agreed to pay, advanced, reimbursed, or otherwise contributed to any legal fees, costs, or disbursements incurred by Plaintiff in connection with this litigation, any prior L&T proceeding against Defendant, or any proceeding in which Defendant is a party — including all engagement letters, retainer agreements, invoices, billing statements, and payment records reflecting each payment made to Dean E. Weisgold, Esq. or Weisgold Law from January 1, 2026, to the present, and the identity of the payor of each such payment.

## CATEGORY P — ELECTRONICALLY STORED INFORMATION

**54.** All electronically stored information responsive to any request in this set, produced in native format with full metadata intact, including creation date, modification date, author, last-modified-by, and complete email headers disclosing all recipients, CC, and BCC fields.

**55.** For any responsive electronically stored information that has been deleted, archived, overwritten, or is otherwise no longer accessible, identify each such item by subject matter and date, and describe all steps taken to preserve or recover it.

## CATEGORY Q — FEDERAL PROCEEDINGS AND INSURANCE

**56.** All documents and communications reflecting Plaintiff's awareness of, preparation for, or response to Ferrari v. Leonard et al., Civil Action No. 2:26-cv-01866-KSM (E.D.Pa.), including any communications with any co-defendant, attorney, or insurance carrier relating to Plaintiff's exposure in that action.

**57.** All insurance agreements under which any carrier may be liable to satisfy any judgment arising from Plaintiff's conduct alleged in this action or in Ferrari v. Leonard et al., 2:26-cv-01866-KSM (E.D.Pa.).

## CATEGORY R — INTERNAL STRATEGY AND CONSCIOUSNESS OF CASE WEAKNESS

**58.** All non-privileged documents and communications between Plaintiff and Weisgold reflecting the factual basis for: (a) the decision to file the Praecipe to Discontinue on March 12, 2026; (b) the decision not to seek rent at the March 12, 2026 trial; (c) any assessment of the retaliation presumption under 68 Pa.C.S. § 250.205 triggered by the 311 complaints filed six days before the eviction complaint; and (d) any assessment of Plaintiff's exposure in the federal action. Provide a full privilege log for any withheld documents.

**59.** All communications in which Weisgold threatened to seek legal fees and rent at the de novo appeal trial — specifically the March 31, 2026 email stating "we will be seeking these at the appeal trial" — including all supporting documents and any communication addressing whether this position is consistent with the rent-waiver position communicated during the February 4, 2026 Diversion Session.

**CATEGORY S — THE STUBITS NUMBER — PHONE IDENTITY**

**60.** All documents reflecting whether the cellular telephone number (215) 669-7205 — the Stubits Number — was used by Plaintiff or any agent in any communication concerning Chad Ferrari, the Property, this litigation, or any related proceeding, and the identity of the account holder of record for that number.

**CATEGORY T — KEY ACQUISITION, TESLA GPS, AND THE JANUARY 10 ACCESS SEQUENCE**

**61.** All documents sufficient to establish: (a) the identity of every person who possessed a copy of any key, fob, access code, keypad code, or other access credential to 1119 Wallace Street at any time from January 1, 2025, through March 31, 2026; (b) the date on which Plaintiff first came to possess any key or credential that had previously been assigned to Defendant or Defendant's guests; (c) whether that transfer occurred with Defendant's knowledge or consent; and (d) all communications between Plaintiff and Varvara Lazarides from January 1, 2026, through January 15, 2026, concerning any key, access code, fob, or entry credential for the Property.

**62.** All documents sufficient to show whether any Tesla vehicle owned, operated, or controlled by Plaintiff or Leonnie Williamson was present at or near 1119 Wallace Street between 11:00 PM on January 9, 2026, and 6:00 AM on January 10, 2026 — including: (a) any Tesla sentry-mode footage, trip logs, saved routes, navigation history, or location timestamps from that period; (b) any navigation application export, screenshot, or saved-location record from any smartphone or device used by Plaintiff between 11:00 PM on January 9, 2026, and 6:00 AM on January 10, 2026, referencing the Property, access, keys, police, or Defendant; and (c) any communication sent or received by Plaintiff during that same window referencing the Property, any law enforcement officer, or Defendant's arrest.

**63.** All documents and communications reflecting how any law enforcement officer gained access to the interior common areas of 1119 Wallace Street on or about January 10, 2026 — including: (a) whether Plaintiff or any household member was present at the Property between 11:00 PM on January 9, 2026, and 6:00 AM on January 10, 2026; (b) whether Plaintiff provided any key, fob, access code, or other means of entry to any law enforcement officer prior to or during Defendant's arrest; (c) all communications between Plaintiff and Detectives Robert J. Killman, Jr. or Davis (Philadelphia Police Department) from January 8, 2026, through January 12, 2026; and (d) all communications reflecting any coordination between Plaintiff and any law enforcement officer or agency concerning Defendant's arrest or the execution of any warrant at the Property.

**CATEGORY U — SULMAN COORDINATION TEXTS AND JUDICIAL CONTACT THREATS**

**64.** All text messages, iMessages, or electronic communications in which Plaintiff referenced, proposed, or sought advice regarding contact with the Honorable Daniel Sulman in connection with Defendant's tenancy, legal proceedings, or eviction — specifically including any communication asking whether to "contact Sulman" — and all responses in the same communication chain.

## CATEGORY V — THE JANUARY 8 PHANTOM WARRANT, JUDGE PITTMAN, AND ADVANCE KNOWLEDGE OF ARREST

**65.** All documents and communications relating to the January 8 Warrant — any arrest warrant, bench warrant, or capias issued against Defendant on or about January 8, 2026, two days before Defendant's January 10, 2026 arrest — including: (a) the issuing authority and the judicial officer who authorized or signed any such warrant; (b) whether any such warrant was formally served on Defendant prior to the January 10, 2026 arrest; (c) whether Plaintiff or Weisgold had advance knowledge of the existence or planned execution of any such warrant prior to January 10, 2026; (d) any communication between Plaintiff or Weisgold and any person about any pending warrant for Defendant prior to the January 10, 2026 arrest; and (e) the source of any knowledge Plaintiff had about Defendant's imminent arrest.

**66.** All documents and communications between Plaintiff, Weisgold, or any person acting on their behalf and the Honorable Joffie Pittman — or any judicial aide, law clerk, or administrative employee of Judge Pittman's chambers — from January 1, 2026, to the present, concerning: (a) Chad Ferrari; (b) the January 8 Warrant or the January 10, 2026 arrest; (c) any L&T, criminal, family court, or PFA proceeding involving Chad Ferrari; or (d) any information transmitted to Plaintiff about Defendant's legal status, pending warrants, or upcoming arrests or proceedings.

## CATEGORY W — THE TRO SEQUENCE — FRIVOLOUS FILING, DENIAL, CROSS-TRO GRANT, SAME-DAY RESCISSION

**67.** All documents and communications relating to the TRO Sequence, including: (a) the factual basis and evidentiary support Plaintiff relied upon in filing the TRO against Defendant, and all non-privileged communications concerning why Plaintiff sought emergency injunctive relief; (b) all communications between Plaintiff and Weisgold, and between either of them and any third party, upon learning that this Court denied Plaintiff's TRO; (c) all communications between Plaintiff, Weisgold, and any third party — including any judicial officer, court employee, or attorney — upon learning that this Court granted Defendant's cross-TRO on March 11, 2026; and (d) all non-privileged documents and communications reflecting the reason for Plaintiff's withdrawal or rescission of any outstanding TRO claims on or about March 12–13, 2026 — the same day as the Municipal Court eviction trial and the Praecipe to Discontinue — including any communication with any court officer or third party reflecting that reason. Provide a full privilege log for any withheld documents.

## CATEGORY X — STATEMENTS ATTRIBUTED TO DEFENDANT, LANDLORD RECORDINGS, AND CODE ENFORCEMENT RESULTS

**68.** All documents, communications, notes, recordings, and witness statements relating to any statement attributed by Plaintiff or Weisgold to Defendant in any court proceeding, mediation, settlement discussion, or communication with any third party — specifically including: (a) any statement attributed to Defendant to the effect that Defendant threatened to "burn the house down," damage the Property, or cause physical harm to the Property or any person at or near the Property, including without limitation any such statement represented on the record by Weisgold during the March 12, 2026 Municipal Court proceeding before the Honorable Christian DiCicco in Williamson v. Ferrari, LT-26-02-05-3592; (b) the identity of every person who first transmitted each such attributed statement to Plaintiff or Weisgold, and the date, time, and means of transmission; (c) all contemporaneous documents, text messages, emails, voicemails, recordings, or notes memorializing or supporting the existence of each such attributed statement; and (d) every subsequent communication in which Plaintiff, Weisgold, or any agent repeated, paraphrased, referenced, or relied upon each such attributed statement to any mediator, judicial officer, court reporter, law enforcement officer, or third party.

**69.** All documents, communications, and recordings relating to any statement attributed by Plaintiff or Weisgold to Patricia Ferrari, mother of Defendant, concerning Defendant, Defendant's personal property, or the contents of any refrigerator, freezer, pantry, or food storage unit at the Property — specifically including: (a) any claim by Plaintiff that Patricia Ferrari stated, indicated, or implied that Defendant directed her to discard, throw out, remove, or otherwise dispose of any food items, personal property, or belongings from the Property, including without limitation any such claim represented by Plaintiff or Weisgold on the record during the March 11, 2026 Temporary Restraining Order proceeding before the Honorable Damaris L. Garcia in Case No. 260101880; (b) any video recording, audio recording, photograph, or recorded communication in which Patricia Ferrari is depicted, heard, or referenced making any such statement, together with the date of creation, the device used, and the current custodian of each such recording; and (c) all communications in which Plaintiff or Weisgold referenced, quoted, paraphrased, or relied upon any such attributed statement in any proceeding or third-party communication.

**70.** All Ring camera footage, security camera footage, doorbell camera footage, Tesla vehicle footage, smartphone recordings, or any other visual recording in Plaintiff's possession, custody, or control depicting: (a) the January 10 Lockout; (b) the March 3 Lockout; (c) the Gym Incident on March 16, 2026; (d) the October 2025 vehicle incident in which a vehicle is alleged to have struck Defendant's parked vehicle at or near the Property; or (e) any other event for which Plaintiff, Weisgold, or any agent has previously claimed, stated, or represented to any person the existence of video footage concerning Defendant, Patricia Ferrari, the Property, or any event at or near the Property. For each recording produced, identify the date of creation, the device used, and the current custodian.

**71.** All documents, reports, citations, notices of violation, inspection results, remediation orders, correspondence, meeting notes, photographs, audio recordings, and communications issued by, received from, or exchanged with the City of Philadelphia Department of Licenses and Inspections, Fire Marshal's Office, Department of Public Health, or any other municipal code-enforcement agency in connection with the 311 Complaints, the Property, the rental

license for the Property, any habitability issue at the Property, or any inspection of the Property — including: (a) every inspection report, violation notice, or corrective order issued to Plaintiff; (b) every in-person meeting, site visit, or telephone contact between Plaintiff (or any agent) and any City employee relating to the Property; (c) every remediation plan, response, or corrective action submitted, promised, or performed by Plaintiff; and (d) all communications between Plaintiff and any City employee outside the formal 311 submission process.

## RESERVATION OF RIGHTS

Defendant reserves the right to supplement, amend, and propound additional Requests as additional facts and documents come to light in this proceeding. Nothing in these Requests shall be construed as a waiver of any right to seek additional or overlapping discovery in any related proceeding, including the parallel federal action styled Ferrari v. Leonard et al., Civil Action No. 2:26-cv-01866-KSM (E.D. Pa.), in which Plaintiff is a named defendant. Defendant further reserves the right to move to compel and for sanctions under Pa.R.C.P. 4019 as to any Request not answered in full and in good faith.

**Respectfully submitted,**

**Chad Mark Franco Ferrari, Pro Se**

1119 Wallace Street, 1st Floor

Philadelphia, PA 19123

(215) 483-1985 | chadferrari@me.com

Date: April 14, 2026

## VERIFICATION

I, Chad Mark Franco Ferrari, verify that the foregoing Requests are made in good faith, grounded in specific documented facts, and reasonably calculated to lead to the discovery of admissible evidence. I understand that false statements herein are subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

Date: 4/14/26 Signature________________

Chad Mark Franco Ferrari

**CERTIFICATE OF SERVICE**

I, Chad Mark Franco Ferrari, certify that on April 14, 2026, I served a true and correct copy of the foregoing upon Plaintiff's counsel of record via electronic mail and first-class mail:

**Dean E. Weisgold, Esquire**
Weisgold Law, 1835 Market Street, Suite 1215
Philadelphia, PA 19103 | dean@weisgoldlaw.com

Date: 4/14/26 Signature: [signature]

# EXHIBIT R-10

Scheduling Orders — September 3 and 4, 2026 Listings

*[see R-4 (Control 74 sets Sept 4) and R-11 docket]*

# EXHIBIT R-11

CCP Docket Report, No. 260303340 (August 5, 2026 print; current reprint to be supplemented)

*[attached]*

# First Judicial District of Pennsylvania
## Trial Division-Civil
### DOCKET REPORT

| CASE NUMBER | CASE CAPTION |
|---|---|
| 260303340 | WILLIAMSON VS FERRARI |

FILING DATE: 23-MAR-2026 COURT: MA JURY: N

CASE TYPE: MC - LANDLORD/TENANT

STATUS: LISTED FOR PRE-TRIAL CONF

CROSS REFERENCE: MC LT2602053592

RELATED CASES:

*Events:*

| Event Description | Schedule Date/Time | Room/ Location | Judge Name |
|---|---|---|---|
| PRE TRIAL CONFERENCE | 07-AUG-26 11:15:00 | REMOTE HEARING/ VIA ADVANCED COMM | |

*Motions:*

| Motion Description | Assign Date | Date Received | Judge Name |
|---|---|---|---|
| MOTION STAY WRIT OF EXECUTION | 23-JUL-2026 | 23-JUL-2026 26075240 | HALL CHRISTOPHER |
| MOT-PRESERVE DOCUMENTS/EVIDENC | Pending Assignment | 24-JUL-2026 26075410 | |
| MOT-PRE/CMPLT DISCOVERY | Pending Assignment | 24-JUL-2026 26075451 | ROBERTS JOSHUA |
| MOTION TO VACATE FILED | Pending Assignment | 23-JUL-2026 26075246 | ROBERTS JOSHUA |
| MOT-COORDINATION OF ACTIONS | Pending Assignment | 23-JUL-2026 26075249 | ROBERTS JOSHUA |
| MISCELLANEOUS MOTION/PETITION | Pending Assignment | 23-JUL-2026 26075254 | ROBERTS JOSHUA |

*Parties:*

| Seq. No. | Assoc. With | Expiration Date | Party Type | ID | Party Name/ Address |
|---|---|---|---|---|---|
| 1 | | | APPD | @12499588 | FERRARI, CHAD<br>1119 WALACE ST UNIT 1<br>PHILADELPHIA, PA 19123<br>(215)483-1985 |
| 2 | 6 | | APEP | @12499589 | WILLIAMSON, RICHARD |

First Judicial District of Pennsylvania
Trial Division-Civil

| | | | |
|---|---|---|---|
| | | | C/ODEAN WEISGOLD ESQUIRE<br>1835 MARKET ST SUITE 1215<br>PHILADELPHIA, PA 19103 |
| 3 | MUNC | I19626 | **PHILADELPHIA MUNICIPAL COURT**<br>1339 CHESTNUT STREET<br>PHILADELPHIA, PA 19107 |
| 4 | JUDG | J915 | **SUPERVISING JUDGE**<br>656 CITY HALL<br>PHILADELPHIA, PA 19107 |
| 5 | JUDG | J914 | **EMERGENCY JUDGE, JUDGE**<br>ROOM 280 CITY HALL<br>PHILADELPHIA, PA 19107 |
| 6 | APLF | A52927 | **WEISGOLD, DEAN E.**<br>DEAN E. WEISGOLD, P.C.<br>1835 MARKET STREET<br>SUITE 1215<br>PHILADELPHIA, PA 19103<br>(215)979-7602<br>(215)599-0327<br>(215)599-0322 - FAX<br>(215)599-0322 - FAX<br>dean@weisgoldlaw.com |
| 7 | JUDG | J561 | **ROBERTS, JOSHUA**<br>538 CITY HALL<br>PHILADELPHIA, PA 19107 |
| 8 | PROS | P89720 | **FERRARI, CHAD**<br>901 N PENN ST<br>PHILADELPHIA, PA 19123<br>(215)483-1985 |
| 9 | JUDG | J455 | **MOSS, BRADLEY**<br>CRIMINAL JUSTICE CENTER<br>SUITE 1319<br>PHILADELPHIA, PA 19107<br>(215)683-7253<br>(215)683-7255 - FAX |
| 10 | JUDG | J572 | **HALL, CHRISTOPHER**<br>STOUT CENTER<br>PHILADELPHIA, PA 19107 |

*Docket Entries:*

| Filing Date/Time | Docket Entry | Date Entered |
|---|---|---|

First Judicial District of Pennsylvania
Trial Division-Civil

*Docket Entries:*

| Filing Date/Time | Docket Entry | Date Entered |
|---|---|---|
| 23-MAR-2026 16:08:27 | ACTIVE CASE | 23-MAR-2026 |
| 23-MAR-2026 16:16:49 | APPEAL FROM MUNICIPAL COURT<br>NOTICE OF APPEAL FROM DECISION RENDERED ON 3/12/2026 | 23-MAR-2026<br>FERRARI, CHAD |
| 23-MAR-2026 16:16:49 | CASE MANAGEMENT ORDER ISSUED | 23-MAR-2026<br>FERRARI, CHAD |
| 23-MAR-2026 16:16:49 | RULE TO FILE COMPLAINT | 23-MAR-2026<br>FERRARI, CHAD |
| 23-MAR-2026 16:18:12 | MOT-PROCEED IN FORMA PAUPERIS<br>69-26037469 | 23-MAR-2026<br>FERRARI, CHAD |
| 23-MAR-2026 16:20:17 | SUPERSEDEAS PAYMENT SCHEDULE | 23-MAR-2026<br>FERRARI, CHAD |
| 23-MAR-2026 16:20:17 | SUPP INSTRUCTIONS OBTAIN STAY | 23-MAR-2026<br>FERRARI, CHAD |
| 23-MAR-2026 16:20:17 | SUPERSEDEAS GRANTED | 23-MAR-2026<br>FERRARI, CHAD |
| 23-MAR-2026 16:27:49 | MOTION ASSIGNED<br>69-26037469 MOT-PROCEED IN FORMA PAUPERIS ASSIGNED TO JUDGE: SUPERVISING JUDGE, . ON DATE: MARCH 23, 2026 | 23-MAR-2026 |
| 24-MAR-2026 07:36:41 | NOTICE GIVEN<br>NOTICE TO PHILADELPHIA MUNICIPAL COURT PURSUANT TO PHILA.R.C.P. *1001(D) GIVEN. | 24-MAR-2026 |
| 24-MAR-2026 12:43:40 | EMERGENCY MOTION/PET FILED<br>92-26037492 APPELLANT'S EMERGENCY MOTION TO SUSPEND WRIT OF POSSESSION PENDING DETERMINATION OF SUPERSEDEAS FILED. | 24-MAR-2026<br>FERRARI, CHAD |
| 24-MAR-2026 12:58:48 | MOTION ASSIGNED<br>92-26037492 EMERGENCY MOTION/PET FILED ASSIGNED TO JUDGE: | 24-MAR-2026 |

**First Judicial District of Pennsylvania**
**Trial Division-Civil**

| | | |
|---|---|---|
| | EMERGENCY JUDGE, JUDGE . ON DATE: MARCH 24, 2026 | |
| **25-MAR-2026 09:17:22** | **ORDER ENTERED/236 NOTICE GIVEN** | **25-MAR-2026**<br>**GARCIA, DAMARIS** |
| | 92-26037492 UPON CONSIDERATION OF DEFENDANT FERRARIS, EMERGENCY MOTION FILED UNDER CONTROL NUMBER 26037492, IS HEREBY ORDERED AND DECREED THAT THAT THE MOTION IS DISMISSED AS PROCEDURALLY IMPROPER. ...BY THE COURT: GARCIA, DAMARIS L., J., 03.24.2026 | |
| **25-MAR-2026 09:17:23** | **NOTICE GIVEN UNDER RULE 236** | **25-MAR-2026** |
| | NOTICE GIVEN ON 25-MAR-2026 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 25-MAR-2026. | |
| **25-MAR-2026 15:20:04** | **ENTRY OF APPEARANCE** | **25-MAR-2026**<br>**WEISGOLD, DEAN E.** |
| | ENTRY OF APPEARANCE OF DEAN E WEISGOLD FILED. (FILED ON BEHALF OF RICHARD WILLIAMSON) | |
| **10-APR-2026 09:29:32** | **ORDER ENTERED/236 NOTICE GIVEN** | **10-APR-2026**<br>**MOSS, BRADLEY** |
| | THE COURT FINDS THAT THE DEFENDANT FILED A NOTICE OF APPEAL AND COUNSEL HAS ENTERED AN APPEARANCE FOR THE PLAINTIFF, BUT THAT NO COMPLAINT HAS BEEN FILED BY THE PLAINTIFF. BASED ON THE FOREGOING FINDINGS, IT IS HEREBY ORDERED THAT:<br>1. PLAINTIFF SHALL FILE AND SERVE A COMPLAINT BY NO LATER THAN APRIL 30, 2026.<br>2. IF A COMPLAINT IS FILED, THE DEFENDANT SHALL FILE AN ANSWER OR PRELIMINARY OBJECTION BY NO LATER THAN MAY 21, 2026.<br>3. IF NO COMPLAINT IS FILED BY APRIL 30, 2026, THE COURT SHALL ENTER AN ORDER DISMISSING THE ABOVE-CAPTIONED ACTION AND ORDERING THAT THE JUDGMENT ENTERED IN THE PHILADELPHIA MUNICIPAL COURT BE VACATED.<br>4. IF A COMPLAINT IS FILED BY APRIL 30, 2026 AND THE DEFENDANT FAILS TO FILE AN ANSWER OR PRELIMINARY OBJECTION BY MAY 21, 2026, ALL FACTUAL AVERMENTS SET FORTH IN THE COMPLAINT SHALL BE DEEMED ADMITTED.<br>5. NOTHING IN THIS ORDER SHALL BE CONSTRUED TO PROHIBIT THE PLAINTIFF FROM TAKING A DEFAULT JUDGMENT PRIOR TO TRIAL PURSUANT TO PA.R.CIV.P. 1037 IN THE EVENT THAT AN ANSWER OR PRELIMINARY OBJECTION TO THE COMPLAINT IS NOT FILED BY MAY 21, 2026. ...BY THE COURT: MOSS, J., 04/09/2026 | |
| **10-APR-2026 09:29:33** | **NOTICE GIVEN UNDER RULE 236** | **10-APR-2026** |
| | NOTICE GIVEN ON 10-APR-2026 OF ORDER ENTERED/236 NOTICE GIVEN | |

First Judicial District of Pennsylvania
Trial Division-Civil

| | | | |
|---|---|---|---|
| | ENTERED ON 10-APR-2026. | | |
| 13-APR-2026 15:44:56 | **COMPLAINT FILED NOTICE GIVEN** | **14-APR-2026** | **WEISGOLD, DEAN E.** |
| | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. (FILED ON BEHALF OF RICHARD WILLIAMSON) | | |
| 22-APR-2026 16:32:33 | **EMERGENCY MOTION/PET FILED** | **22-APR-2026** | **FERRARI, CHAD** |
| | 12-26047512 EMERGENCY PETITION FOR SPECIAL RELIEF FILED. | | |
| 22-APR-2026 16:37:53 | **MOTION ASSIGNED** | **22-APR-2026** | |
| | 12-26047512 EMERGENCY MOTION/PET FILED ASSIGNED TO JUDGE: EMERGENCY JUDGE, JUDGE . ON DATE: APRIL 22, 2026 | | |
| 22-APR-2026 16:50:19 | **RULE ISSUED** | **22-APR-2026** | |
| | 12-26047512 UPON CONSIDERATION OF DEFENDANT/APPELLANT?S EMERGENCY MOTION/PETITION FILED, IT IS ORDERED THAT A RULE IS ENTERED UPON ALL PARTIES TO SHOW CAUSE WHY THE RELIEF REQUESTED SHOULD NOT BE GRANTED.<br>RULE RETURNABLE ON APRIL 29, 2026 AT 1:30 P.M., IN COURTROOM 275, CITY HALL, PHILADELPHIA, PENNSYLVANIA. THE PARTIES SHALL BE PREPARED TO PRESENT EVIDENCE AND/OR TESTIMONY RELATED TO THE MOTION AND ANY RESPONSE.<br>IT IS FURTHER ORDERED THAT, PRIOR TO THE HEARING, DEFENDANT/APPELLANT SHALL SERVE THIS RULE, AND THE EMERGENCY MOTION, VIA PERSONAL SERVICE, EMAIL, POSTING, AND/OR FACSIMILE, ON ALL PARTIES. DEFENDANT/APPELLANT SHALL FILE PROOF OF SERVICE WITH THE COURT, OR PRESENT PROOF OF SERVICE AT THE TIME OF THE HEARING, OR THE MOTION MAY BE DISMISSED.<br>ALL WRITS OF POSSESSION, AND ANY SCHEDULED EVICTIONS AND/OR LOCKOUTS, ARE TEMPORARILY STAYED PENDING FURTHER ORDER OF COURT.<br>FOR THE COURT:<br>OFFICE OF JUDICIAL RECORDS<br>PHILADELPHIA PA 19107 | | |
| 22-APR-2026 16:50:20 | **NOTICE GIVEN UNDER RULE 236** | **23-APR-2026** | |
| | NOTICE GIVEN ON 23-APR-2026 OF RULE ISSUED ENTERED ON 22-APR-2026. | | |
| 22-APR-2026 16:51:52 | **LISTED EMERGENCY HEARING** | **22-APR-2026** | |
| | 12-26047512 A HEARING IS SCHEDULED FOR 04/29/2026 AT 1:30 P.M. IN | | |

First Judicial District of Pennsylvania
Trial Division-Civil

| | | |
|---|---|---|
| | COURTROOM 275, CITY HALL. | |
| 23-APR-2026 10:20:45 | **ORDER ENTERED/236 NOTICE GIVEN** | 23-APR-2026 SUPERVISING JUDGE |
| | 69-26037469 UPON CONSIDERATION OF THE MOTION TO PROCEED IN FORMA PAUPERIS FILED BY CHAD FERRARI, AND ANY RESPONSE THERETO, IT IS ORDERED THAT: 1. THIS APPEAL SHALL BE A SUPERSEDEAS TO EXECUTION OF THE JUDGMENT OF THE MUNICIPAL COURT SO LONG AS PETITIONER PAYS THE AMOUNTS AS REQUIRED UNDER TO PHILADELPHIA CIVIL RULE *1008(D) INTO ESCROW WITH THE OFFICE OF JUDICIAL RECORDS. 2. PETITIONER IS PERMITTED TO PROCEED WITHOUT PAYING THE COSTS OF THIS PROCEEDING OR POSTING A BOND. 3. PETITIONER IS PERMITTED TO OBTAIN SERVICE OF THE PAPERS FILED WITHOUT COSTS. 4. PETITIONER IS PERMITTED TO PROCEED IN FORMA PAUPERIS AS TO ANY ADDITIONAL COSTS WHICH ACCRUE IN THE COURSE OF THIS PROCEEDING. ...BY THE COURT: ANDERS, J. 4-22-2026 | |
| 23-APR-2026 10:20:46 | **NOTICE GIVEN UNDER RULE 236** | 23-APR-2026 |
| | NOTICE GIVEN ON 23-APR-2026 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 23-APR-2026. | |
| 24-APR-2026 12:14:14 | **TERMINATION OF SUPERSEDEAS** | 24-APR-2026 WEISGOLD, DEAN E. |
| 30-APR-2026 09:36:23 | **ORDER ENTERED/236 NOTICE GIVEN** | 30-APR-2026 HALL, CHRISTOPHER |
| | 12-26047512 UPON CONSIDERATION OF DEFENDANT/APPELLANT CHAD MARK FRANCO FERRARI'S EMERGENCY OMNIBUS PETITION FOR SPECIAL RELIEF, IT IS HEREBY ORDERED THAT THE PETITION IS DENIED. DEFENDANT MUST PAY THE REQUIRED SUPERSEDEAS. ...BY THE COURT: HALL, J., 04/29/2026 | |
| 30-APR-2026 09:36:24 | **NOTICE GIVEN UNDER RULE 236** | 30-APR-2026 |
| | NOTICE GIVEN ON 30-APR-2026 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 30-APR-2026. | |
| 30-APR-2026 14:23:29 | **MONIES DEPOSITED/PROTHY ESCROW** | 30-APR-2026 FERRARI, CHAD |
| | $1700.00 PAID TO OJR, PURSUANT TO ORDER DATED APRIL 29,2026 BY J.HALL. | |
| 05-MAY-2026 16:06:18 | **PRELIMINARY OBJECTIONS** | 05-MAY-2026 FERRARI, CHAD |
| | 94-26057094 RESPONSE DATE: 5/26/2026. DEFENDANT'S PRELIMINARY OBJECTIONS TO PLAINTIFF'S COMPLAINT. | |
| 05-MAY-2026 16:11:18 | **PREL OBJECT-RESP DATE UPDATED** | 05-MAY-2026 |

First Judicial District of Pennsylvania
Trial Division-Civil

| | | |
|---|---|---|
| | 94-26057094 PRELIMINARY OBJECTIONS MOTION RESPONSE DATE UPDATED TO 05/26/2026. | |
| 05-MAY-2026 16:13:38 | **MOTION TO CONSOLIDATE** | **05-MAY-2026**<br>**FERRARI, CHAD** |
| | 95-26057095 DEFENDANT'S MOTION TO CONSOLIDATE OR, IN THE ALTERNATIVE, TO COORDINATE RELATED ACTIONS PURSUANT TO PA.R.C.P 213(A). RESPONSE DATE 5/26/26. | |
| 05-MAY-2026 16:17:12 | **MOTION RESPONSE DATE UPDATED** | **05-MAY-2026** |
| | 95-26057095 MOTION TO CONSOLIDATE MOTION RESPONSE DATE UPDATED TO 05/26/2026. | |
| 06-MAY-2026 16:05:38 | **LISTED FOR PRE-TRIAL CONF** | **06-MAY-2026** |
| 06-MAY-2026 16:05:43 | **ORDER ENTERED/236 NOTICE GIVEN** | **06-MAY-2026** |
| | A PRE-TRIAL CONFERENCE WILL BE HELD ON Friday, June 05, 2026, AT 10:45 AM, AFTER WHICH A PRE-TRIAL ORDER WILL BE ISSUED. THE PRE-TRIAL CONFERENCE WILL BE CONDUCTED USING ADVANCED COMMUNICATION TECHNOLOGY. PLEASE SEE ORDER FOR INSTRUCTIONS ON CONNECTING TO THE ZOOM HEARING PRE-TRIAL CONFERENCE. SEE ORDER FOR FULL TERMS. | |
| 06-MAY-2026 16:05:44 | **NOTICE GIVEN UNDER RULE 236** | **07-MAY-2026** |
| | NOTICE GIVEN ON 07-MAY-2026 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 06-MAY-2026. | |
| 13-MAY-2026 15:22:57 | **ANSWER (MOTION/PETITION) FILED** | **14-MAY-2026**<br>**WEISGOLD, DEAN E.** |
| | 95-26057095 ANSWER IN OPPOSITION OF MOTION TO CONSOLIDATE FILED. (FILED ON BEHALF OF RICHARD WILLIAMSON) | |
| 14-MAY-2026 13:59:22 | **AMENDED COMPLAINT FILED** | **14-MAY-2026**<br>**WEISGOLD, DEAN E.** |
| | AMENDED COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY(20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. (FILED ON BEHALF OF RICHARD WILLIAMSON) | |
| 21-MAY-2026 11:18:18 | **MONIES DEPOSITED/PROTHY ESCROW** | **21-MAY-2026**<br>**FERRARI, CHAD** |
| | $1700.00 PAID TO OJR ON 5/21/2026 | |
| 27-MAY-2026 16:07:21 | **PRELIMINARY OBJECTIONS** | **27-MAY-2026**<br>**FERRARI, CHAD** |
| | 02-26069002 PRELIMINARY OBJECTIONS FILED RESPOSNE DATE 6/16/2026. | |

First Judicial District of Pennsylvania
Trial Division-Civil

| | | |
|---|---|---|
| 27-MAY-2026 16:12:38 | EMERGENCY MOTION/PET FILED | 27-MAY-2026<br>FERRARI, CHAD |
| | 70-26057570 DEFENDANT'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND SPECIAL RELIEF | |
| 27-MAY-2026 16:21:10 | MOTION ASSIGNED | 27-MAY-2026 |
| | 70-26057570 EMERGENCY MOTION/PET FILED ASSIGNED TO JUDGE: EMERGENCY JUDGE, JUDGE . ON DATE: MAY 27, 2026 | |
| 28-MAY-2026 09:53:43 | MOTION ASSIGNED | 28-MAY-2026 |
| | 95-26057095 MOTION TO CONSOLIDATE ASSIGNED TO JUDGE: ROBERTS, JOSHUA . ON DATE: MAY 28, 2026 | |
| 28-MAY-2026 09:53:43 | PRELIM OBJECTIONS ASSIGNED | 28-MAY-2026 |
| | 94-26057094 PRELIMINARY OBJECTIONS ASSIGNED TO JUDGE: ROBERTS, JOSHUA . ON DATE: MAY 28, 2026 | |
| 28-MAY-2026 14:11:17 | PRELIM OBJECTIONS MARKED MOOT | 28-MAY-2026<br>ROBERTS, JOSHUA |
| | 94-26057094 AMENDED COMPLAINT FILED 5-14-2026. | |
| 29-MAY-2026 10:51:27 | RULE ISSUED | 29-MAY-2026 |
| | 70-26057570 - UPON CONSIDERATION OF DEFENDANT FERRARI?S EMERGENCY PETITION FILED UNDER CONTROL NUMBER 26057570, IT IS HEREBY ORDERED AND DECREED THAT A RULE IS ENTERED UPON ALL PARTIES TO SHOW CAUSE WHY THE RELIEF REQUESTED SHOULD NOT BE GRANTED.<br>RULE RETURNABLE ON MONDAY, JUNE 8TH, AT 10:00 A.M. IN COURTROOM 275, CITY HALL, PHILADELPHIA, PENNSYLVANIA. AT THE TIME OF THE HEARING, THE PARTIES SHALL BE PREPARED TO PRESENT EVIDENCE AND/OR TESTIMONY AS TO THE ISSUES RAISED IN THE MOTION, AND ANY RESPONSE THERETO. ALL PARTIES MUST BE PRESENT AT THE HEARING.<br>IT IS FURTHER ORDERED AND DECREED THAT DEFENDANT SHALL SERVE THE EMERGENCY MOTION AND THIS RULE TO SHOW CAUSE AND EX PARTE ORDER UPON PLAINTIFF, VIA PERSONAL SERVICE, EMAIL, AND/OR FACSIMILE. DEFENDANT MUST COMPLETE SERVICE ON PLAINTIFF BY JUNE 3, 2026. PROOF OF SAID SERVICE MUST BE FILED VIA AN AFFIDAVIT OF SERVICE ON THE DOCKET BY JUNE 4, 2026, BY 5:00 P.M. SHOULD DEFENDANT FAIL TO MAKE SERVICE, THE MOTION MAY BE DISMISSED OR DEFERRED.<br>IT IS FURTHER ORDERED AND DECREED ANY SPRAYING OF CHEMICALS AT THE PROPERTY, AND ANY ACTIONS TAKEN IN FURTHERANCE THEREOF, SHALL BE STAYED PENDING FURTHER ORDER OF THIS COURT.<br>... BY THE COURT: HALL, J., 05/29/2026 | |

First Judicial District of Pennsylvania
Trial Division-Civil

| | | |
|---|---|---|
| 29-MAY-2026 10:51:28 | NOTICE GIVEN UNDER RULE 236<br><br>NOTICE GIVEN ON 29-MAY-2026 OF RULE ISSUED ENTERED ON 29-MAY-2026. | 29-MAY-2026 |
| 29-MAY-2026 10:54:41 | MOTION HEARING SCHEDULED<br><br>26057570 - RULE RETURNABLE ON MONDAY, JUNE 8TH, AT 10:00 A.M. IN COURTROOM 275, CITY HALL, PHILADELPHIA, PENNSYLVANIA. | 29-MAY-2026 |
| 29-MAY-2026 15:38:10 | EMERGENCY MOTION/PET FILED<br><br>43-26057643 EMERGENCY MOTION FOR RECUSAL AND DISQUALIFICATION OF THE HONORABLE JOSHUA H. ROBERTS FILED. | 29-MAY-2026<br>FERRARI, CHAD |
| 29-MAY-2026 15:50:55 | MOTION ASSIGNED<br><br>43-26057643 EMERGENCY MOTION/PET FILED ASSIGNED TO JUDGE: EMERGENCY JUDGE, JUDGE . ON DATE: MAY 29, 2026 | 29-MAY-2026 |
| 29-MAY-2026 16:32:34 | ORDER ENTERED/236 NOTICE GIVEN<br><br>43-26057643 - AND NOW, THIS 29TH DAY OF MAY 2026, UPON CONSIDERATION OF DEFENDANT FERRARI?S EMERGENCY MOTION FILED UNDER CONTROL NUMBER 26057643, IT IS HEREBY ORDERED AND DECREED THAT THE MOTION SHALL PROCEED THROUGH THE NORMAL COURT PROCESS. ...BY THE COURT: ROBERTS, J., 05.29.2026 | 29-MAY-2026<br>ROBERTS, JOSHUA |
| 29-MAY-2026 16:32:35 | NOTICE GIVEN UNDER RULE 236<br><br>NOTICE GIVEN ON 01-JUN-2026 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 29-MAY-2026. | 01-JUN-2026 |
| 29-MAY-2026 16:38:28 | MOTION RESPONSE DATE UPDATED<br><br>43-26057643 EMERGENCY MOTION/PET FILED MOTION RESPONSE DATE UPDATED TO 06/18/2026. | 29-MAY-2026 |
| 01-JUN-2026 10:27:37 | ORDER ENTERED/236 NOTICE GIVEN<br><br>95-26057095 IT IS ORDERED THAT DEFT'S MOTION TO CONSOLIDATE IS DISMISSED AS PROCEDURALLY IMPROPER; THERE IS NOTHING TO CONSOLIDATE. BY THE COURT ...ROBERTS,J 5/29/26 | 01-JUN-2026<br>ROBERTS, JOSHUA |
| 01-JUN-2026 10:27:38 | NOTICE GIVEN UNDER RULE 236<br><br>NOTICE GIVEN ON 01-JUN-2026 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 01-JUN-2026. | 01-JUN-2026 |
| 04-JUN-2026 15:26:02 | ANSWER (MOTION/PETITION) FILED | 04-JUN-2026<br>WEISGOLD, DEANE E. |

**First Judicial District of Pennsylvania**
**Trial Division-Civil**

| | | |
|---|---|---|
| | 43-26057643 ANSWER IN OPPOSITION OF EMERGENCY MOTION/PET FILED FILED. (FILED ON BEHALF OF RICHARD WILLIAMSON) | |
| **05-JUN-2026 13:12:48** | **HEARING RESCHEDULED** | **05-JUN-2026** |
| | THE ABOVE CAPTIONED MATTER HAS COMPLETED A PRE-TRIAL CONFERENCE. PRE-TRIAL CONFERENCE SCHEDULED FOR 07/10/2026 AT 10:15 A.M. | |
| **05-JUN-2026 13:12:49** | **NOTICE GIVEN UNDER RULE 236** | **05-JUN-2026** |
| | NOTICE GIVEN ON 05-JUN-2026 OF HEARING RESCHEDULED ENTERED ON 05-JUN-2026. | |
| **05-JUN-2026 13:13:17** | **LISTED FOR PRE-TRIAL CONF** | **05-JUN-2026** |
| **08-JUN-2026 12:30:13** | **PREL OBJECT-RESP DATE UPDATED** | **08-JUN-2026** |
| | 02-26069002 PRELIMINARY OBJECTIONS MOTION RESPONSE DATE UPDATED TO 06/16/2026. | |
| **08-JUN-2026 12:36:45** | **ANSWER TO PRELIMINARY OBJCTNS** | **08-JUN-2026** **WEISGOLD, DEAN E.** |
| | 02-26069002 ANSWER IN OPPOSITION OF PRELIMINARY OBJECTIONS FILED. (FILED ON BEHALF OF RICHARD WILLIAMSON) | |
| **08-JUN-2026 15:40:07** | **ORDER ENTERED/236 NOTICE GIVEN** | **08-JUN-2026** **HALL, CHRISTOPHER** |
| | 70-26057570 UPON CONSIDERATION OF DEFENDANTS EMERGENCY PETITION, IT IS HEREBY ORDERED DENIED AS MOOT BECAUSE MR. WILLIAMSON HAS AGREED NOT TO FUMIGATE. ...**SEE ORDER FOR COMPLETE TERMS AND DETAILS. ...BY THE COURT: HALL, CHRISTOPHER R., J., 06.08.2026 | |
| **08-JUN-2026 15:40:08** | **NOTICE GIVEN UNDER RULE 236** | **09-JUN-2026** |
| | NOTICE GIVEN ON 09-JUN-2026 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 08-JUN-2026. | |
| **18-JUN-2026 10:18:37** | **PRELIM OBJECTIONS ASSIGNED** | **18-JUN-2026** |
| | 02-26069002 PRELIMINARY OBJECTIONS ASSIGNED TO JUDGE: ROBERTS, JOSHUA . ON DATE: JUNE 18, 2026 | |
| **18-JUN-2026 12:49:17** | **PREL OBJECT-ASSIGNMENT UPDATED** | **18-JUN-2026** |
| | 02-26069002 REASSIGNED TO JUDGE MOSS, BRADLEY ON 18-JUN-26 | |
| **22-JUN-2026 11:45:34** | **MOTION ASSIGNED** | **22-JUN-2026** |

First Judicial District of Pennsylvania
Trial Division-Civil

| | | |
|---|---|---|
| | 43-26057643 EMERGENCY MOTION/PET FILED ASSIGNED TO JUDGE: ROBERTS, JOSHUA . ON DATE: JUNE 22, 2026 | |
| 23-JUN-2026 09:16:33 | **MONIES DEPOSITED/PROTHY ESCROW** | **23-JUN-2026**<br>**FERRARI, CHAD** |
| | $1700.00 PAID TO OJR. | |
| 24-JUN-2026 14:15:38 | **ORDER ENTERED/236 NOTICE GIVEN** | **24-JUN-2026**<br>**ROBERTS, JOSHUA** |
| | 43-26057643 IT IS HEREBY ORDERED AND DECREED THAT THE MOTION IS DENIED. BY THE COURT: ROBERTS, J. 6/23/2026 | |
| 24-JUN-2026 14:15:39 | **NOTICE GIVEN UNDER RULE 236** | **25-JUN-2026** |
| | NOTICE GIVEN ON 25-JUN-2026 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 24-JUN-2026. | |
| 08-JUL-2026 16:06:54 | **ORDER ENTERED/236 NOTICE GIVEN** | **08-JUL-2026**<br>**MOSS, BRADLEY** |
| | 02-26069002 UPON CONSIDERATION OF THE DEFENDANT'S PRELIMINARY OBJECTIONS TO PLAINTIFF'S FIRST AMENDED COMPLAINT, IT IS HEREBY ORDERED THAT THE DEFENDANT'S PRELIMINARY OBJECTIONS ARE OVERRULED. IT IS FURTHER ORDERED THAT THE DEFENDANT SHALL FILE AN ANSWER TO THE COMPLAINT BY NO LATER THAN JULY 29, 2026. SEE ORDER FOR FULL TERMS. BY THE COURT: MOSS, J. 07/08/2026 | |
| 08-JUL-2026 16:06:55 | **NOTICE GIVEN UNDER RULE 236** | **09-JUL-2026** |
| | NOTICE GIVEN ON 09-JUL-2026 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 08-JUL-2026. | |
| 10-JUL-2026 09:59:24 | **MOTION FOR RECONSIDERATION** | **10-JUL-2026**<br>**FERRARI, CHAD** |
| | 32-26072332 MOTION FOR RECONSIDERATION OF JUDGE MOSS' ORDER DATED 07/08/2026 (FILED ON BEHALF OF CHAD FERRARI) | |
| 13-JUL-2026 09:42:00 | **HEARING RESCHEDULED** | **13-JUL-2026** |
| | THE ABOVE CAPTIONED MATTER HAS COMPLETED A PRE-TRIAL CONFERENCE. PRE-TRIAL CONFERENCE SCHEDULED FOR 08/07/2026 AT 11:15 A.M. | |
| 13-JUL-2026 09:42:01 | **NOTICE GIVEN UNDER RULE 236** | **13-JUL-2026** |
| | NOTICE GIVEN ON 13-JUL-2026 OF HEARING RESCHEDULED ENTERED ON 13-JUL-2026. | |
| 13-JUL-2026 09:42:34 | **LISTED FOR PRE-TRIAL CONF** | **13-JUL-2026** |

First Judicial District of Pennsylvania
Trial Division-Civil

| | | |
|---|---|---|
| 13-JUL-2026 14:02:14 | MOTION ASSIGNED | 13-JUL-2026 |
| | 32-26072332 MOTION FOR RECONSIDERATION ASSIGNED TO JUDGE: MOSS, BRADLEY . ON DATE: JULY 13, 2026 | |
| 13-JUL-2026 14:49:04 | ANSWER TO COMPLAINT FILED | 13-JUL-2026 FERRARI, CHAD |
| | ANSWER WITH NEW MATTER AND CROSSCLAIM TO PLAINTIFF'S AMENDED COMPLAINT FILED. (FILED ON BEHALF OF CHAD FERRARI) | |
| 13-JUL-2026 15:15:04 | ORDER ENTERED/236 NOTICE GIVEN | 13-JUL-2026 MOSS, BRADLEY |
| | 32-26072332 UPON CONSIDERATION OF DEFENDANT'S MOTION FOR RECONSIDERATION, IT IS HEREBY ORDERED THAT THE MOTION IS DENIED. IT IS FURTHER ORDERED THAT THE COURT'S REFERENCE IN ITS JULY 8, 2026 ORDER TO "MARCH 12, 2016" IS CORRECTED AND AMENDED TO "MARCH 12, 2026." SEE ORDER FOR FULL TERMS. ...BY THE COURT: MOSS, J. 07/13/2026 | |
| 13-JUL-2026 15:15:05 | NOTICE GIVEN UNDER RULE 236 | 13-JUL-2026 |
| | NOTICE GIVEN ON 13-JUL-2026 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 13-JUL-2026. | |
| 23-JUL-2026 10:53:10 | ANSWER TO COUNTERCLAIM FILED | 23-JUL-2026 WEISGOLD, DEAN E. |
| | ANSWER TO CHAD FERRARI COUNTERCLAIM AND REPLY TO NEW MATTER FILED. (FILED ON BEHALF OF RICHARD WILLIAMSON) | |
| 23-JUL-2026 12:27:04 | TERMINATION OF SUPERSEDEAS | 23-JUL-2026 WEISGOLD, DEAN E. |
| 23-JUL-2026 14:28:08 | MOTION STAY WRIT OF EXECUTION | 23-JUL-2026 FERRARI, CHAD |
| | 40-26075240 MOTION STAY WRIT OF EXECUTION (FILED ON BEHALF OF CHAD FERRARI) | |
| 23-JUL-2026 14:35:11 | MOTION TO VACATE FILED | 23-JUL-2026 FERRARI, CHAD |
| | 46-26075246 RESPONSE DATE 08/12/2026. (FILED ON BEHALF OF CHAD FERRARI) | |
| 23-JUL-2026 14:38:33 | MOTION ASSIGNED | 23-JUL-2026 |
| | 40-26075240 MOTION STAY WRIT OF EXECUTION ASSIGNED TO JUDGE: EMERGENCY JUDGE, JUDGE . ON DATE: JULY 23, 2026 | |
| 23-JUL-2026 14:42:11 | PRELIMINARY INJUNCTION | 23-JUL-2026 FERRARI, CHAD |
| | 42-26075242 PRELIMINARY INJUNCTION (FILED ON BEHALF OF CHAD FERRARI) | |
| 23-JUL-2026 14:44:45 | MOTION ASSIGNED | 23-JUL-2026 |

First Judicial District of Pennsylvania
Trial Division-Civil

| | | |
|---|---|---|
| | 42-26075242 PRELIMINARY INJUNCTION ASSIGNED TO JUDGE: EMERGENCY JUDGE, JUDGE . ON DATE: JULY 23, 2026 | |
| 23-JUL-2026 14:44:51 | **MOT-COORDINATION OF ACTIONS** | **23-JUL-2026** **FERRARI, CHAD** |
| | 49-26075249 RESPONSE DATE 08/12/2026. (FILED ON BEHALF OF CHAD FERRARI) | |
| 23-JUL-2026 14:56:31 | **MISCELLANEOUS MOTION/PETITION** | **23-JUL-2026** **FERRARI, CHAD** |
| | 54-26075254 RESPONSE DATE 08/12/2026. (FILED ON BEHALF OF CHAD FERRARI) | |
| 23-JUL-2026 15:30:29 | **MOTION ASSIGNED** | **23-JUL-2026** |
| | 40-26075240 MOTION STAY WRIT OF EXECUTION ASSIGNED TO JUDGE: HALL, CHRISTOPHER . ON DATE: JULY 23, 2026 | |
| 23-JUL-2026 15:50:58 | **ORDER ENTERED/236 NOTICE GIVEN** | **23-JUL-2026** **KISIELEWSKI, BRIAN** |
| | 42-26075242 UPON CONSIDERATION OF DEFENDANT?S EMERGENCY MOTION FOR CONTEMPT AND PRELIMINARY INJUNCTION, FILED UNDER CONTROL NUMBER 26075242, IT IS HEREBY ORDERED AND DECREED THAT THE RELIEF REQUESTED IS DENIED. BY THE COURT: KISIELEWSKI, J., 07/23/2026 | |
| 23-JUL-2026 15:50:59 | **NOTICE GIVEN UNDER RULE 236** | **24-JUL-2026** |
| | NOTICE GIVEN ON 24-JUL-2026 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 23-JUL-2026. | |
| 24-JUL-2026 11:02:56 | **MOTION FOR SUPERSEDEAS** | **24-JUL-2026** **FERRARI, CHAD** |
| | 99-26075399 (FILED ON BEHALF OF CHAD FERRARI) | |
| 24-JUL-2026 11:04:50 | **MOT-PRESERVE DOCUMENTS/EVIDEN** | **24-JUL-2026** **FERRARI, CHAD** |
| | 10-26075410 MOT-PRESERVE DOCUMENTS/EVIDENC (FILED ON BEHALF OF CHAD FERRARI) | |
| 24-JUL-2026 11:05:28 | **MOTION ASSIGNED** | **24-JUL-2026** |
| | 99-26075399 MOTION FOR SUPERSEDEAS ASSIGNED TO JUDGE: EMERGENCY JUDGE, JUDGE . ON DATE: JULY 24, 2026 | |
| 24-JUL-2026 11:15:49 | **MOTION ASSIGNED** | **24-JUL-2026** |
| | 10-26075410 MOT-PRESERVE DOCUMENTS/EVIDENC ASSIGNED TO JUDGE: EMERGENCY JUDGE, JUDGE . ON DATE: JULY 24, 2026 | |
| 24-JUL-2026 11:20:51 | **RULE ISSUED** | **24-JUL-2026** |

**First Judicial District of Pennsylvania**
**Trial Division-Civil**

| | | |
|---|---|---|
| | 99-26075399 - UPON CONSIDERATION OF DEFENDANT/APPELLANT?S EMERGENCY MOTION/PETITION FILED, IT IS ORDERED THAT A RULE IS ENTERED UPON ALL PARTIES TO SHOW CAUSE WHY THE RELIEF REQUESTED SHOULD NOT BE GRANTED.<br>RULE RETURNABLE ON AUGUST 5, 2026, AT 1:30 P.M., IN COURTROOM 275, CITY HALL, PHILADELPHIA, PENNSYLVANIA. THE PARTIES SHALL BE PREPARED TO PRESENT EVIDENCE AND/OR TESTIMONY RELATED TO THE MOTION AND ANY RESPONSE.<br>IT IS FURTHER ORDERED THAT, PRIOR TO THE HEARING, DEFENDANT/APPELLANT SHALL SERVE THIS RULE, AND THE EMERGENCY MOTION, VIA PERSONAL SERVICE, EMAIL, POSTING, AND/OR FACSIMILE, ON ALL PARTIES. DEFENDANT/APPELLANT SHALL FILE PROOF OF SERVICE WITH THE COURT, OR PRESENT PROOF OF SERVICE AT THE TIME OF THE HEARING, OR THE MOTION MAY BE DISMISSED.<br>ALL WRITS OF POSSESSION, AND ANY SCHEDULED EVICTIONS AND/OR LOCKOUTS, ARE TEMPORARILY STAYED PENDING FURTHER ORDER OF COURT.<br>... FOR THE COURT: 07/24/2026 | |
| **24-JUL-2026 11:20:52** | **NOTICE GIVEN UNDER RULE 236** | **24-JUL-2026** |
| | NOTICE GIVEN ON 24-JUL-2026 OF RULE ISSUED ENTERED ON 24-JUL-2026. | |
| **24-JUL-2026 11:23:19** | **LISTED EMERGENCY HEARING** | **24-JUL-2026** |
| | 99-26075399 - RULE RETURNABLE ON AUGUST 5, 2026, AT 1:30 P.M., IN COURTROOM 275, CITY HALL, PHILADELPHIA, PENNSYLVANIA. | |
| **24-JUL-2026 11:29:29** | **MOTION TO STAY PROCEEDINGS** | **24-JUL-2026**<br>**FERRARI, CHAD** |
| | 39-26075439 (FILED ON BEHALF OF CHAD FERRARI) | |
| **24-JUL-2026 12:13:42** | **MOTION ASSIGNED** | **24-JUL-2026** |
| | 39-26075439 MOTION TO STAY PROCEEDINGS ASSIGNED TO JUDGE: EMERGENCY JUDGE, JUDGE . ON DATE: JULY 24, 2026 | |
| **24-JUL-2026 12:58:06** | **MOT-PRE/CMPLT DISCOVERY** | **24-JUL-2026**<br>**FERRARI, CHAD** |
| | 51-26075451 RESPONSE DATE 08/13/2026. (FILED ON BEHALF OF CHAD FERRARI) | |
| **24-JUL-2026 15:38:31** | **ORDER ENTERED/236 NOTICE GIVEN** | **24-JUL-2026**<br>**KISIELEWSKI, BRIAN** |
| | 10-26075410 - UPON CONSIDERATION OF DEFENDANT?S EMERGENCY MOTION, FILED UNDER CONTROL NUMBER 26075410, IT IS HEREBY ORDERED AND DECREED THAT THE MOTION SHALL PROCEED THROUGH THE NORMAL | |

First Judicial District of Pennsylvania
Trial Division-Civil

| | | | |
|---|---|---|---|
| | NONEMERGENCY COURT PROCESS AS A DISCOVERY MOTION FOR PRESERVATION OF EVIDENCE.... BY THE COURT: KISIELEWSKI, J., 07/24/2026 | | |
| 24-JUL-2026 15:38:32 | **NOTICE GIVEN UNDER RULE 236** | **24-JUL-2026** | |
| | NOTICE GIVEN ON 24-JUL-2026 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 24-JUL-2026. | | |
| 24-JUL-2026 15:39:16 | **MOTION RESPONSE DATE UPDATED** | **24-JUL-2026** | |
| | 10-26075410 MOT-PRESERVE DOCUMENTS/EVIDENC MOTION RESPONSE DATE UPDATED TO 08/12/2026. | | |
| 24-JUL-2026 15:42:00 | **ORDER ENTERED/236 NOTICE GIVEN** | **24-JUL-2026** | **KISIELEWSKI, BRIAN** |
| | 39-26075439 UPON CONSIDERATION OF DEFENDANT?S EMERGENCY MOTION, FILED UNDER CONTROL NUMBER 26075439, IT IS HEREBY ORDERED AND DECREED THAT RECONSIDERATION IS DENIED. ... BY THE COURT: KISIELEWSKI, J., 07/24/2026 | | |
| 24-JUL-2026 15:42:01 | **NOTICE GIVEN UNDER RULE 236** | **24-JUL-2026** | |
| | NOTICE GIVEN ON 24-JUL-2026 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 24-JUL-2026. | | |
| 27-JUL-2026 09:41:43 | **MOTION ASSIGNED** | **27-JUL-2026** | |
| | 99-26075399 MOTION FOR SUPERSEDEAS ASSIGNED TO JUDGE: ROBERTS, JOSHUA . ON DATE: JULY 27, 2026 | | |
| 04-AUG-2026 15:36:20 | **ORDER ENTERED/236 NOTICE GIVEN** | **04-AUG-2026** | **ROBERTS, JOSHUA** |
| | 99-26075399 IT IS HEREBY ORDERED THAT THE MOTION IS DENIED. BY THE COURT: ROBERTS, J. 8/4/2026. | | |
| 04-AUG-2026 15:36:21 | **NOTICE GIVEN UNDER RULE 236** | **05-AUG-2026** | |
| | NOTICE GIVEN ON 05-AUG-2026 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 04-AUG-2026. | | |

***** End of Docket *****

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
CIVIL TRIAL DIVISION

RICHARD WILLIAMSON, Plaintiff
v.
**CHAD MARK FRANCO FERRARI, Defendant, Pro Se.**

March Term 2026 No. 260303340
Before: Hon. Joshua H. Roberts

---

**DEFENDANT'S NOTICE OF REMOVAL FILED, NOTICE OF NON-APPEARANCE, AND REQUEST FOR REMOTE STATUS CONFERENCE**

Defendant gives notice as follows:

1. **Removal filed.** On September 2, 2026, Defendant filed a Notice of Removal of this action to the United States District Court for the Eastern District of Pennsylvania under 28 U.S.C. 1441(a) and 1443(1). A copy is attached and is filed with the Prothonotary. Under 28 U.S.C. 1446(d), this Court "shall proceed no further unless and until the case is remanded."
2. **The September 3, 2026 discovery hearing and the September 4, 2026 non-jury trial are stayed by operation of federal statute.** Defendant will not appear in person at either. This is not a failure to appear. It is compliance with 1446(d), which divests this Court of jurisdiction upon filing. Any order entered at a proceeding held after the Notice of Removal was filed is void. *Maseda v. Honda Motor Co.*, 861 F.2d 1248, 1254 (11th Cir. 1988).
3. **Also pending and unruled: the August 31 emergency stay.** Defendant filed an Emergency Motion for Indefinite Stay of the September 3 and 4 proceedings on August 31, 2026, with fifteen exhibits. It has not been ruled on. Control Order 74 (August 20) protects the residence only "between the date of this Order and the trial." If the September 4 trial proceeds, that protection ends. The removal preserves the status quo the August 31 motion asked this Court to preserve and this Court did not address.

4. **Also pending: disqualification.** Defendant's Motion for Disqualification under Pa.R.J.A. 2.11(A)(1) and (A)(2)(d) was filed September 2, 2026, together with a Motion to Continue and a letter to President Judge Padilla and Administrative Judge Anders requesting administrative reassignment. Those remain pending in the event of remand.
5. **Also pending: federal TRO.** Defendant filed in 2:26-cv-01866-GAW an Emergency Motion for TRO restraining Plaintiff Williamson from executing any writ or taking enforcement action at 1119 Wallace Street. A ruling is requested before 9:00 AM September 3.
6. **Request for remote status conference.** If, notwithstanding the foregoing, this Court intends to address any matter on September 3 or September 4, Defendant requests that it be converted to a brief remote status conference by video, limited to the effect of the removal and the pending disqualification motion, at which Defendant will appear. The calendar entry already carries a video link. Defendant will not attend an in-person proceeding before a judge whose disqualification is pending on grounds the Superior Court is currently reviewing, in a case that has been removed.

Defendant respectfully asks that this notice be placed in the file before 9:00 AM September 3, 2026, and that the September 4 non-jury trial listing be removed from the calendar pending disposition of the removal.

Respectfully submitted,

**Chad Mark Franco Ferrari**
Defendant, Pro Se
1119 Wallace Street, 1st Floor, Philadelphia, PA 19123
(215) 483-1985 | chadferrari@me.com
Dated: September 2, 2026

## CERTIFICATE OF SERVICE

I certify that on September 2, 2026, I served this Notice by e-filing and by email on Dean Weisgold, Esq. (dean@weisgoldlaw.com), and by email on Judge Roberts' chambers (maggie.oconnor@courts.phila.gov, 215-686-7340), J.R. Deiley (jr.deiley@courts.phila.gov), and Lauren Marshall (lauren.marshall@courts.phila.gov).

Respectfully submitted,

**Chad Mark Franco Ferrari**
Defendant, Pro Se
1119 Wallace Street, 1st Floor, Philadelphia, PA 19123
(215) 483-1985 | chadferrari@me.com
Dated: September 2, 2026