**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Richard Williamson | : | |
| | : | |
| v. | : | |
| Chad Ferrari | : | No. 2:26-cv-06650-GAW |
| | : | |

**ORDER**

AND NOW, this _____ day of __________, 2026, upon consideration of the Emergency Motion of Plaintiff Richard Williamson to Remand Case to Court of Common Pleas of Philadelphia County and for Sanctions, and any response thereto, and for good cause,

IT IS ORDERED as follows:

1. This action is REMANDED forthwith to the Court of Common Pleas of Philadelphia so that trial of the State Court Action shall be held on October 2, 2026;
2. This Court finds that the Defendant lacked an objectively reasonable basis in filing the Notice of Removal;
3. Defendant is to pay Plaintiff's just costs and actual expenses, including reasonable counsel fees incurred in connection with the Notice of Removal filed by Defendant Chad Ferrari ("Ferrari") on September 3, 2026 within ___ days of this Order;
4. Williamson shall promptly submit an affidavit/itemization of fees and costs which Ferrari shall pay within ___ days or shall be in contempt of court);
5. The Clerk shall forthwith transmit a certified copy of this remand Order to the Court of Common Pleas of Philadelphia in the case docketed at Williamson v. Ferrari, No. 260303340.

6. All claims against Williamson in the case of Ferrari v. Leonard, et al, No. 2:26-cv-01866 are DISMISSED, with prejudice.

BY THE COURT:

____________________________________________

J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Richard Williamson | : | |
| | : | |
| v. | : | |
| Chad Ferrari | : | No. 2:26-cv-06650-GAW |
| | : | |

**EMERGENCY MOTION BY PLAINTIFF RICHARD WILLIAMSON TO REMAND CASE TO COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY AND FOR SANCTIONS**

Plaintiff, Richard Williamson ("Williamson"), by and through his counsel, Dean E. Weisgold, P.C., hereby moves to remand this action to the Court of Common Pleas of Philadelphia County and for sanctions as follows:

1. On February 28, 2025, Williamson and defendant Chad Ferrari ("Ferrari") entered into a residential lease for an apartment located at 1119 Wallace Street, Unit 1, Philadelphia, PA 19123 (the "Property". See Complaint, attached to Ferrari's Notice of Removal [D.E. 2] at pp. 8-23.

2. The term of the lease was from March 1, 2025 to February 28, 2026. The monthly rent was $1,700. Id.

3. Ferrari paid no rent after November 2025, refused to allow entry to the Property for repairs, harassed other tenants and Williamson, caused property damage when the Philadelphia police or sheriff arrested him on January 10, 2026 after breaking down the door to the Property, and refused to vacate the Property after the term of the lease ended on February 28, 2026. Id. Ferrari has also made threats to Williamson and his attorney. Even though he has paid no rent since November 2025, Ferrari continues to occupy the Property.

4. Williamson filed a landlord tenant complaint against Ferrari in the Philadelphia Municipal Court in February 2026.

5. After a trial before the Honorable Christian DiCicco was held on March 12, 2026, a judgment for possession in favor of Williamson was issued, and Ferrari was directed to pay $1,700.00 each month to the Court if he wished to maintain a supersedeas to prevent an eviction.

6. Thereafter, on March 23, 2026, Ferrari filed an appeal to the Court of Common Pleas of Philadelphia County which was assigned docket number March Term 2026, No. 3340 (the "State Court Action").

7. Ferrari failed to make payments to the Court to preserve the supersedeas, and a writ of possession was filed and posted at the Property in August 2026.

8. Following an August 7, 2026 pretrial conference where Ferrari failed to participate, a trial was scheduled for September 4, 2026 at 9:00am before the Honorable Gregory Yorgey-Girdy, who had had no involvement in the case to that point.

9. Ferrari filed over twenty (20) motions in the State Court Action, including preliminary objections (2 sets), separate motions to recuse three judges, a motion for in forma pauperis relief, a motion to avoid having to pay money to the Court to obtain a supersedeas, a motion to expunge the Municipal Court proceedings, a motion to consolidate the Municipal Court proceedings with the State Court Action, a motion to prevent pest remediation, a motion to seek various forms of injunctive relief, a motion requesting the Court to preserve all filings relating to the vacation of the supersedeas and the writ of possession, a motion to stay execution on the writ of possession, and two motions to postpone trial. Each and every motion filed by Ferrari that was adjudicated was decided in Williamson's favor. Several of these motions were filed as "emergency" motions, and four (4) in person hearings have been held by the Court of Common

Pleas of Philadelphia County, all of which were completely unnecessary and costly to Williamson due to the legal fees incurred in responding to these motions.

10. On August 20, 2026, the Honorable Joshua Roberts of the Court of Common Pleas entered an order, following an emergency motion by Ferrari, staying execution of the writ of possession until after the September 4, 2026 trial. Judge Roberts was clear that the trial would proceed as scheduled on September 4, 2026. See August 20, 2026 Order, attached hereto as Exhibit "A".

11. On August 31, 2026, Ferrari filed yet another emergency motion to indefinitely stay the trial, which was denied by Judge Roberts on September 2, 2026. See September 2, 2026 Order, attached hereto as Exhibit "A".

12. On September 3, 2026, at approximately 4:00 pm on the eve of trial scheduled the next day at 9:00 am, Ferrari filed a Notice of Removal of the State Court Action to the United States District Court for the Eastern District of Pennsylvania, where it was assigned to the Honorable Gail A. Weilheimer. [D.E. 2].

13. The timing of the filing of the Notice of Removal, a mere hours before trial in the State Court Action, demonstrates its improper purpose.

14. Ferrari also simultaneously filed "Defendant's Notice of Removal, Notice of Non-Appearance and Request for Remote Status Conference" along with the Notice of Removal. [D.E. 2, p. 107] in the State Court Action, along with a demand that the Court of Common Pleas "proceed no further unless and until the case is remanded." Ferrari falsely stated in the Notice of Removal that his Emergency Motion for Indefinite Stay had not been ruled on when, in fact, Judge Roberts had already denied it two days earlier. See Exhibit "A". Thus, Ferrari sought through removal the very result- preventing the September 4, 2026 trial from proceeding- that he had unsuccessfully

sought through the unsuccessful Emergency Motion for Indefinite Stay.

15. Ferrari also simultaneously filed a motion for leave to proceed in forma pauperis as he claims he has no funds to pay filing fees. D.E. 1]. However, Ferrari is a member of the Sporting Club, a private gym with monthly membership fees of about $200 per month. Ferrari, or companies controlled by him, owns several valuable pieces of real estate and as of late 2025 Ferrari was driving a late model Mercedes SUV.

16. There is no question that Ferrari filed the Notice of Removal in order to cancel or postpone the September 4, 2026 trial that would have been the final resolution of the landlord tenant saga.

17. On September 4, 2026 at 9:00 am, the undersigned and Williamson appeared before Judge Yorgey-Girdy as directed by Judge Roberts. Ferrari failed to attend. However, Judge Yorgey-Girdy decided to postpone the trial until October 2, 2026 in light of the filing of the Notice of Removal.

18. Ferrari's Notice of Removal is defective on its face, and the case must be remanded to the Court of Common Pleas of Philadelphia County. The filing was made by Ferrari in bad faith after numerous meritless motions to delay trial were denied, and is merely another delaying tactic to prevent the Philadelphia Court of Common Pleas from evicting Ferrari from the Property.

19. Here, the Notice of Removal was not objectively reasonable. To the contrary, it is a desperate action cause further delay of the inevitable eviction of Ferrari after his numerous efforts to delay were not successful in the Court of Common Pleas in connection the State Court Action. Thus, Ferrari should be required to pay Williamson's reasonable counsel fees. Since Ferrari is apparently indigent and judgment proof (based on his filing of an in forma pauperis petition in this action), the Civil Rights Action should be dismissed as to Williamson as a punishment for this

flagrant abuse of process to delay the trial in the State Court Action by filing this Notice of Removal in bad faith.

WHEREFORE, Plaintiff Richard Williamson respectfully requests that this case be remanded to the Court of Common Pleas of Philadelphia County, along with sanctions in the form of payment of Williamson's legal fees and costs caused by the filing of the Notice of Removal by Defendants Chad Ferrari, as well as the dismissal of all claims against Williamson in the Civil Rights Action.

Respectfully submitted,
**DEAN E. WEISGOLD, P.C.**

*Dean E. Weisgold*

By:__________________________
Dean E. Weisgold, Esquire

**VERIFICATION**

I, Dean E. Weisgold, Esquire, verify that the statements made in the foregoing Emergency Motion by Plaintiff Richard Williamson to Remand Case to Court of Common Pleas of Philadelphia County are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

*Dean E. Weisgold*

________________________________
Dean E. Weisgold, Esquire

Date: 9/7/26

**CERTIFICATE OF SERVICE**

I, Dean E. Weisgold, Esquire, hereby certify that on this 7th day of September, 2026, I served a true and correct copy of the foregoing Emergency Motion by Plaintiff Richard Williamson to Remand Case to Court of Common Pleas of Philadelphia County upon:

Chad Mark Franco Ferrari
901 N. Penn Street, Unit P201
Philadelphia, PA 19123

and

Chad Mark Franco Ferrari
1119 Wallace Street, 1st Floor
Philadelphia, PA 19123

By ECF and email to chadferrari@me.com

I certify that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

**DEAN E. WEISGOLD, P.C.**

*Dean E. Weisgold*

By:__________________________
Dean E. Weisgold
Attorney for Richard Williamson

Date:9/7/26