**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Richard Williamson | : | |
| | : | |
| v. | : | |
| Chad Ferrari | : | No. 2:26-cv-06650-GAW |
| | : | |

**BRIEF IN SUPPORT OF EMERGENCY MOTION BY PLAINTIFF RICHARD WILLIAMSON TO REMAND CASE TO COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY AND FOR SANCTIONS**

Plaintiff, Richard Williamson ("Williamson"), by and through his counsel, Dean E. Weisgold, P.C., hereby submits this brief in support of his Motion to Remand this action to the Court of Common Pleas of Philadelphia County and for Sanctions.(the "Motion").

## I. STATEMENT OF FACTS

Williamson incorporates the recitation of facts set forth in the accompanying Motion.

## II. LEGAL ARGUMENT

A recent case sets forth the criteria for motions to remand: "Under 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a state court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action pending." See also 28 U.S.C. § 1446. "The federal removal statute, 28 U.S.C. § 1441, is strictly construed, requiring remand if any doubt exists over whether removal was proper." Carlyle Inv. Mgmt. LLC v. Moonmouth Co., 779 F.3d 214, 218 (3d Cir. 2015). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The party seeking

removal carries the burden of proving that removal is proper." Carlyle, 779 F.3d at 218. In the district court's discretion, [*7] "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). This is so even if "the party who removed the case did not act in bad faith." Mints v. Educ. Testing Serv., 99 F.3d 1253, 1260 (3d Cir. 1996) (citations omitted) ("[A] district court has broad discretion and may be flexible in determining whether to require the payment of fees[.]"). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Cap. Corp., 546 U.S. 132, 141, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005)." Suglia v. Birchmont Real Estate, LLC, 2026 U.S. Dist. LEXIS 117445 (E.D. Pa. May 28, 2026)(Leeson, J.).

The Notice of Removal is untimely under 28 U.S.C. Section 1446(b)(1) as removal was not filed within 30 days of the filing of Williamson's complaint on April 13, 2026 (see Notice of Removal, p. 6) [D.E. 2].

28 U.S.C. Section 1446(b)(3) requires that "if the case stated by the original pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, though service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable."

There is absolutely nothing involved in the State Court Action (a residential landlord tenant case) that triggers Federal jurisdiction. The amount in controversy is less than $75,000.00, and the parties are not diverse. Thus, there is no basis for removal based on a federal question or diversity. See 28 U.S.C. Section 1441(a) and (b).

Nothing is stated in the Answer, New Matter and Counterclaim filed by Ferrari that even

remotely provides a basis for Federal Court jurisdiction.

The **only** ground raised by Ferrari to support removal is under 28 U.S.C. 1443(1). This provision does permit removal of a state court action where it is "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or all persons within the jurisdiction thereof…"

In support of his claim, Ferrari refers to a civil rights case he filed against numerous public officials as well as Williamson presently pending before this Court docketed at 2:26-cv-01866-GAW (the "Civil Rights Action"). In the Civil Rights Action, although difficult to understand the allegations, it appears that Ferrari is complaining about some sort of bizarre conspiracy about his arrest and criminal prosecution by the Philadelphia Police and/or Sheriff and the District Attorneys' Office starting in January 2026, which has absolutely nothing to do with the State Court Action for eviction. It is unclear why Williamson was even named in the Civil Rights Action.

Williamson has not been served in the Civil Rights Action, and the undersigned's mere filing of an entry of appearance does not waive formal service of process. See Ricci v. Rockwater Northeast, LLC, No. 2015 U.S. Dist. LEXIS 148044 (W.D. Pa. 2015). Here, Williamson has not waived formal service of process. Ferrari has made no attempt to serve Williamson and most of the other defendants in the Civil Rights Action.

Ferrari's reliance upon 28 U.S.C. Section 1443(1) is foreclosed by controlling Third Circuit precedent. In Davis v. Glanton, 107 F.3d. 1044, 1047-1052 (3d Cir. 1997), emphasized that Section 1443(1) creates only a "narrow" to the ordinary rules governing removal and requires a removing defendant to satisfy a two-part test: )1) the defendant must demonstrate that he is being deprived of rights guaranteed by a federal law provided for specific equal civil rights; and (2) the defendant must demonstrate that he is "denied or cannot enforce" those rights in the courts of the

Commonwealth. Id. at 1047. The second requirement is fatal to Ferrari's attempted removal. Davis, applying Georgia v. Rachel, 384 U.S. 780 (1966) and City of Greenwood v. Peacock, 384 U.S. 808 (1966), makes clear that allegations of bias, conspiracy, improper motives, unfavorable rulings, or even an asserted inability to obtain a fair trial in a particular state court are insufficient to establish that federal equal civil rights protections cannot be enforced in state court. Davis, 107 F.3d at 1050-1052. Ferrari identifies no Pennsylvania statute, rule, or other formal barrier that prevents him from asserting any cognizable federal right in the Court of Common Pleas. To the contrary, the record demonstrates that Ferrari has repeated invoked the processes of the Pennsylvania courts, filing more than twenty motions and receiving multiple hearings and rulings on his claims. His disagreement with those rulings does not establish an inability to enforce a federal right. As in Davis, Ferrari's attempt to characterize an independent state law action as party of a broader federal civil rights conspiracy does not satisfy Section 1443(a), and remand is therefore required.

Ferrari even admits in his Notice of Removal that it is untimely. [N.T. 2, p. 2]. Nevertheless, he argues that removal was timely if within 30 days of receipt of "other paper from which it may be first ascertained that the case is one is or has become removeable."

Ferrari's argument that the case became removable because of the following events only in the past thirty days is simply ludicrous: the sending of eight (8) orders denying motions filed by Ferrari to the Sheriff of Philadelphia in connection with the pending writ of possession, after Ferrari's numerous motions to stay were denied, and after Ferrari threatened the Sheriff by stating she was a defendant in the Civil Rights Action;, this Court's granting of a motion on September 1, 2026 pertaining to another defendant who sought more time to respond to the Complaint filed in the Civil Rights Action; and learning that Judge Roberts' spouse has worked at Blank Rome since February 2025. It is unclear what relevance exists for where Judge Roberts' wife works in

connection with the instant case. Further, Ferrari has already filed two motions to disqualify Judge Roberts which were denied on June 24, 2026 and August 7, 2026 raising the same issues about Judge Roberts' wife's employment. This refutes Ferrari's claim that this was some newly discovered event creating removability on September 3, 2026. Moreover, Judge Roberts is not presiding over the trial in the State Court Action.

It seems that Ferrari is unhappy with the rulings of multiple judges in the State Court Action and wants a "do-over.". However, that is not a basis for removing the case to Federal Court. Moreover, many of the decisions of the state court judges occurred well before thirty days of filing the Notice of Removal. Ferrari has been filing motion after motion in the State Court Action, receiving hearings and rulings, and exercising appellate/procedural rights. Ferrari has already presented every conceivable legal, equitable, constitutional, recusal, injunctive, supersedeas and other arguments in the State Court Action, where the judges have entertained and adjudicated them. Losing motions does not demonstrate an inability to enforce federal rights in Pennsylvania courts. Indeed, Ferrari's own prolific litigation history defeats his Section 1443(1) theory of removal.

Ferrari's purported claims in the Notice of Removal at p.1 about alleged discrimination by Williamson are nonexistent. Further, there is simply no reason why Ferrari cannot present evidence of what he believes is improper conduct on Williamson's part at the trial in the State Court Action. It is unclear what alleged text messages from Williamson stating "my Jewish sister Julie" and "we stick together" have to do with Ferrari's failure to pay rent to Williamson, Ferrari's violation of numerous terms of the lease, and Ferrari's refusal to vacate the Property despite the end of the term of the lease.

The State Court Action is a routine landlord tenant action against a tenant (Ferrari) who has refused to pay rent, caused nuisances, failed to maintain the property and to provide access to

the landlord, and who has stayed beyond the end of the term of the lease. There are no federal claims raised in the State Court Action. This is the type of case routinely heard in state courts, and the federal claims that Ferrari thinks he has against the City of Philadelphia and others relating to his arrests for crimes he has been accused of in the Civil Rights Action simply have nothing at all to do with the State Court Action.

Simply stated, the Notice of Removal is untimely and fails to demonstrate that there is any Federal Court jurisdiction. In addition, this Court should not interfere with the State Court Action, and the case should be remanded to the Court of Common Pleas of Philadelphia

The Notice of Removal was made in bad faith solely to delay the trial that had been scheduled the next day in the State Court Action .This Court should direct that Ferrari pay Williamson's legal fees associated with the removal, including analyzing the Notice of Removal, appearing in Court on September 4, 2206 to address its effect, if appropriate, preparation of the instant emergency motion, and participate in any hearing or oral argument on the instant motion. See 28 U.S.C. Section 1447 (c). Given that the trial in the State Court Action has been postponed until October 2, 2026 (less than a month from now), expedited consideration of the instant motion is respectfully requested so that the trial can be held as scheduled.

Here, the Notice of Removal was not objectively reasonable. To the contrary, it is a desperate action cause further delay of the inevitable eviction of Ferrari after his numerous efforts to delay were not successful in the Court of Common Pleas in connection the State Court Action. Thus, Ferrari should be required to pay Williamson's reasonable counsel fees. Since Ferrari is apparently indigent and judgment proof (based on his filing of an in forma pauperis petition in this action), the Civil Rights Action should be dismissed as to Williamson as a punishment for this flagrant abuse of process to delay the trial in the State Court Action by filing this Notice of

Removal in bad faith.

## III. CONCLUSION

Plaintiff Richard Williamson respectfully requests that this case be remanded to the Court of Common Pleas of Philadelphia County, along with sanctions in the form of payment of Williamson's legal fees and costs caused by the filing of the Notice of Removal by Defendants Chad Ferrari, as well as the dismissal of all claims against Williamson in the Civil Rights Action.

Respectfully submitted,
**DEAN E. WEISGOLD, P.C.**

*Dean E. Weisgold*
By:___________________________
Dean E. Weisgold, Esquire