**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

RICHARD WILLIAMSON,
Plaintiff,

v.

CHAD MARK FRANCO FERRARI,
Defendant (Removing Party), Pro Se.

Civil Action No. 2:26-cv-06650-GAW
Hon. Gail A. Weilheimer
Related: No. 2:26-cv-01866-GAW

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION TO REMAND (ECF 5)**
**AND CROSS-REQUEST THAT THE COURT (1) DENY FEES UNDER 28 U.S.C. § 1447(c), (2) DENY THE REQUEST TO DISMISS WILLIAMSON FROM NO. 2:26-cv-01866-GAW "AS A PUNISHMENT," (3) DECIDE THE PENDING § 455(a) MATTERS FIRST, AND (4) STAY ANY REMAND ORDER FOR FOURTEEN DAYS TO PERMIT REVIEW UNDER 28 U.S.C. § 1447(d)**

*Expedited consideration requested — Plaintiff styled his motion an emergency*

## I. INTRODUCTION

1. Plaintiff Richard Williamson's Emergency Motion to Remand (ECF 5, filed September 7, 2026) asks for three things. The first — remand of this ejectment action to the Court of Common Pleas — presents a genuine and difficult question under 28 U.S.C. § 1443(1) and *Davis v. Glanton*, 107 F.3d 1044 (3d Cir. 1997). Defendant addresses it candidly below. The second — attorney's fees under § 1447(c) — fails under *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005), because the removal rested on an identified federal equal-property statute, a Supreme Court decision applying it to ancestry-based discrimination, a specific § 1446(b)(3) timing theory, and a Notice that itself told the Court fees might follow if the theory failed. The third is not a remand request at all. Plaintiff's proposed order would have this Court dismiss, with prejudice, every claim against Williamson in a different case — *Ferrari v. Leonard et al.*, No. 2:26-cv-01866-GAW — and his brief describes that dismissal as a "punishment" for removing this one. No statute, rule, or Third Circuit decision authorizes a cross-docket merits dismissal as

a removal sanction, and Plaintiff's own brief concedes the point by insisting Williamson has never been served in No. 26-1866.

2. Two further matters frame the sequencing. First, Plaintiff's counsel is the same lawyer who, on September 3 and 4, 2026, told a state scheduler and a state judge that no removal had been "filed anywhere" while the removal was already on this Court's docket, wrote to the state trial judge that he would appear "prepared to try the case" the morning after this Court opened this docket, and now seeks fees for that appearance. Second, the § 455(a) disclosure and recusal matters pending in No. 26-1866 (ECF 22 and 23, filed August 18, 2026, unruled) now bear directly on this motion, because the relief counsel seeks here would change the parties in that case. Defendant asks the Court to decide those threshold matters in a public order before deciding fees or any relief touching No. 26-1866.

## II. THE RECORD

### A. The removal and what followed

3. The Notice of Removal was filed with this Court at 5:15 p.m. on September 2, 2026 and presented to the Philadelphia Prothonotary at 5:17 p.m. (OJR E-File No. 2609006298). The Prothonotary returned the state copy at 9:08 a.m. on September 3 for want of a federal time-stamp; the Clerk of this Court opened this action at 4:22–4:28 p.m. that afternoon (ECF 1–4, each with a September 2 filing date); and the stamped copy was re-presented to the Prothonotary at 4:36 p.m. (E-File No. 2609006332, Confirmation No. 4B7A4EF2A). Notice was served on Plaintiff's counsel by email at 9:59 p.m. on September 2 and repeatedly thereafter.

4. On September 3, 2026, between the filing and the docketing, counsel: (a) emailed this Court's chambers at approximately 8:15 a.m. seeking a same-day conference in No. 26-1866; (b) filed a letter in that case at 8:52 a.m. (No. 26-1866, ECF 27) calling the removal "defective on its face"; (c) appeared at 9:00 a.m. before Judge Roberts on Defendant's discovery motion in the

removed case; (d) emailed chambers again at 9:49 a.m.; (e) wrote to the state scheduling office at 1:33 p.m. that "[t]here is nothing showing on the dockets in Philadelphia or the Eastern District of Pennsylvania indicating that a notice of removal was filed anywhere"; and (f) emailed Judge Roberts' chambers at 2:05 p.m. asking whether the September 4 trial was "still on." Chambers of this Court declined counsel's conference request at 2:11 p.m. The state court's virtual courtroom confirmed the trial at 2:24 p.m. Two hours later the Clerk opened this docket.

5. At 7:19 a.m. on September 4, 2026 — fifteen hours after this action was docketed — counsel wrote to the Honorable Gregory Yorgey-Girdy: "I will be there today at 9:00am along with my client prepared to try the case." Plaintiff's motion now confirms that the state trial was postponed after the Notice of Removal, and seeks fees for that appearance. At 5:06 p.m. on September 4, counsel sent Defendant a further letter concerning the premises, re-sending a letter sent earlier that day.

**B. The related civil-rights action, No. 2:26-cv-01866-GAW**

6. Defendant filed No. 26-1866 on March 23, 2026, naming Williamson among the defendants (ECF 1). On March 26, 2026, Mr. Weisgold filed a Notice of Appearance on behalf of Richard Williamson "with Certificate of Service" (ECF 7). Counsel's September 3 letter (ECF 27) states he entered that appearance "simply to be able to monitor the status of the case," and Plaintiff's brief now asserts that "Ferrari has made no attempt to serve Williamson." That is inaccurate. On June 9, 2026, at Philadelphia City Hall and in Mr. Weisgold's presence, Williamson was handed a complete copy of the complaint (declaration filed contemporaneously in No. 26-1866). Defendant states with candor that the Clerk's April 3, 2026 summonses (No. 26-1866, ECF 11) did not include one for Williamson — counsel had appeared three days earlier — and that Defendant is therefore moving contemporaneously in that action for issuance of a summons under Rule 4(b), a short Rule 4(m) extension, and a Rule 4(d) waiver request to

counsel, who has never offered to accept service. The Court need not resolve service to decide this motion, because Plaintiff's own position — that Williamson is not before the Court in No. 26-1866 — forecloses the with-prejudice merits dismissal Plaintiff requests there.

7. The docket in No. 26-1866 also shows the sequence relevant to the § 455(a) request: Defendant's § 455(a) disclosure motion (ECF 13, April 13, 2026) was sealed by a one-sentence order (ECF 14) and denied by order of May 21, 2026 (ECF 15), without hearing and without a written opinion; Defendant's renewed Rule 65 application (ECF 20, August 5; ECF 21, August 7), first-filed recusal motion (ECF 22, August 18), motion for administrative disclosure and referral to the Chief Judge (ECF 23, August 18), and Rule 4(m) motion (ECF 25, September 1) have received no order; Defendant Corrigan's second extension motion (ECF 24, filed August 31) was granted by order signed September 1 and entered September 2 (ECF 26); Defendant's emergency motions of September 2 (ECF 28, 29) remain pending. Defendant does not offer that chronology as proof of anything other than what the docket says. It is the reason a threshold public ruling should precede any sanction here.

**C. The state housing record Plaintiff characterizes as "routine"**

8. Plaintiff's motion recites the lease term (March 1, 2025–February 28, 2026), the March 12, 2026 Municipal Court possession judgment, Defendant's de novo appeal, Judge Roberts' August 20, 2026 order (Control No. 26084674) maintaining the appeal and barring a writ of possession through the September 4 trial, and Defendant's August 31 emergency stay request, denied by an order dated September 1, 2026 (Control No. 26090056) that the Prothonotary docketed and noticed on September 2 (ECF 5-2 at 2). Defendant adds what the motion omits, each item drawn from a filed paper or Plaintiff's counsel's own writing: (a) on January 20, 2026 Defendant filed three good-faith complaints with the City's 311 system concerning the licensing, zoning, and habitability of the building (Service Request Nos.

19470153, 19470157, 19470166), and sixteen days later, on February 5, 2026, Plaintiff filed the eviction complaint — inside the six-month period in which Philadelphia Code § 9-804(2)(b)–(c) presumes an eviction filed after a tenant's good-faith complaint to a governmental agency to be retaliatory; (b) on February 25, 2026 Plaintiff's counsel wrote that Plaintiff was not seeking rent for the period before the property was licensed, and Philadelphia Code §§ 9-3902(8) and 9-3903(6) bar an unlicensed landlord from collecting rent for that period; (c) on January 10, 2026 Plaintiff, accompanied by police officers, removed Defendant from the premises without any order of possession, damaging the unit's entry door, and on March 11, 2026 Judge Garcia entered a temporary restraining order at No. 260101880 restoring Defendant's access; (d) the March 12, 2026 Municipal Court judgment fixed rent at $0.00 and awarded possession solely for termination of term, and Plaintiff filed a praecipe to discontinue the same day; (e) Defendant posted supersedeas escrow of $1,700 on April 30, 2026 and again on May 22, 2026, and on June 23, 2026 Plaintiff's counsel offered in writing to return the escrowed $1,700 if Defendant vacated — which is difficult to reconcile with the motion's assertion that Defendant "paid no rent" and is "judgment proof"; (f) on May 27, 2026 the City's Department of Licenses and Inspections issued a Notice of Violation against the premises (L&I Case File No. CF-2026-051809); (g) a July 23, 2026 order (Control No. 26075242) denied relief without findings; counsel's August 20, 2026 email circulated eight orders and stated "[t]here is no stay of execution"; and counsel's August 11, 2026 email to the Sheriff — a named defendant in No. 26-1866 — stated that Defendant's pending motions "were denied" at a time when no order disposing of Defendant's August 5 and August 7 federal motions (No. 26-1866, ECF 20, 21) existed on either docket; (h) a motion to recuse Judge Roberts, whose spouse is a Blank Rome LLP partner, remains pending; and (i) Judge Wahl's August 24, 2026 orders quashed Defendant's trial subpoenas to Williamson and

Weisgold for their communications with former Judge Sulman and Blank Rome counsel. None of this is a finding. All of it is why Defendant treated this as something other than a routine holdover case, and why the motion's one-paragraph narrative of a non-paying tenant is not a basis for a bad-faith finding against him.

**D. What the motion itself gets wrong**

9. Plaintiff's motion and brief contain statements the docket contradicts. First, ¶ 12 asserts that the Notice of Removal was filed "[o]n September 3, 2026, at approximately 4:00 pm on the eve of trial." The Notice of Electronic Filing shows it was filed September 2, 2026 (ECF 2, "filed on 9/2/2026"), and it was served on counsel by email that day; the Clerk docketed it the following afternoon. Second, ¶ 14 accuses Defendant of "falsely" stating that his August 31 stay motion had not been ruled upon. The order bears a September 1 date (ECF 5-2 at 2), but it was docketed and first noticed to the parties by the Prothonotary's automated email at 3:33 p.m. on September 2, after the Notice had been finalized; Defendant's 5:15 p.m. service email disclosed the denial on its face, stating that removal was filed one hour and thirty-five minutes after the order was entered. Nothing was concealed, and the denial, first received September 2, is itself an "other paper" received within thirty days of removal. Third, the brief states that Defendant "has made no attempt to serve Williamson"; the complaint was delivered to him in hand on June 9, 2026 in counsel's presence, and the summons omission is being cured (¶ 6 above). Fourth, ¶ 17 confirms that on September 4 the state court "decided to postpone the trial until October 2, 2026" — a state court setting a new trial date in a case already removed, which is what § 1446(d) forbids — and the proposed order asks this Court to remand "so that trial of the State Court Action shall be held on October 2, 2026," a date no federal court can fix for a state court. Fifth, ¶ 15's assertions about a gym membership, real estate, and a vehicle are unsworn statements of counsel on "information and belief," verified under a Pennsylvania statute (18 Pa.C.S. § 4904)

rather than 28 U.S.C. § 1746, and offered on a remand motion to which in forma pauperis status is irrelevant; the Philadelphia Municipal Court found Defendant indigent by order of March 30, 2026, and Defendant's federal IFP applications (ECF 1 here; ECF 30 in No. 26-1866) rest on sworn financial affidavits the Court evaluates under 28 U.S.C. § 1915. Sixth, the proposed order (¶ 4) would hold Defendant "in contempt of court" for non-payment of a fee award; contempt is not a mechanism for collecting a money award from an adverse party.

## III. ARGUMENT

### A. Section 1443(1) removal: the first prong is satisfied; the second prong is a serious question the Court may resolve against Defendant without finding the removal unreasonable.

10. Section 1443(1) permits removal by a defendant "who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States." The two-part test of *Georgia v. Rachel*, 384 U.S. 780 (1966), and *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975), as applied in *Davis*, 107 F.3d at 1047–52, asks (1) whether the right asserted arises under a federal law providing for specific civil rights stated in terms of racial equality, and (2) whether the removing party is denied or cannot enforce that right in state court.

11. The first prong is met. The Notice invoked 42 U.S.C. § 1982, which guarantees "[a]ll citizens" the same right "as is enjoyed by white citizens" to "inherit, purchase, lease, sell, hold, and convey" property. Section 1982 is a law "providing for specific civil rights stated in terms of racial equality," *Rachel*, 384 U.S. at 792, and *Shaare Tefila Congregation v. Cobb*, 481 U.S. 615, 617–18 (1987), holds that discrimination on the basis of ancestry or ethnic characteristics — including against Jews — is discrimination the 1866 Act reaches. The Notice identified communications from Plaintiff describing the opposing party in Defendant's custody litigation as "my jewish sister Julie" and stating "We stick together," and alleged that the ejectment was

pursued as part of a coordinated effort aligned with that ancestry-based affiliation against Defendant, a Conservative Catholic. Whether that showing ultimately suffices is for the Court; it is not a frivolous invocation of the statute.

12. The second prong is where *Davis* and *City of Greenwood v. Peacock*, 384 U.S. 808 (1966), make removal difficult. Defendant acknowledges that allegations of judicial bias, an unfair tribunal, or a corrupt process ordinarily do not satisfy it, and that the Court may conclude on that basis that remand is required. Defendant asks only that the Court reach that conclusion on the merits, in a detailed written order, and without characterizing a pro se litigant's reliance on § 1982, *Shaare Tefila*, and a documented state record as objectively unreasonable.

**B. The § 1446(b)(3) timing theory was specific and was stated in the Notice.**

13. Plaintiff argues the thirty-day period ran from service of the February 2026 complaint. The Notice invoked § 1446(b)(3), under which a case not removable on the initial pleading may be removed within thirty days of receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." The Notice identified: the August 20, 2026 transmission of multiple state orders to the Sheriff in connection with writ execution; the August 20 order limiting the no-writ protection to the September 4 trial date; the September 1–2, 2026 events in No. 26-1866; and Defendant's late-summer confirmation of the presiding state judge's spousal Blank Rome partnership and recusal record. *Foster v. Mutual Fire, Marine & Inland Insurance Co.*, 986 F.2d 48, 53–54 (3d Cir. 1993), directs the inquiry to what the relevant paper says, not to a free-ranging inquiry into the defendant's subjective knowledge. Whether each item qualifies as "other paper" is a merits question. That the Notice identified them refutes any suggestion that Defendant ignored the statute.

**C. Fees under § 1447(c) must be denied.**

14. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin*, 546 U.S. at 141. The Notice cited a specific removal statute, a specific equal-rights statute, controlling Supreme Court authority extending that statute to ancestry-based discrimination, a specific timing provision, and specific recent papers. It stated on its face that Defendant understood fees could be imposed if the theory failed and asked, in that event, for remand without fees. That is candor, not abuse.

15. Plaintiff also seeks fees for appearing in state court on September 4 and for broad categories of state-court work. Section 1447(c) reaches only "costs and any actual expenses, including attorney fees, incurred as a result of the removal." Counsel's September 4 appearance was not caused by the removal; it was undertaken in disregard of it, fifteen hours after this Court docketed the case and after counsel had written notice at 5:15 p.m. on September 2. Under 28 U.S.C. § 1446(d), once the notice is filed here and a copy filed with the state clerk, "the State court shall proceed no further unless and until the case is remanded." Time spent attempting to try a removed case is not compensable as a consequence of removal. Plaintiff's own brief quotes *Martin*'s rule that fees "should be denied" where an objectively reasonable basis exists, and *Mints v. Educational Testing Service*, 99 F.3d 1253, 1260 (3d Cir. 1996), confirms that the award is discretionary, not automatic. This Court recently applied that rule to remand while denying fees where the removing party's theory failed but was not objectively unreasonable. *Suglia*, No. 5:25-cv-06745 (E.D. Pa. May 28, 2026), ECF 41 at 12 (§ IV.B), ECF 42 ¶ 1. Fees for more than twenty pre-removal state filings, for four state hearings, and for "analyzing" the Notice are outside § 1447(c) altogether. Any award would in all events require itemization, a causal nexus,

reasonableness review, and an opportunity to respond; none is possible on an "emergency" motion.

**D. The request to dismiss Williamson from No. 26-1866 "as a punishment" must be denied outright.**

16. Section 1447(c) is compensatory. It does not authorize a court to terminate a party's claims in a different action as a penalty for removing this one. Plaintiff cites no rule, statute, or decision for that relief, and Defendant is aware of none. Dismissal with prejudice is the most severe sanction available to a district court and may be imposed only after the structured analysis of *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984) — personal responsibility, prejudice, history of dilatoriness, willfulness or bad faith, the availability of lesser sanctions, and the merits. Plaintiff analyzes none of them. Rule 11 relief, if that is what Plaintiff intends, requires a separately filed motion and the twenty-one-day safe harbor of Rule 11(c)(2). None has been served. Counsel's own September 8, 2026 transmittal of the motion to chambers describes it as an "Emergency Motion to Remand and for Sanctions" — the label the docket entry omits — which confirms that the procedures governing sanctions, not the summary procedures of a remand motion, apply to the relief actually sought. Nothing in No. 26-1866 has been noticed for termination.

17. The request is also internally inconsistent. Plaintiff's brief maintains that Williamson has not been served in No. 26-1866 and that counsel's appearance there does not waive service. A party who says he is not before the Court in a case cannot obtain a with-prejudice merits judgment in that case by motion in another. The Court should deny this portion of the motion without prejudice to any properly noticed motion any party may lawfully file in the correct docket.

**E. Plaintiff's own post-removal conduct weighs against the equitable relief he seeks.**

18. Section 1446(d) is self-executing. After written notice at 5:15 p.m. on September 2, and beyond any dispute after the Prothonotary accepted the stamped Notice at 4:36 p.m. on September 3 (the point at which § 1446(d)'s three steps — federal filing, written notice to adverse parties, and filing with the state clerk — were complete), counsel nonetheless told the state scheduler that no removal existed "anywhere," asked a state judge whose court had been divested whether trial was "still on," told that judge he would appear "prepared to try the case," and did so. A movant seeking fees and a punitive dismissal on the ground that the other side abused process should come to the Court with clean hands on the same statute. *See Maseda v. Honda Motor Co.*, 861 F.2d 1248, 1254–55 (11th Cir. 1988) (state-court action after removal is void). Defendant does not ask for sanctions against counsel by this opposition. He asks that counsel's conduct be weighed before counsel is paid for it.

**F. The pending § 455(a) matters should be decided publicly before any sanction or cross-docket relief.**

19. Section 455(a) requires disqualification where a judge's "impartiality might reasonably be questioned," judged from the perspective of a reasonable, fully informed observer. *In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004); *Alexander v. Primerica Holdings, Inc.*, 10 F.3d 155, 162–64 (3d Cir. 1993). Actual bias is not required.. The objective record now includes: counsel's own June 4, 2026 state-court filing (Control No. 26057643) acknowledging that he attended college with the Court's husband, Larry Weilheimer; counsel's two direct emails to chambers on September 3; the assignment of this action to the same District Judge who presides over No. 26-1866, in which counsel's client is a defendant; the sealing of Defendant's first § 455 motion without findings; two unruled § 455 filings (ECF 22, 23) that predate a

defendant's extension granted within one business day; and a motion in this docket asking the same judge to dismiss counsel's client from the other docket with prejudice.

20. The remedy Defendant requests is procedural: a public written disposition of ECF 22 and 23 in No. 26-1866 and of any related disclosure request before the Court rules on fees or on any relief affecting No. 26-1866, with those matters held in short administrative abeyance in the interim, and reassignment back to neutrally assigned Hon Judge Marston if § 455(a) requires it. That sequence costs nothing if disclosure is unnecessary and prevents irreparable harm if it is.

**G. If the Court remands, it should do so without fees, without touching No. 26-1866, and with a brief stay to permit appellate review.**

21. Because the Notice invoked § 1443, an order remanding this case is reviewable on appeal. 28 U.S.C. § 1447(d); *BP p.l.c. v. Mayor & City Council of Baltimore*, 593 U.S. 230, 238 (2021); *Davis*, 107 F.3d at 1047. Defendant respectfully requests that any remand order (i) state that it adjudicates nothing in No. 26-1866, (ii) impose no fee award, and (iii) be stayed for fourteen days, with the Clerk directed not to mail the certified copy of the order to the state court under § 1447(c) during that period, so that Defendant may seek a stay from the Court of Appeals if he elects to appeal. The request is modest — fourteen days, no bond, no interference with the state court beyond the status quo that already exists — and it preserves the review Congress expressly authorized in § 1447(d) for § 1443 removals, which would be defeated if the certified order were mailed and the state court resumed before the Court of Appeals could act.

**H. Oral argument and a focused hearing are requested before any sanction.**

22. Defendant requests oral argument on the statutory basis for fees and on the cross-docket dismissal request. If the Court is inclined to impose any sanction on the basis of disputed facts — the transmission chronology of September 2–4, the alleged "improper purpose," or which of counsel's tasks were caused by the removal — Defendant requests a limited

evidentiary hearing under Fed. R. Civ. P. 43(c) before any finding of bad faith is made. Sanctions imposed under a court's inherent power require notice and an opportunity to be heard. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991). If the Court decides the motion on the papers, Defendant asks that the order say so and identify the record on which any factual finding rests, so that the finding is reviewable.

## IV. RELIEF REQUESTED

WHEREFORE, Defendant respectfully requests that the Court:

1. DENY Plaintiff's request for costs, expenses, and attorney's fees under 28 U.S.C. § 1447(c);

2. DENY, outright and without prejudice to a properly noticed motion in the correct docket, Plaintiff's request that claims against Richard Williamson in No. 2:26-cv-01866-GAW be dismissed with prejudice "as a punishment";

3. DECIDE, in a public written order, the pending § 455(a) matters in No. 2:26-cv-01866-GAW (ECF 22, 23) before ruling on fees, sanctions, or any relief affecting that action, holding those matters in administrative abeyance in the interim, and reassigning both actions through the Clerk's neutral procedures if § 455(a) requires;

4. If the Court concludes that remand is required under *Davis v. Glanton*, REMAND without fees and without adjudicating any claim or defense in No. 2:26-cv-01866-GAW, and STAY the remand order for fourteen days, directing the Clerk to withhold transmittal of the certified copy under § 1447(c) during that period;

5. GRANT oral argument on fees and on the cross-docket dismissal request, and, if any disputed fact is material to sanctions, SET a limited evidentiary hearing under Rule 43(c) before the judge lawfully assigned after the § 455(a) matters are resolved; and

6. GRANT such other relief as is just.

Respectfully submitted,

/s/ Chad Mark Franco Ferrari
Chad Mark Franco Ferrari
Defendant (Removing Party), Pro Se
1119 Wallace Street, 1st Floor
Philadelphia, PA 19123
chadferrari@me.com
Dated: September 7, 2026

**DECLARATION UNDER 28 U.S.C. § 1746**

I, Chad Mark Franco Ferrari, declare under penalty of perjury under the laws of the United States that the factual statements in the foregoing that are made on my personal knowledge are true and correct, and that statements concerning court dockets, filed papers, and correspondence are made on the basis of the records identified in the filing and preserved by me. I do not ask the Court to treat disputed allegations of wrongdoing as adjudicated facts.

/s/ Chad Mark Franco Ferrari

**CERTIFICATE OF SERVICE**

I certify that on September 7, 2026 I filed the foregoing Opposition and Proposed Order through the Court's CM/ECF system, which will send notice to all counsel of record, and served copies by email upon: Dean E. Weisgold, Esquire, Dean E. Weisgold, P.C., 1835 Market Street, Suite 1215, Philadelphia, PA 19103 (dean@weisgoldlaw.com), counsel for Plaintiff Richard Williamson.

/s/ Chad Mark Franco Ferrari
Chad Mark Franco Ferrari, Defendant, Pro Se

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

RICHARD WILLIAMSON,
Plaintiff,

Civil Action No. 2:26-cv-06650-GAW
Hon. Gail A. Weilheimer

v.

CHAD MARK FRANCO FERRARI,
Defendant.

**[PROPOSED] ORDER**

AND NOW, this _____ *day of* ____________, 2026, upon consideration of Plaintiff's Emergency Motion to Remand (ECF 5), Defendant's Opposition, and the record, it is ORDERED as follows:

1. Plaintiff's request for costs, expenses, and attorney's fees under 28 U.S.C. § 1447(c) is DENIED.

2. Plaintiff's request that claims against Richard Williamson in Civil Action No. 2:26-cv-01866-GAW be dismissed with prejudice is DENIED as outside the relief available on a motion to remand, without prejudice to any properly noticed motion in that action.

3. Before ruling on any sanction or on any relief affecting Civil Action No. 2:26-cv-01866-GAW, the Court shall enter a public written disposition of the pending matters under 28 U.S.C. § 455(a) in that action (ECF 22, 23), and those matters are held in administrative abeyance until then.

4. To the extent remand is ordered, remand shall be without fees, shall not adjudicate any claim or defense in Civil Action No. 2:26-cv-01866-GAW, and shall be STAYED for fourteen (14) days from entry; the Clerk shall not transmit a certified copy of the remand order to the Court of Common Pleas during that period.

5. All other relief is DENIED except as stated above.

BY THE COURT:

_________________________________
Gail A. Weilheimer, J.