**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RICHARD WILLIAMSON,<br>*Plaintiff,*<br>v.<br>CHAD MARK FRANCO FERRARI,<br>*Defendant.* | No. 2:26-cv-06650-GAW |

**ORDER**

**AND NOW**, this 14th day of September, 2026, upon consideration of Plaintiff's Emergency Motion to Remand (ECF No. 5), it is hereby **ORDERED** that the Motion to Remand is **GRANTED** in part and this case is **REMANDED** to the Court of Common Pleas of Philadelphia County, Pennsylvania, pursuant to 28 U.S.C. § 1447(c).[1]

It is **FURTHER ORDERED** that Plaintiff's Renewed and Supplemental Motion for Judicial Disclosure (ECF No. 7) is **DENIED AS MOOT** in light of this remand.

The Clerk of Court is directed to transmit a certified copy of this Order to the clerk of the Court of Common Pleas of Philadelphia County, *see* 28 U.S.C. § 1447(c), and to mark this matter as **CLOSED**.

BY THE COURT:

Gail A. Weilheimer, J.

---

[1] Defendant argues that removal is proper pursuant to 28 U.S.C. § 1443(1). *See* Notice of Removal (ECF No. 2). That statute permits the removal of civil actions commenced in state court "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof[.]" 28 U.S.C. § 1443(1).

In order to remove a case under § 1443(1), a "state court defendant must demonstrate both

(1) that he is being deprived of rights guaranteed by a federal law providing for … equal civil rights; and (2) that he is denied or cannot enforce that right in the courts of the state." *Davis v. Glanton*, 107 F.3d 1044, 1047 (3d Cir. 1997) (quoting *State of Ga. v. Rachel*, 384 U.S. 780, 788 (1966)) (internal quotation marks omitted). Under the second prong, "removal is available where the state court defendant's federal civil rights would 'inevitably be denied by the very act' of being brought to trial in state court." *Id.* at 1050 (quoting *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 828 (1966)). This creates a "narrow range of cases that are susceptible to removal," such that removal is "available only in cases where the predicted denial [of equal civil rights] appear[s] with relative clarity prior to trial." *Id.* (first alteration in original) (citation omitted).

Here, Defendant acknowledges that the "second prong is where *Davis* and [*Peacock*] make removal difficult." Defendant's Opposition to Plaintiff's Emergency Motion to Remand (ECF No. 6) at ¶ 12. He concedes that "allegations of judicial bias, an unfair tribunal, or a corrupt process ordinarily do not satisfy [the second prong], and that the Court may conclude on that basis that remand is required." *Id.*

This Court so concludes. Because Defendant's allegations do not satisfy the second prong of the relevant test, remand is appropriate. *See also Carlyle Inv. Mgmt. LLC v. Moonmouth Co. SA*, 779 F.3d 214, 218 (3d Cir. 2015) ("The federal removal statute, 28 U.S.C. § 1441, is strictly construed, requiring remand if any doubt exists over whether removal was proper. The party seeking removal carries the burden of proving that removal is proper." (citations omitted)).